| | |
|---|---|
| MINNA LO NARANJO, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile:  (415) 442-1001<br><br>J. CLAYTON EVERETT JR., *pro hac vice forthcoming*<br>clay.everett@morganlewis.com<br>RYAN M. KANTOR, *pro hac vice forthcoming*<br>ryan.kantor@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1111 Pennsylvania Avenue, NW<br>Washington, D.C.  20004-2541<br>Telephone: (202) 739-3000<br>Facsimile: (202) 739-3001<br><br>JOHN C. DODDS, *pro hac vice forthcoming*<br>john.dodds@morganlewis.com<br>ZACHARY M. JOHNS, *pro hac vice forthcoming*<br>zachary.johns@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>Telephone: (215) 963-5000<br>Facsimile: (212) 309-6001<br><br>*Attorneys for Defendant*<br>*Intercontinental Exchange, Inc.* | ELLIOT R. PETERS, Bar No. 158708<br>epeters@keker.com<br>R. JAMES SLAUGHTER, Bar No. 192813<br>rslaughter@keker.com<br>KHARI J. TILLERY, Bar. No. 215669<br>ktillery@keker.com<br>**KEKER, VAN NEST & PETERS LLP**<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:     415 397 7188<br><br>JONATHAN M. MOSES, *pro hac vice forthcoming*<br>jmmoses@wlrk.com<br>ADAM L. GOODMAN, *pro hac vice forthcoming*<br>algoodman@wlrk.com<br>**WACHTELL, LIPTON, ROSEN & KATZ**<br>51 West 52nd Street<br>New York, NY  10019<br>Telephone:  (212) 403-1000<br>Facsimile:  (212) 403-2000<br><br>*Attorneys for Defendant*<br>*Black Knight, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERCONTINENTAL EXCHANGE, INC. and BLACK KNIGHT, INC.<br><br>  Defendants. | Case No. 3:23-cv-01710-AMO<br><br>**DEFENDANTS' REQUEST FOR AN EXPEDITED CASE MANAGEMENT CONFERENCE**<br><br>Judge:      Hon. Araceli Martínez-Olguín |

1    Given the exigencies discussed herein, Defendants Intercontinental Exchange, Inc. ("ICE") and Black Knight, Inc. ("Black Knight") (collectively, "Defendants") respectfully request an expedited case management conference at the Court's earliest convenience and hopefully no later than the week of April 24, 2023, to determine a reasonable schedule for the resolution of Plaintiff Federal Trade Commission's ("FTC") request for a preliminary injunction to block a pending merger between ICE and Black Knight.

This case is not unusual in the sense that the FTC has in many other past matters filed both an action in federal court pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), seeking a preliminary injunction barring a merger from closing and a parallel administrative action challenging the transaction. But the FTC's proposal for how to manage those parallel proceedings in this case is unprecedented, improper, and unfair. In similar cases in which there is both a Section 13(b) proceeding in federal court and a parallel proceeding in the FTC's administrative adjudicative process, the preliminary injunction motion is heard and decided first. That decision typically decides the matter entirely, mooting the FTC's administrative case. The FTC here, though, would strip this Court of its function to weigh the evidence in the proceeding before it, deciding the motion for preliminary injunction on the basis of a record developed, and evidence presented, in the FTC's administrative proceeding. Defendants propose instead that this case proceed as FTC merger challenges generally do: scheduling a near-term preliminary injunction hearing that will allow the Court to decide whether the transaction is likely to substantially lessen competition based on a fully developed factual record.

As relevant here, ICE and Black Knight are financial technology companies which provide systems to lenders to facilitate the underwriting and issuance of mortgage loans, and their subsequent servicing. To put it simply, they help banks and other lenders make the process of issuing mortgages more efficient and thus less expensive ultimately for homeowners. On May 4, 2022, ICE and Black Knight signed a merger agreement, whereby ICE agreed to acquire one hundred percent of Black Knight in a merger that will make the process of issuing and servicing mortgages even more efficient and thus less expensive for potential homeowners, in particular those buying lower cost homes. On March 7, 2023, ICE and Black Knight agreed to divest Black

Knight's loan origination system business thereby resolving the FTC's alleged concerns about lessening of competition in that product space.  In connection with that divestiture, ICE and Black Knight also agreed to revise the merger consideration, and Black Knight's shareholders are scheduled to vote on April 28, 2023, whether to approve that amended merger agreement. Defendants' merger agreement will terminate if the transaction does not close before November 4, 2023.

On March 9, 2023, only two days after being advised of the adjustment to the merger agreement to address its concerns, the FTC voted to file a complaint to block the merger.  Shortly thereafter, and one month prior to filing this action, the FTC filed an administrative complaint before the Federal Trade Commission's Office of Administrative Judges ("Administrative Proceeding") seeking to invalidate the merger.  It is not uncommon for the FTC to initiate parallel administrative and federal court proceedings with respect to pending mergers because only a federal court is empowered to enjoin a merger from closing through issuance of a preliminary injunction.  *See* 15 U.S.C. § 53(b) (authorizing the FTC to obtain "a temporary restraining order or a preliminary injunction" in federal court against "any person, partnership, or corporation" that it believes "is violating, or is about to violate, any provision of law" that the FTC enforces). An administrative proceeding is the start of a long process by which the FTC can order remedies to undo any competitive harm that may be proved as a result of the merger being completed, subject to review by a federal circuit court.  For this reason, typically, the parties agree to proceed in federal court while staying or postponing the administrative proceeding pending the federal court's consideration of the FTC's request for an injunction since the federal court's decision in the preliminary injunction could moot the administrative proceeding.

Indeed, that is precisely what happened in this District earlier this year in the FTC's action challenging Meta Platform's proposed acquisition of Within Unlimited, a case before Judge Davila.  *See Fed. Trade Comm'n v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2023 WL 2346238 (N.D. Cal. Feb. 3, 2023).  In the *Meta* case, the parties *jointly* requested the FTC to postpone the Administrative Proceeding until *after* "resolution of the district court action, which could obviate the need for an administrative hearing, without unduly delaying the Commission

proceeding." *In the Matter of Meta Platforms, Inc., A Corp., Mark Zuckerberg, A Nat. Pers., & Within Unlimited, Inc., A Corp.,* 2023 WL 621507, at *2 (MSNET Jan. 11, 2023). Judge Davila, for his part, set a prompt evidentiary hearing and issued a decision that ultimately led to the dismissal of the administrative action. *See Meta Platforms*, 2023 WL 2346238, at *1 (N.D. Cal. Feb. 3, 2023) (denying preliminary injunction); *see also In the Matter of Meta Platforms, Inc., A Corp., Mark Zuckerberg, A Nat. Pers., & Within Unlimited, Inc., A Corp..*, 2023 WL 2328125, at *1 (MSNET Feb. 24, 2023) (dismissing FTC's complaint in the administrative action).

Defendants have proposed the same procedure here. Defendants have offered to stipulate to the entry of a temporary restraining order to preserve the status quo and prevent them from completing the merger until no earlier than two days after the Court issues an order on the FTC's motion for a preliminary injunction.[1] Moreover, Defendants have proposed a schedule that would lead to an evidentiary hearing before the Court on the FTC's preliminary injunction request by July 12, 2023, the same date the FTC seeks to proceed in the Administrative Proceeding. Such a date will also allow this Court to rule in sufficient time before the November 4, 2023 termination date for the merger.

The FTC, however, has insisted that the Administrative Proceeding be tried before any decision on the preliminary injunction motion, with either two full back-to-back hearings on an unreasonable schedule[2] or through an unprecedented process in which the federal court preliminary injunction would be considered after the administrative hearing and entirely on the papers. The FTC argues its administrative court's proceeding should take precedence as a trial

---

[1] FTC counsel insists that this agreement to stipulate to a TRO should apply regardless of when the preliminary injunction proceeds. But FTC counsel well knows that such agreements to stipulate to a TRO in connection with antitrust merger investigations are done to facilitate prompt preliminary injunction hearings in federal court that take precedence over proceedings in the FTC's administrative court, consistent with the FTC's own rules and long-standing practice. Any other practice would allow the FTC to run out the clock on a merger by delaying prosecution of the preliminary injunction motion.

[2] The FTC has made an alternative proposal for the preliminary injunction hearing to be held at some point in June, with a full administrative hearing following almost immediately on the heels of the preliminary injunction hearing. Aside from the fact that it is hard to imagine completing the third-party and other discovery, expert analysis and reports, and other pretrial proceedings in time for a fulsome preliminary injunction hearing in June, it would be grossly inefficient, unduly burdensome, and unfair to hold two full hearings addressing essentially the same issues on opposite sides of the country back-to-back.

date there is already set and none is scheduled for this court. Not only is this position virtually without precedent, but it is also a circumstance of the FTC's own making, having waited more than a month to file its preliminary injunction complaint, even though it knew full well that such an action would be necessary if it wanted to block the merger before it closed.[3] The FTC's request is inappropriate for several reasons.

*First*, the Administrative Proceeding will not be completed in time to be resolved before the November 4, 2023 termination date. While the Commission has set a hearing for July, the ALJ presiding over that proceeding has informed the parties that he will not be able to provide them a decision before November. Indeed, under the FTC's rules for its administrative proceedings, the ALJ can take 100 days or more to decide the case. 16 C.F.R. § 3.51(a). Moreover, the ALJ's decision is merely preliminary and thereafter will be considered by the FTC as a whole, a process which will take many more months. To give just the most recent example, an administrative complaint challenging Illumina, Inc.'s acquisition of Grail, Inc. was filed on March 30, 2021 and proceeded to administrative hearing beginning August 24, 2021; but the ALJ's Initial Decision was not released until September 22, 2022 and the Commission's final decision after review of the ALJ's Initial Decision did not issue until nearly seven months later, on April 3, 2023. The transaction was permitted to close in the interim.

There simply is no way to complete the Administrative Proceeding prior to the expiration of Defendants' merger agreement. It is for this reason that the Federal Trade Commission Act specifically authorizes the FTC "bring suit in a district court of the United States to enjoin" an act or practice that may violate the FTC Act "pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review." 15 U.S.C. § 53(b). And the FTC's rules require that such a federal court action take precedence over the Commission's administrative proceedings: "[i]n the event of a scheduling conflict

---

[3] Defendants repeatedly urged the FTC to file its preliminary injunction action so there would be no delay and so that the federal court would have time to consider the motion. For a month, the FTC's counsel insisted that such a filing was premature—even as it litigated the proceeding in its administrative court. It now appears that this was done with the intention of improperly trying to put the proceeding in the FTC's administrative proceeding ahead of the inevitable proceeding before this Court.

between a proceeding in which the Commission also has sought or is seeking relief under Section 13(b) of the FTC Act . . . and another proceeding, the proceeding in which the Commission also has sought or is seeking relief under Section 13(b)"—here the preliminary injunction proceeding—"**shall** take precedence."  16 C.F.R. § 3.1 (emphasis added).

Nor is there any complication in shifting focus now to the proceeding in this Court as the parties have already agreed that the discovery record in the administrative proceeding may be used here.  The parties agreed to this standard provision because all understood that a proceeding here was inevitable as only this Court has the authority to determine whether the contemplated merger may proceed to closing by granting or denying the FTC's request for a preliminary injunction.  See 15 U.S.C. § 53(b).

*Second*, the FTC has proposed that the parties proceed to a multi-week hearing in the Administrative Proceeding, after which they would simply submit the record from that proceeding to this Court as the record to be considered on the preliminary injunction.  This proposal raises significant issues, including constitutional ones.  This Court, as Judge Davila recognized, has a duty to "exercise independent judgment" about whether the FTC has met its burden to "raise questions going to the merits so serious, substantial, difficult[,] and doubtful" so as to warrant a preliminary injunction.  *Meta Platforms,* 2023 WL 2346238, at *8 (citing *FTC* v. *Whole Food Market, Inc.*, 548 F.3d 1028, 1035 (D.C. Cir. 2008)).  This Court must therefore see and hear the parties' witnesses for itself, make its own determinations on the admissibility of evidence, and come to its own conclusions on the law and the facts.

Moreover, there are significant issues as to the constitutionality of the ALJ process itself.  The Supreme Court just recognized in a 9-0 decision that those constitutional questions may be heard in the first instance before a district court, rather than the FTC.  *See Axon Enter., Inc.* v. *FTC*, No. 21-1239, 2023 WL 2938328 (U.S. Apr. 14, 2023); *see also Carr* v. *Saul*, 141 S. Ct. 1352, 1360 (2021) ("[A]gency adjudications are generally ill suited to address structural constitutional challenges, which usually fall outside the adjudicator's areas of technical expertise.").  As the Supreme Court recognized, continued proceedings before the ALJ prior to any decision by this Court will cause the merging parties "here and now" constitutional injuries.

*Axon Enter., Inc.*, 2023 WL 2938328, at *10.[4]  The FTC's proposal would subordinate this Court's authority to the ALJ's before it has addressed this fundamental constitutional question of the FTC's authority to proceed through an administrative ALJ proceeding in this context. Holding the preliminary injunction hearing first may obviate the need for the court to tackle that question.

*Third*, the FTC's proposed procedure appears to be an attempt to run out the clock, delaying any decision on the merits by this Court until there is insufficient time for the parties to engage the substantial machinery necessary to close by the November 4, 2023 merger deadline. A hearing in this Court beginning on or after September 22nd, as the FTC has proposed, would leave this Court with very little time to make a decision prior to the date the parties would need to begin the process to close by November 4th.  Neither the ALJ nor the FTC is empowered to issue a preliminary injunction to block the proposed merger.  Thus, the FTC's proposal—to have this Court's consideration of the FTC's request for a preliminary injunction trail an Administrative Proceeding that *cannot* address the FTC's proposed interim relief—makes no sense, gets the procedure exactly backward and raises due process and fairness concerns.

The merger between ICE and Black Knight is a procompetitive transaction that will improve quality, lower prices, and increase consumer access to residential mortgages, benefitting mortgage borrowers, existing and potential homeowners, and mortgage lenders across the United States. That merger is at risk of never closing, not because of the merits of whether it substantially lessens competition or not, but instead because the merger agreement may expire before the merits of the transaction can be addressed by the Court.  Therefore, ICE and Black Knight respectfully request that the Court schedule an expedited case management conference at its earliest convenience and hopefully no later than the week of April 24, 2023 to consider a schedule for the resolution of the FTC's preliminary injunction motion. Furthermore, for the sake of

---

[4] The constitutional flaws with the ALJ proceeding include, among other issues, whether the authority of the ALJ violates the Appointments Clause and whether the difference in the review standards for mergers vetted by the Department of Justice's antitrust division and those reviewed by the FTC, with the former only heard by an Article 3 court and the latter subject to review by an Article 3 court only as a precursor to review by an administrative court violates due process. Both constitutional injuries are clearly exacerbated by the procedures urged by FTC counsel here.

efficiency, ICE and Black Knight propose a preliminary injunction hearing commencing on July 12, 2023, along with the attached proposed pretrial schedule.

Dated:  April 20, 2023					MORGAN, LEWIS & BOCKIUS LLP

						By:	*/s/ Minna Lo Naranjo*
							MINNA LO NARANJO

							Attorneys for Defendant
							INTERCONTINENTAL EXCHANGE, INC.

Dated:  April 20, 2023					KEKER, VAN NEST & PETERS LLP

						By:	*/s/ Elliot R. Peters*
							ELLIOT R. PETERS

							Attorneys for Defendant
							BLACK KNIGHT, INC.

Dated: April 20, 2023					WACHTELL, LIPTON, ROSEN & KATZ

						By:	*/s/ Jonathan M. Moses*
							JONATHAN M. MOSES

							Attorneys for Defendant
							BLACK KNIGHT, INC.

**Attorney Attestation**

Pursuant to Civil L. R. 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories above.

Dated: April 20, 2023

By: */s/Minna Lo Naranjo*
Minna Lo Naranjo

**Proof of Service**

I, Minna Lo Naranjo, hereby certify that on April 20, 2023, I electronically filed the documents entitled "Defendants' Request for an Expedited Case Management Conference" and "Exhibit A - Defendants' Proposed Pretrial Schedule" with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

Dated:  April 20, 2023

By:  */s/Minna Lo Naranjo*
Minna Lo Naranjo