UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:23-cv-01710-AMO |
| Plaintiff, | **EXHIBIT A - DEFENDANTS' PROPOSED PRETRIAL SCHEDULE** |
| v. | Judge:   Hon. Araceli Martínez-Olguín |
| INTERCONTINENTAL EXCHANGE, INC. and BLACK KNIGHT, INC. | |
| Defendants. | |

**Exhibit A - Defendants' Proposed Pretrial Schedule**

| Event | Deadline |
|---|---|
| Fact discovery begins. | Upon filing of this Proposed Order |
| Answers to Complaint due. | April 24, 2023 |
| Parties to provide updated preliminary witness list identifying those fact witness each side may call, which will include no more than 30 persons total with no more than 7 witnesses who did not appear on that side's preliminary list exchanged in the Administrative Action, with a brief summary of the proposed testimony. | May 5, 2023 |
| Close of fact discovery, other than depositions of experts, and discovery for purposes of authenticity of exhibits; provided that this deadline will not preclude the parties from completing discovery of third-parties pursuant to timely served subpoenas whose document productions have not been completed by May 23, 2023 and/or who did not make themselves reasonably available for deposition pursuant to a timely subpoena within the fact discovery period. | May 23, 2023 |
| Deadline for Plaintiff to provide expert witness reports and all Backup Materials (as defined below). | May 30, 2023 |
| Plaintiff provides to Defendants final proposed witness list, comprised of no more than 25 witnesses that Plaintiff anticipates will be called to testify at the Hearing, with no more than 5 witnesses who did not appear on Plaintiffs' preliminary or updated witness lists, and exhibit lists, including depositions, copies of all exhibits (except for demonstrative, illustrative or summary exhibits and expert related exhibits), Plaintiffs' basis of admissibility for each proposed exhibit, and a brief summary of the testimony of each witness. | June 8, 2023 |
| Deadline for Defendants to provide expert witness reports and all Backup Materials (as defined below). | June 13, 2023 |
| Plaintiff's Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support. | June 15, 2023 |

| Event | Deadline |
|---|---|
| Defendants provide to Plaintiff final proposed witness list, comprised of no more than 25 witnesses that Defendants anticipate will be called to testify at the Hearing, with no more than 5 witnesses who did not appear on Defendants' preliminary or updated witness lists, and exhibit lists, including depositions, copies of all exhibits (except for demonstrative, illustrative or summary exhibits and expert related exhibits), the basis of admissibility for each proposed exhibit, and a brief summary of the testimony of each witness. | June 15, 2023 |
| Plaintiffs to identify rebuttal expert(s) and provide rebuttal expert report(s) and all Backup Materials (as defined below). Any such reports are to be limited to rebuttal of matters set forth in Defendants' expert reports. If material outside the scope of fair rebuttal is presented, Defendants will have the right to seek appropriate relief (such as striking Plaintiff's rebuttal expert reports or seeking leave to submit surrebuttal expert reports on behalf of Defendants). | June 23, 2023 |
| Parties that intend to offer confidential materials of an opposing party or non-party as evidence at the hearing must provide notice to the opposing party or non-party. | June 16, 2023 |
| Deadline for filing motions *in limine* to preclude admission of evidence. | June 26, 2023 |
| Deadline for filing motions for *in camera* treatment of proposed trial exhibits. | June 26, 2023 |
| Deadline for depositions of experts (including rebuttal experts) and exchange of expert related exhibits. | June 29, 2023 |
| Exchange final proposed witness lists and exhibit lists. | July 3, 2023 |
| Deadline for filing responses to motions *in limine* to preclude admission of evidence. | July 18, 2023 |
| Deadline for filing responses to motions for *in camera* treatment of proposed trial exhibits. | June 30, 2023 |
| Defendants' Opposition to Motion for Preliminary Injunction and Memorandum of Points in Authority. | June 30, 2023 |
| Exchange proposed stipulations of law, facts, and authenticity. | July 7, 2023 |
| Pretrial Conference. | July 11, 2023 |
| Trial begins. | July 12, 2023 |

**Additional Provisions**

1.  The Parties agree to treat their initial disclosures from the Administrative Action as having been served in this PI Action pursuant to Federal Rule of Civil Procedure 26(a)(1) and that the required conference under Rule 26(f) has already occurred.

2.  Any Party that obtains a declaration from a non-party will promptly produce it to the other side, and in any event not later than (1) seven days before the non-party is scheduled to be deposed, or (2) May 9, 2023, whichever is earlier, absent a showing of good cause. Each side is limited to 15 declarations by non-parties, except for declarations regarding authenticity and admissibility of exhibits. The Parties reserve all rights and objections with respect to the use and/or admissibility of any declarations.

3.  The Parties agree that each side shall be limited to no more than 50 document requests, including all discrete subparts; 20 interrogatories, including all discrete subparts; and 10 requests for admission, including all discrete subparts. Document requests, interrogatories, and requests for admission served in the Administrative Action shall be deemed served also in this proceeding and shall count against the limits on document requests, interrogatories, and requests for admission in this PI Action. Likewise, document requests, interrogatories and requests for admission served in this Action shall be deemed served also in the Administrative Action and shall count against limits on the use of those discovery devices in the Administrative Action. There shall be no limit on the number of requests for admission for authentication and admissibility of exhibits. There is no limit to the number of sets of discovery requests the parties may issue, so long as the total number of each type of discovery request, including all subparts, does not exceed these limits. The Parties agree to serve any objections to document requests within 5 business days of service of the request, to meet and confer to attempt to resolve any disputes, and to discuss timing of production within 3 business days of the objections being

served. The party responding to document requests will make a good-faith effort to produce responsive documents as expeditiously as possible, including by making productions on a rolling basis. All of the foregoing limitations apply to all discovery requests in both the Administrative Action and this PI Action.

4. Compliance with the scheduled end of discovery requires that the Parties serve subpoenas and discovery requests sufficiently in advance of the discovery cut-off and that all responses and objections will be due on or before that date, unless otherwise noted. Any motion to compel responses to discovery requests, or to seek certification of a request for court enforcement of a non-party subpoena, shall be filed within 30 days of service of the responses and/or objections to the discovery requests or within 20 days after the close of discovery, whichever first occurs; except that, where the Parties have been engaging in negotiations over a discovery dispute, including negotiations with any non-party with regard to a subpoena, the deadline for the motion to compel shall be within 5 business days of reaching an impasse.

5. The final witness lists shall represent counsels' good faith designation of all potential witnesses who counsel reasonably expect may be called in their case-in-chief. Parties shall notify the opposing party promptly of changes in witness lists to facilitate completion of discovery within the dates of the scheduling order. Other than as set forth herein, the final proposed witness list may not include additional witnesses not listed in the preliminary or supplemental witness lists previously exchanged unless by consent of all parties, or, if the parties do not consent, by an order of the Court upon a showing of good cause. Under no circumstances, except by consent of all parties or an order by the Court upon a showing of good cause, may the final proposed witness list include a witness who has not been deposed.

6. With respect to expert discovery:

    a. At the time an expert is first listed as a witness by a party, that party shall provide to the other party: (i) materials fully describing or identifying the

       background and qualifications of the expert, all publications authored by the expert within the preceding ten years, and all prior cases in which the expert has testified or has been deposed within the preceding four years; and (ii) transcripts of such testimony in the possession, custody, or control of the producing party or expert, subject to applicable protective orders or confidentiality restrictions.

b. Each expert report shall include a complete statement of all opinions to be expressed and the basis and reasons for those opinions; the data or other information considered by the expert in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the expert; and the compensation to be paid for the study and testimony.

c. A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of this litigation or preparation for hearing and who is not designated by a party as a testifying witness.

d. At the time an expert report is produced, the producing party shall provide to the other party the expert's "Backup Materials," including: (i) all documents and other written materials relied upon by the expert in formulating an opinion in this case; (ii) all commercially-available computer programs used by the expert in the preparation of the report; (iii) all data sets used by the expert, in native file format and processed data file format; and (iv) all customized computer programs used by the expert in the preparation of the report or necessary to replicate the findings on which the expert report is based.

e. No party must search, disclose, or otherwise produce: (i) any form of communication or work product shared between any of the parties' counsel and their expert(s), or between any of the experts themselves; (ii) any form of communication or work product shared between an expert(s) and persons assisting the expert(s); (iii) expert's notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case; (iv) drafts of expert reports, analyses, or other work product; or (v) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert(s) in the opinions contained in their final report.

f. It shall be the responsibility of a party designating an expert witness to ensure that the expert witness is reasonably available to testify at a deposition, at the preliminary injunction hearing, and at any other evidentiary hearings or trials in this PI Action. Unless otherwise agreed to by the parties or ordered by the Court, expert witnesses shall be deposed only once and each expert deposition shall be limited to one day for seven hours.