Abby L. Dennis, DC Bar # 994476
Peter Richman, CA Bar # 149107
Ashley Masters, TX Bar # 24041412
Abigail Wood, DC Bar # 242239

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; prichman@ftc.gov;
amasters@ftc.gov; awood@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**INTERCONTINENTAL EXCHANGE, INC.**<br><br>and<br><br>**BLACK KNIGHT, INC.**,<br><br>Defendants. | Case No. 3:23-cv-01710-AMO<br><br>**CASE MANAGEMENT STATEMENT BY PLAINTIFF FEDERAL TRADE COMMISSION** |

1

2

**CASE MANAGEMENT STATEMENT**

**BY PLAINTIFF FEDERAL TRADE COMMISSION**

3       Plaintiff Federal Trade Commission ("FTC" or "Commission") files this separate Case

4   Management Statement under Civil Local Rule 16-9, the Standing Order for all Judges of the

5   Northern District of California dated January 17, 2023, and the Clerk's notice setting the case

6   management conference in the above-captioned action.  Despite reasonable efforts, the FTC has

7   been unable to obtain the cooperation of Defendants Intercontinental Exchange, Inc. ("ICE")

8   and Black Knight, Inc. ("Black Knight") (collectively, "Defendants") to file a joint statement.

9   *See* Civil L.R. 16-9(a); Masters Decl. in Supp. of Separate Case Management Statement

10  ("Masters Decl.") ¶¶ 7-11 (ECF No. 27).  The FTC sets forth its statement below, and requests

11  entry of the schedule described herein:

12  **A.      JURISDICTION AND SERVICE**

13      This Court has subject-matter jurisdiction over this case pursuant to Section 13(b) of the

14  FTC Act, 15 U.S.C. § 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.  There are no issues

15  pending regarding personal jurisdiction.  Defendants have not raised objections to venue in this

16  district.  Defendants waived service on April 11, 2023.

17  **B.      FACTS**

18      Defendant ICE provides market infrastructure, data services, and technology solutions in

19  three segments: exchanges (including the New York Stock Exchange), fixed income and data

20  services, and mortgage technology.  In 2020, ICE acquired Ellie Mae, including its industry-

21  leading Encompass loan origination system ("LOS") and its product pricing and eligibility

22  engine ("PPE"), Encompass Product and Pricing Service ("EPPS").  A PPE is software that

23  allows a lender to identify potential loan rates for a borrower, determine the borrower's

24  eligibility for a given loan, and lock in the loan's terms for the borrower.  Today, ICE operates

25  these and its other mortgage-related businesses through its ICE Mortgage Technology business

26  unit, which is headquartered in Pleasanton, California.

27

28

1    Defendant Black Knight is a provider of software, data, and analytics for the mortgage,

2    real estate, and consumer loan markets.  Black Knight's mortgage technology products include

3    Empower, the second largest LOS in the country; the Mortgage Servicing Platform; Compass

4    Analytics, which Black Knight acquired in 2019; and its industry-leading PPE, Optimal Blue,

5    which Black Knight acquired in 2020.

6    On May 4, 2022, ICE and Black Knight signed an Agreement and Plan of Merger,

7    whereby ICE agreed to acquire 100% of Black Knight for approximately $13.1 billion.

8    Following an investigation of the proposed acquisition, on March 9, 2023, the Commission, by

9    a 4-0 vote, found reason to believe that the proposed acquisition would substantially lessen

10   competition in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the

11   FTC Act, 15 U.S.C. § 45.  On the same day, the Commission commenced an administrative

12   proceeding on the antitrust merits of the proposed acquisition before an Administrative Law

13   Judge, FTC Dkt. No. 9413, with the merits trial scheduled to begin on July 12, 2023.

14   The FTC anticipates that the following issues will be disputed: (a) whether commercial

15   LOSs, all LOSs, PPEs for users of Encompass, or all PPEs constitute relevant antitrust markets

16   as alleged in the FTC's complaint (ECF No. 1, filed April 10, 2023) ("Complaint" or

17   "Compl."), and, if so, the contours of those markets (Compl. ¶¶ 37-68); (b) market shares and

18   concentration in the relevant markets (Compl. ¶¶ 69-75); (c) whether it is reasonably probable

19   that the proposed acquisition will result in anticompetitive effects in one or more of the relevant

20   antitrust markets alleged in the Complaint, or in other relevant antitrust markets for ancillary

21   services (Compl. ¶¶ 76-133); (d) whether new entry or expansion by existing firms will be

22   timely, likely, or sufficient to offset any anticompetitive effects (Compl. ¶¶ 134-143); and (e)

23   whether Defendants' proposed divestiture of certain Black Knight assets to Constellation Web

24   Solutions, Inc. ("Constellation") will restore competition in the relevant antitrust markets

25   (Compl. ¶¶ 144-145).

26   **C.    LEGAL ISSUES**

27   This action presents the following legal issues for determination:

28

CASE MANAGEMENT STATEMENT BY PLAINTIFF FEDERAL TRADE COMMISSION
CASE NO. 3:23-cv-01710-AMO

1. Whether, in an administrative proceeding—the trial of which is scheduled to begin on July 12, 2023—the Commission is likely to succeed in showing that the effect of the proposed acquisition "may be substantially to lessen competition, or tend to create a monopoly," in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18; and

2. Whether the Commission has properly shown that, weighing the equities and considering the Commission's likelihood of ultimate success, a preliminary injunction would be in the public interest.

**D.    MOTIONS**

On April 10, 2023, with respect to the Complaint, the FTC filed an administrative motion to consider whether another party's confidential information should remain under seal. Dkt. No. 4.  On April 17, 2023, Defendants filed a joint administrative motion to file under seal certain portions of the Complaint.  Dkt. No. 22.  The Court has not yet ruled on these motions. The FTC also intends to file a motion for entry of a stipulated temporary restraining order today.

**E.    AMENDMENT OF PLEADINGS**

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), the FTC may amend its Complaint by May 8, 2023.

**F.    EVIDENCE PRESERVATION**

The FTC certifies it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and is taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action pursuant to Fed. R. Civ. P. 26(f).

**G.    DISCLOSURES**

On March 22, 2023, the parties exchanged mandatory initial disclosures pursuant to Rule 3.31(b) of the FTC's Rules of Practice for Adjudicative Proceedings.  16 C.F.R. § 3.31(b) (requiring disclosure of individuals "likely to have discoverable information," documents, and electronically stored information "relevant to the allegations of the Commission's complaint, to

1   the proposed relief, or to the defenses of the respondent").  On April 3, 2023, Defendants served

2   amended mandatory initial disclosures, and, on April 17, 2023, the FTC served supplemental

3   mandatory initial disclosures.

4          The FTC believes that the parties' mandatory initial disclosures from the administrative

5   proceeding satisfy the initial disclosure requirements of Federal Rule of Civil Procedure

6   26(a)(1) for purposes of this proceeding.  The FTC proposes that if the parties need to

7   supplement or correct their disclosures during the pendency of this action, they will do so

8   pursuant to Federal Rule of Civil Procedure 26(e) and Rule 3.31(e) of the FTC's Rules of

9   Practice for Adjudicative Proceedings.

10  **H.**       **DISCOVERY**

11          1.  <u>Discovery Propounded to Date</u>.  On March 29, 2023, Chief Administrative Law

12              Judge Chappell issued a scheduling order in the administrative proceeding (attached

13              to the concurrently filed Masters Decl. as Exhibit A**)** that provided, in part, that "any

14              discovery obtained in this proceeding may be used in the related federal court

15              litigation, and vice versa."  Masters Decl., Ex. A, ¶ 8.[1]  The FTC provides the

16              following summary of discovery taken to date in the administrative proceeding,

17              which is subject to the Protective Order Governing Confidential Information issued

18              by Judge Chappell on March 9, 2023:

19                  a)  <u>Party Discovery</u>

20                      i.   <u>FTC:</u>  On March 20, 2023, the FTC[2] produced to Defendants non-

21                           party materials and communications produced to the FTC in the

22

23  [1] Judge Chappell's order also provides that "Document requests, interrogatories, and requests
    for admission served by the parties in connection with any federal action will count against the
24  discovery request limits noted above and vice versa. No individual or entity deposed in one
    action may be re-deposed in the other. The parties preserve all rights to object to the
25  admissibility of evidence."  Masters Decl., Ex. A, ¶ 8.

26  [2] In the administrative proceeding, Complaint Counsel—and not the Commission—litigates the
    challenge to the proposed acquisition.  Moreover, the parties to the proposed acquisition are
27  (Continued…)

28

course of the investigation of ICE's proposed acquisition of Black Knight, comprising the FTC's non-privileged investigative file in this matter.  On March 22, 2023, ICE and Black Knight issued document requests to the FTC.  The FTC timely served responses and objections to the document requests on March 29, 2023.  On April 12, 2023, ICE and Black Knight propounded interrogatories to the FTC.  Pursuant to Rule 3.35 of the FTC's Rules of Practice for Adjudicative Proceedings, responses and objections to Defendants' interrogatories are due on May 12, 2023.

ii.   Defendants:  On March 29, 2023, the FTC propounded document requests on Defendants.  Both ICE and Black Knight timely served responses and objections on April 5, 2023.  On March 30, 2023, the FTC served ICE and Black Knight with interrogatories, which, pursuant to Rule 3.35 of the FTC's Rules of Practice for Adjudicative Proceedings, are due on May 1, 2023.  The FTC has also noticed 14 depositions of ICE witnesses and 12 of Black Knight witnesses for between April 25, 2023, and May 23, 2023, the close of fact discovery in the administrative proceeding.

b)  Non-Party Discovery:  The parties have served over 40 non-parties with subpoenas *duces tecum* in the administrative proceeding.  The FTC has produced non-party materials and communications produced to the FTC in the course of the investigation of ICE's proposed acquisition of Black Knight, including nine declarations and transcripts from the investigational hearings of nine non-party witnesses.

---

termed "Respondents."  We use "FTC" and "Defendants" here for ease of the Court and to avoid confusion.

2. <u>Timing of Fact and Expert Discovery.</u>  The FTC requests that the deadlines for discovery in the administrative proceeding, as set forth in Chief Administrative Law Judge Chappell's March 29, 2023 Scheduling Order, Masters Decl., Ex. A, apply in this proceeding.  In pertinent part:

   a) The deadline for fact discovery shall be **May 23, 2023**, other than discovery permitted under Rule 3.24(a)(4) of the FTC's Rules of Practice for Adjudicative Proceedings, expert depositions, and discovery for purposes of authenticity of exhibits; provided that this deadline will not preclude the parties from completing discovery of third-parties pursuant to timely served subpoenas whose document productions have not been completed by May 23, 2023 and/or who did not make themselves reasonably available for deposition pursuant to a timely subpoena within the fact discovery period.

   b) The FTC will provide its expert witness list on **April 21, 2023**; Defendants will provide their expert witness list on **April 28, 2023**.

   c) The FTC will serve its expert report(s) by **May 30, 2023**.  Defendants will serve their expert report(s) by **June 13, 2023**.  The FTC will identify any rebuttal expert(s) and serve any rebuttal expert report(s) by **June 23, 2023**.

   d) The deadline for expert depositions shall be **June 29, 2023**.

   e) The parties are permitted no more than five (5) experts per side, as previously agreed in Exhibit A to the Masters Decl.

3. <u>Limitations on Party Discovery.</u>  The FTC requests that the same limits on discovery set forth in Chief Administrative Law Judge Chappell's March 29, 2023, Scheduling Order, apply in this proceeding.  In pertinent part, no more than 50 document requests, including all discrete subparts; 20 interrogatories, including all discrete subparts; and 10 requests for admission, including all discrete subparts, shall be served on any named party, except that there shall be no limit on the number of requests for admission for authentication and admissibility of exhibits.  There is no

limit to the number of sets of discovery requests the parties may issue, so long as the

total number of each type of discovery request, including all subparts, does not

exceed these limits.  Document requests, interrogatories, and requests for admission

served by the parties in connection with the administrative proceeding will count

against the discovery request limits noted above and vice versa.  No individual or

entity deposed in one action may be re-deposed in the other.  The parties preserve all

rights to object to the admissibility of evidence.  The parties shall serve document

requests, interrogatories, and requests for admission (except for requests for

admission for purposes of authenticity of documents) to parties by no later than **May

12, 2023**.

4.  <u>Document Requests and Production.</u>  The FTC requests that the parties serve any

objections to document requests within 5 business days of service of the request, to

meet and confer to attempt to resolve any disputes, and to discuss timing of

production within 3 business days of the objections being served.  The party

responding to document requests will make a good-faith effort to produce responsive

documents as expeditiously as possible, including by making productions on a

rolling basis.

5.  <u>Depositions.</u>  The FTC believes that relief from the limitation on the number of

depositions set forth in Federal Rule of Civil Procedure 30(a)(2) is necessary and

appropriate.

    a)  <u>Number of Depositions:</u>  Each side may depose any witness who is listed on

        either side's preliminary, supplemental, or final witness list in the

        administrative proceeding; who provides a declaration or affidavit; or who is

        listed on any party's initial disclosures.

    b)  <u>Allocation of Time:</u>  All depositions, including depositions of fact and expert

        witnesses, shall last no more than seven (7) hours on the record.  Unless the

        parties otherwise agree, at the request of any party, the time and allocation

for a non-party deposition shall be divided evenly between them, but the noticing party may use any additional time not used by the opposing party. If no party makes such a request, cross-examination of the witness will be limited to one hour. For purposes of allocating deposition time, the FTC proposes that former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses if they are represented by Defendants' counsel or if any Defendant is paying for the witness' counsel, and Defendants may not subpoena depositions of their own party witnesses.

6.  Non-Party Subpoenas. Non-parties shall provide copies or make available for inspection and copying of documents requested by subpoena to the party issuing the subpoena. The party that has requested documents from non-parties shall provide copies of the documents received from non-parties to the opposing party within 3 business days of receiving the documents. No deposition of a non-party shall be scheduled between the time a non-party provides documents in response to a subpoena *duces tecum* to a party, and 3 business days after the party provides those documents to the other party, unless a shorter time is required by unforeseen logistical issues in scheduling the deposition, or a non-party produces those documents at the time of the deposition, as agreed to by all parties involved. The parties shall serve any subpoenas on non-parties no later than **May 12, 2023**.

7.  Declarations. A party that obtains a declaration from a non-party will promptly produce it to the other side, and in any event not later than (1) 7 days before the non-party is scheduled to be deposed, or (2) **May 9, 2023**, whichever is earlier, absent a showing of good cause. Each side is limited to 15 declarations by non-parties, except for declarations regarding authenticity and admissibility of exhibits. The parties reserve all rights and objections with respect to the use and/or admissibility

1  of any declaration, and no declaration will be admitted unless a fair opportunity was

2  available to depose the declarant.

3     8.  <u>Limitations on Expert Discovery.</u>  Expert disclosures, including each side's expert

4  reports, shall comply with the requirements of Federal Rule of Civil Procedure

5  26(a)(2), except as modified herein:

6       a)  Neither side must preserve or disclose, including in expert deposition

7         testimony, the following documents or materials:

8           i.  any form of communication or work product shared between any of

9             the parties' counsel and their expert(s), or between any of the

10             experts themselves;

11          ii.  any form of communication or work product shared between an

12             expert(s) and persons assisting the expert(s);

13         iii.  expert's notes, unless they constitute the only record of a fact or an

14             assumption relied upon by the expert in formulating an opinion in

15             this case;

16         iv.  drafts of expert reports, analyses, or other work product; or

17         v.  data formulations, data runs, data analyses, or any database-related

18             operations not relied upon by the expert in the opinions contained in

19             his or her final report.

20       b)  The FTC requests that the parties will disclose the following materials with

21         all expert reports:

22           i.  a list by Bates number of all documents relied upon by the

23             testifying expert(s); and copies of any materials relied upon by the

24             expert not previously produced that are not readily available

25             publicly;

26         ii.  a list of all commercially-available computer programs used by the

27             expert in the preparation of the report;

28

        iii.    a copy of all data sets used by the expert, in native file format and processed data file format; and

        iv.    all customized computer programs used by the expert in the preparation of the report or necessary to replicate the findings on which the expert report is based.

9. <u>Protective Order.</u>  The FTC is in the process of negotiating a protective order with Defendants and intend to submit a motion for entry of that protective order in short order.

10. <u>Remote Deposition Protocol.</u>  The parties have agreed that the Stipulation and Order Governing the Taking of Remote Depositions, entered by Chief Administrative Law Judge Chappell in the administrative proceeding on April 6, 2023 and attached hereto as Exhibit 1, will apply in this proceeding, and the FTC plans to file a stipulation and proposed order to that effect.

## I.    **CLASS ACTIONS**

There is no proposed class at issue in this matter.

## J.    **RELATED CASES**

On March 9, 2023, the Commission commenced an administrative proceeding on the antitrust merits of the proposed acquisition, FTC Dkt. No. 9413, with the merits trial scheduled to begin on July 12, 2023.

## K.    **RELIEF**

The FTC requests that the Court enter a preliminary injunction to prevent Defendants from taking any further steps to consummate the proposed acquisition, or any other acquisition of stock, assets, or other interests of one another, either directly or indirectly; retain jurisdiction and maintain the status quo until the administrative proceeding initiated by the Commission is concluded; and award such other and further relief as the Court may determine is appropriate, just, and proper.

## L.    **SETTLEMENT AND ADR**

1      The parties have not engaged in formal settlement discussions, and the FTC believes that

2 ADR is unlikely to resolve differences between the parties.

3 **M.**     **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

4      The FTC declines to consent to proceed before a Magistrate Judge for all purposes; this

5 matter was assigned to U.S. District Court Judge Araceli Martínez-Olguín on April 11, 2023.

6 **N.**     **OTHER REFERENCES**

7      The FTC does not believe this case is suitable for reference to binding arbitration, a

8 special master or the JPML.

9 **O.**     **NARROWING OF ISSUES**

10      The FTC does not believe that it is possible to narrow the issues at this time.

11 **P.**     **EXPEDITED TRIAL PROCEDURE**

12      The FTC does not believe that this case is appropriate to be handled under the Expedited

13 Trial Procedure of General Order 64.

14 **Q.**     **PROPOSED CASE SCHEDULE**

15      The FTC requests the following proposed schedule in this matter:

16     1.  Fact Discovery.  The deadline for fact discovery shall be **May 23, 2023**, other than

17        discovery permitted under Rule 3.24(a)(4) of the FTC's Rules of Practice for

18        Adjudicative Proceedings, expert depositions, and discovery for purposes of

19        authenticity of exhibits; provided that this deadline will not preclude the parties from

20        completing discovery of third-parties pursuant to timely served subpoenas whose

21        document productions have not been completed by May 23, 2023 and/or who did not

22        make themselves reasonably available for deposition pursuant to a timely subpoena

23        within the fact discovery period.

24     2.  Expert Discovery.

25        a)  The FTC will provide its expert witness list on **April 21, 2023**; Defendants

26           will provide their expert witness list on **April 28, 2023**.

27

28

CASE MANAGEMENT STATEMENT BY PLAINTIFF FEDERAL TRADE COMMISSION
CASE NO. 3:23-cv-01710-AMO

b) The FTC will serve its expert report(s) by **May 30, 2023**, Defendants will serve their expert report(s) by **June 13, 2023**, and the FTC will identify any rebuttal expert(s) and serve any rebuttal expert report(s) by **June 23, 2023**.

c) The deadline for expert depositions shall be **June 29, 2023**.

3. Motions and Briefing.

a) The FTC shall file its memorandum in support of its request for a preliminary injunction by **August 18, 2023**. The FTC's memorandum shall not exceed 50 pages.

b) Defendants shall file their memorandum(s) in opposition to the FTC's request for a preliminary injunction by **September 1, 2023**. Defendants' memorandum(s) shall cumulatively not exceed 50 pages.

c) The FTC shall file its reply memorandum in support of its request for a preliminary injunction by **September 8, 2023**. The FTC's reply memorandum shall not exceed 25 pages.

4. The Administrative Record.   By no later than **August 18, 2023**, the parties will jointly submit to this Court a comprehensive listing of all the materials in the record of the administrative proceeding, FTC Dkt. No. 9413. Consistent with the long-standing practice of the federal courts in proceedings, like this one, that relate to an underlying administrative hearing, the entire administrative record from the FTC administrative proceeding will be in the record and can be considered as evidence in this Court.

R. **PRELIMINARY INJUNCTION HEARING**

Pursuant to Civil Local Rule 7-2(a), the FTC respectfully requests oral argument on the FTC's request for a preliminary injunction as soon as convenient for the Court on or after **September 22, 2023**.

S. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

1    Pursuant to Civil Local Rule 3-15, Defendant ICE filed its Certification of Interested

2  Entities or Persons on April 14, 2023.

3  **T.  PROFESSIONAL CONDUCT**

4    All attorneys of record for the FTC have reviewed the Guidelines for Professional

5  Conduct for the Northern District of California.

6  **U.    OTHER MATTERS**

7    1.  <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery

8      requests, Federal Rule of Civil Procedure 45 subpoenas for testimony or documents,

9      expert disclosure, and delivery of all correspondence, whether under seal or

10     otherwise, shall be by electronic mail to the following individuals designated by

11     each party:

12       a)  <u>For Plaintiff:</u>
             Abby L. Dennis
13           adennis@ftc.gov
             (202) 326-2381
14
             Ashley Masters
15           amasters@ftc.gov
             (202) 326-2291
16
             Abigail Wood
17           awood@ftc.gov
18           (202) 326-3642

19           Samantha Artison
20           sartison@ftc.gov
             (202) 326-3742
21
             Rebecca Hyman
22           rhyman@ftc.gov
             (202) 326-3563
23
24           Federal Trade Commission
             600 Pennsylvania Avenue, NW
25           Washington, DC 20580

26

27

28
   CASE MANAGEMENT STATEMENT BY PLAINTIFF FEDERAL TRADE COMMISSION
   CASE NO. 3:23-cv-01710-AMO
                                     14

1     In the event the volume of served materials is too large for email and requires

2     electronic data transfer by file transfer protocol or a similar technology, or overnight

3     delivery if agreed by the parties, the serving party will telephone or email the other

4     side's principal designee when the materials are sent to provide notice that the

5     materials are being served.  For purposes of calculating discovery response times

6     under the Federal Rules of Civil Procedure, electronic delivery shall be treated the

7     same as hand delivery.

8     2.  Privilege Logs.  The FTC proposes to suspend the obligations of Federal Rule of

9     Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from

10     discovery taken in this action (excluding Defendants' productions made during the

11     course of the FTC's pre-complaint investigation).  Notwithstanding the foregoing,

12     the FTC proposes that parties shall log withheld materials that are: (1) authored by,

13     addressed to, or received from any non-party; or (2) internal to a party that are not

14     authored by, sent to, or received from the party's attorneys.  For purposes of this

15     paragraph, a "non-party" excludes a party's retained testifying or consulting expert

16     and employees of such expert within the meaning of Federal Rule of Civil Procedure

17     26(b), as well as any domestic or foreign law enforcement or regulatory authorities.

18     Further, the FTC proposes that parties shall maintain all documents responsive to a

19     discovery request that they withhold pursuant to a claim of privilege or protection.

20     3.  Inadvertent Production of Protected Material.  The FTC proposes that, in accordance

21     with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence

22     502(d), inadvertent production of documents or communications containing

23     privileged information or attorney work product shall not be a basis for loss of

24     privilege or work product of the inadvertently produced material, provided that the

25     producing party notifies the receiving party within three (3) business days of

26     learning of the inadvertent production.  When a party determines that it has

27     inadvertently produced such material, it will notify the other parties, who will

28

1   promptly return, sequester, or delete the protected material from their document

2   management systems.  Within two (2) business days of identifying inadvertently

3   produced information or documents(s), the party seeking claw-back of such

4   materials shall provide a revised privilege log for the identified information or

5   documents.

6    4.   Attorney Work-Product. The FTC proposes that the parties will neither request nor

7   seek to compel the production of any interview notes, interview memoranda, or

8   recitation of information contained in such notes or memoranda, created by any

9   party's Counsel, except as specified in Paragraph H(8)(a).  Nothing in the FTC's

10   proposal requires the production of any party's attorney work-product; confidential

11   attorney-client communications; communications with or information provided to

12   any potentially or actually retained expert; communications between the FTC and

13   other domestic or foreign law enforcement or regulatory agencies; communications

14   between counsel for the FTC, its Commissioners and/or persons employed by the

15   FTC; or materials subject to the deliberative-process privilege or any other privilege.

16    5.   Modification of Scheduling and Case Management Order.  The FTC proposes to

17   include in any case management order language to the effect of: any party may seek

18   modification of this Order for good cause, except that the parties may also modify

19   discovery and expert disclosure deadlines by agreement.

20

21   Dated:  April 21, 2023                              Respectfully submitted,

22                                                       /s/ Abby L. Dennis
                                                         Abby L. Dennis
23                                                       Peter Richman
                                                         Ashley Masters
24                                                       Abigail Wood
                                                         Daniel Aldrich
25                                                       Laura Antonini
                                                         Catharine Bill
26                                                       Caitlin Cipicchio
                                                         Steven Couper
27

28

CASE MANAGEMENT STATEMENT BY PLAINTIFF FEDERAL TRADE COMMISSION
CASE NO. 3:23-cv-01710-AMO

Kurt Herrera-Heintz
Janet Kim
Christopher Lamar
Lauren Sillman
Neal Perlman
Nicolas Stebinger
Nina Thanawala
Taylor Weaver

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*Counsel for Plaintiff Federal Trade Commission*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT BY PLAINTIFF FEDERAL TRADE COMMISSION
CASE NO. 3:23-cv-01710-AMO