Abby L. Dennis, DC Bar # 994476
Peter Richman, CA Bar # 149107
Ashley Masters, TX Bar # 24041412
Abigail Wood, DC Bar # 242239

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; prichman@ftc.gov;*
*amasters@ftc.gov; awood@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERCONTINENTAL EXCHANGE, INC.** <br><br> and <br><br> **BLACK KNIGHT, INC.**, <br><br> Defendants. | Case No. 3:23-cv-01710-AMO <br><br> *Hearing: As soon as the matter may be heard.* <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S NOTICE OF MOTION AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, as soon as the matter may be heard, Plaintiff Federal Trade Commission ("FTC" or "Commission") shall move and hereby does move the Court for entry of the parties' stipulated temporary restraining order ("TRO"), executed by all parties on February 15 & 16, 2023, pursuant to 15 U.S.C. § 53(b) and Civil L.R. 7-2.

Plaintiff respectfully requests this Court enter, prior to 6:59 a.m. Pacific Time on Friday, April 28, 2023, the parties' stipulated TRO. In the executed TRO stipulation, drafted by Defendants, Defendants and the FTC agreed that, in the event that the FTC filed a lawsuit in federal district court seeking to enjoin Intercontinental Exchange, Inc.'s ("ICE") acquisition of Black Knight, Inc. ("Black Knight") (the "Proposed Transaction") prior to consummation of the Proposed Transaction, the parties would stipulate to entry of a TRO under which ICE and Black Knight will not consummate the Proposed Transaction until after 11:59 p.m. Eastern Time on the second (2nd) business day after the Court rules on the FTC's motion for a preliminary injunction under Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), or a date set by the Court, whichever is later. The stipulation is attached to the Masters Declaration, submitted concurrently herewith at ECF No. 38, as Exhibit A. On April 10, 2023, the FTC filed suit in this Court seeking to enjoin the Proposed Transaction under Section 13(b) of the Federal Trade Commission Act pending resolution of administrative proceedings to determine the Proposed Transaction's legality. Defendants, however, have refused to agree to submit a joint stipulation to this Court for entry of the TRO, thus necessitating this motion.

## ISSUE TO BE DECIDED

Whether the Court should enter a TRO under which ICE and Black Knight will not consummate the Proposed Transaction until after 11:59 p.m. Eastern Time on the second (2nd) business day after the Court rules on the FTC's motion for a preliminary injunction under Section 13(b) of the Federal Trade Commission Act, or a date set by the Court, whichever is later, when the parties have previously agreed in a signed writing to entry of such a TRO.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Section 13(b) of the Federal Trade Commission Act, the FTC has filed this action seeking orders temporarily and preliminarily enjoining Defendants ICE and Black Knight from consummating their Proposed Transaction pending the outcome of an ongoing administrative proceeding to adjudicate the legality of the Proposed Transaction. By this motion, the FTC seeks an order entering the parties' stipulated TRO for the period of time it takes the Court to decide its request for a preliminary injunction, under Section 13(b) and Civil L.R. 7-2. Section 13(b) of the FTC Act provides that "[u]pon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond."

## FACTUAL BACKGROUND

Defendants announced the Proposed Transaction on May 4, 2022, and submitted materials to the Commission under the Hart-Scott-Rodino Act on May 18, 2022, after which the FTC began a nearly 10-month long investigation of the Proposed Transaction. During a meeting between FTC staff and Defendants on February 13, 2023, the FTC requested that, should it file a lawsuit in federal district court seeking to enjoin the Proposed Transaction, each of ICE, Black Knight, and the FTC stipulate to a TRO stating that ICE and Black Knight will not close the Proposed Transaction until the court rules on the FTC's motion for a preliminary injunction. Masters Decl. ¶ 3. Two days later, on February 15, 2023, ICE and Black Knight sent FTC staff a TRO stipulation, already executed by defense counsel. *Id.* ¶ 4. FTC staff executed the stipulation on February 16, 2023. *Id.* ¶ 4 & Ex. A.

The stipulation sets forth an unambiguous agreement to the entry of a TRO, conditioned only upon the FTC filing suit in a federal district court to enjoin the Proposed Transaction prior to closing:

**STIPULATION**

In the event that the Federal Trade Commission ("FTC") files a lawsuit in federal district court seeking to enjoin Intercontinental Exchange, Inc.'s ("ICE") proposed acquisition of Black Knight, Inc. ("Black Knight") (the "Proposed Transaction") prior to consummation of the Proposed Transaction, the parties set forth below will stipulate to a Temporary Restraining Order enjoining ICE and Black Knight from consummating the Proposed Transaction until after 11:59 PM Eastern Time on the second (2nd) business day after a U.S. District Court rules on the FTC's motion for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act, or (ii) the date set by the District Court, whichever is later.

Harry T. Robins
Morgan, Lewis & Bockius LLP
On Behalf of Intercontinental Exchange, Inc.

Nelson O. Fitts
Wachtell, Lipton, Rosen & Katz
On Behalf of Black Knight, Inc.

ASHLEY MASTERS
Digitally signed by ASHLEY MASTERS
Date: 2023.02.16 16:09:23 -05'00'

Name:
Federal Trade Commission

*Id.*, Ex. A.

On March 9, 2023, the Commission unanimously found reason to believe that the Proposed Transaction would substantially lessen competition in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45, and commenced administrative proceedings before an Administrative Law Judge on the antitrust merits of the Proposed Transaction, setting a merits trial to begin July 12, 2023. *See generally* Complaint, *In the Matter of Intercontinental Exchange, Inc., and Black Knight, Inc.*, FTC Docket No. 9413 (Mar. 9, 2023).[1] At that time, the FTC did not seek a preliminary injunction under Section

---

[1] In the administrative proceeding, Complaint Counsel—and not the Commission—litigates the challenge to the Proposed Transaction. Moreover, the parties to the proposed acquisition are termed "Respondents." We use "FTC" and "Defendants" here for simplicity of reference.

1  13(b) of the Federal Trade Commission Act because closing of the Proposed Transaction was
2  contingent on a vote of the Black Knight shareholders to approve certain amendments to the
3  Proposed Transaction—on a date that had not yet been specified—which was, in turn,
4  contingent on review and approval by the Securities and Exchange Commission ("SEC") of
5  Black Knight's proposed Form S-4.
6        On March 30, 2023, Defendants represented to the FTC that Black Knight's SEC Form
7  S-4 had become effective, clearing the way for a Black Knight shareholder vote to approve
8  amendments to the Proposed Transaction on April 28, 2023, at 10:00 a.m. Eastern Time.  *See*
9  Masters Decl., Ex. B.  Defendants further represented that ICE and Black Knight intended to
10 close the Proposed Transaction immediately following that vote, despite the pendency of
11 ongoing administrative proceedings regarding the Proposed Transaction's legality.  *Id.*, Ex. B.
12 As the caselaw makes clear, consummation of a transaction later found illegal can result in the
13 "daunting and potentially impossible task" of "unscrambling the eggs."  *FTC v. Peabody*
14 *Energy Corp.*, 492 F. Supp. 3d 865, 918 (E.D. Mo. 2020) (internal quotation marks omitted).
15 To preserve the status quo and safeguard the public interest in the effective enforcement of the
16 antitrust laws, *see, e.g.*, *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1165 (9th Cir. 1984),
17 the FTC thus filed the instant action before this Court on April 10, 2023, to enjoin
18 consummation of the Proposed Transaction pending the resolution of the administrative
19 proceeding.
20       Over the course of the two months after the parties executed the stipulated TRO and
21 commenced discovery in the administrative proceeding, Defendants never informed the FTC
22 that they did not intend to ask the Court to enter the stipulated TRO, despite their agreement in
23 February.  Instead, it was not until April 17, 2023—a full week after the FTC filed the instant
24 suit and following three emails from the FTC requesting that Defendants agree to a joint
25 stipulation and proposed order concerning entry of the stipulated TRO—that counsel for ICE
26 informed the FTC that, contrary to the express language of the stipulation that Defendants
27 drafted, "our agreement to enter a TRO was premised on the notion that we would be able to get
28

PLAINTIFF'S MEM. OF LAW IN SUPPORT OF EMERGENCY MOT. FOR A TEMP. RESTRAINING ORDER
CASE NO. 3:23-cv-01710-AMO

1    a PI schedule that will allow for a decision on the PI prior to the parties' outside date" of
2    November 4, 2023.  Masters Decl., Ex. C.  In Defendants' Request for an Expedited Case
3    Management Conference filed April 20, 2023, Defendants now attempt to wholly disregard
4    their self-drafted and executed stipulation, writing that they have only "*offered* to stipulate to
5    the entry of a temporary restraining order to preserve the status quo."  ECF No. 23 at 4
6    (emphasis added).  However, in a footnote to their Request, Defendants even appear to
7    condition their "offer" to enter into a TRO on this Court entering a schedule they find agreeable.
8    *See* ECF No. 23 at 4 n.1 ("FTC counsel insists that this agreement to stipulate to a TRO should
9    apply regardless of when the preliminary injunction proceeds. . . .").
10         To be clear, and as the FTC has repeatedly informed Defendants, the FTC desires to
11   move expeditiously in this proceeding, as it has in the administrative proceeding.  For that
12   reason, the FTC has proposed to Defendants a schedule whereby this Court would receive the
13   full record of the administrative proceeding—trial in which is slated to begin on July 12,
14   2023[2]—by August 18, 2023, with full briefing on the preliminary injunction concluded by
15   September 8, 2023, and argument on September 22, 2023, *see* ECF No. 26 at 13, leaving ample
16   time for a decision by this Court in advance of the voluntary and self-imposed November 4,
17   2023, date that allows, but does not require, either Defendant to terminate their merger
18   agreement.[3]  Nevertheless, Defendants continue to refuse to agree to entry of the stipulated
19   TRO that they drafted and executed two months ago, thus necessitating the instant motion.

---

[2] The July 12, 2023, date for the hearing in the administrative proceeding was set by the Commission, pursuant to 16 C.F.R. § 3.11(b)(4), and can only be changed by the Commission on a showing of good cause.  *See* 16 C.F.R. § 3.21(c)(1).  Complaint Counsel in the administrative proceeding lacks authority to move that date and intends to present its case at the administrative hearing as set by the Commission.

[3] In their Request for an Expedited Case Management Conference, Defendants argue that "[t]his proposal raises significant issues, including constitutional ones."  ECF No. 23 at 6.  This is not so.  The FTC does not dispute that the District Court must make its own determination as to whether the FTC is entitled to a preliminary injunction.  However, it does not follow that Defendants are entitled to the equivalent of a full merits trial in federal court.  Indeed, in the *Whole Foods Market* case to which Defendants cite, ECF No. 23 at 6, the (Continued…)

The FTC regrets having to burden the Court with an issue that, based on the plain language of the executed TRO stipulation of February 16, 2023, should have been resolved between the parties shortly after the FTC filed this lawsuit on April 10, 2023. In light of Defendants' continued refusal to abide by the terms of the stipulated TRO, however, the FTC is left with no choice other than to file the instant motion. Allowing Defendants to close the Proposed Transaction after the shareholder vote would impair the FTC's ability to remedy the resulting competitive harms were the Administrative Law Judge to find the Proposed Transaction to be illegal. Moreover, consummating the Proposed Transaction would affect *this* Court's ability to fashion appropriate relief in the event it were to resolve the core issue before it—of whether the FTC is likely to succeed on the merits in the underlying administrative proceeding, *see, e.g.*, *FTC v. Affordable Media*, 179 F.3d 1228, 1233 (9th Cir. 1999)—in the FTC's favor.

The Court should enter the TRO based on the plain, unambiguous language of the parties' executed stipulation. "Once a stipulation is made, it should generally be enforced absent circumstances tending to negate a finding of voluntary and informed assent of a party to the agreement." *MDT Corp. v. New York Stock Exch., Inc.*, 858 F. Supp. 1028, 1034 (C.D. Cal. 1994) (finding party bound to stipulation allowing intervention where party was "sophisticated litigant and should be held to understand the effect of its stipulations"); *see also, e.g., United States v. McGregor*, 529 F.2d 928, 931 (9th Cir.1976) ("Courts . . . enforce stipulations as a general rule . . . ."). A litigant should not be allowed to evade its obligations under a stipulation for the entry of a TRO in the absence of extraordinary circumstances. *See, e.g., Lifeng Chen v.*

---

evidentiary hearing on the FTC's request for a preliminary injunction lasted only two days. *See FTC v. Whole Foods Mkt, Inc.*, 502 F. Supp. 2d 1, 3 (D.D.C. 2007), *rev'd on other grounds*, 548 F.3d 1028 (D.C. Cir. 2008). Some preliminary injunctions under Section 13(b) have been decided solely on the papers and oral argument where, unlike here, the Court did not have the benefit of the full administrative record. *E.g., FTC v. Lab. Corp. of Am.*, No. SACV 10–1873 AG (MLGx) (C.D. Cal. Dec. 16, 2010) (declining Defendants' request for an evidentiary hearing and setting "a hearing without witnesses" roughly two months after the FTC filed its complaint) (order submitted as Exhibit D to the Masters Decl.).

PLAINTIFF'S MEM. OF LAW IN SUPPORT OF EMERGENCY MOT. FOR A TEMP. RESTRAINING ORDER
CASE NO. 3:23-cv-01710-AMO

7

*New Trend Apparel, Inc.*, No. 11 CIV. 324 GBD MHD, 2012 WL 5896742, at *3-4 (S.D.N.Y. Nov. 19, 2012) (rejecting party's arguments that they should not be held to stipulation for entry of TRO). No such extraordinary circumstances exist here.

Moreover, entry of a TRO is appropriate even had Defendants not expressly stipulated to a TRO. Preliminary injunctions under Section 13(b) of the FTC Act "are meant to be readily available to preserve the status quo while the FTC develops its ultimate case." *FTC v. Whole Foods Mkt., Inc.*, 548 F.3d 1028, 1036 (D.C. Cir. 2008). These same principles apply to the FTC's request for a TRO under Section 13(b). *FTC v. Universal Premium Servs.*, No. CV 06-0849 SJO, 2006 WL 8442134, at *3 (C.D. Cal. Mar. 14, 2006). Section 13(b) "allows a district court to grant the Commission a preliminary injunction '[u]pon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest.'" *Affordable Media*, 179 F.3d at 1233 (quoting 15 U.S.C. § 53(b)).

The statute "places a lighter burden on the Commission than that imposed on private litigants by the traditional equity standard." *Warner Commc'ns Inc.*, 742 F.2d at 1159. "Under this more lenient standard, 'a court must 1) determine the likelihood that the Commission will ultimately succeed on the merits and 2) balance the equities.'" *Affordable Media*, 179 F.3d at 1233 (quoting *Warner Commc'ns Inc.*, 742 F.2d at 1160)). In evaluating the FTC's likelihood of success, the Court is tasked "[with making] only a preliminary assessment of the merger's impact on competition." *FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2023 WL 2346238, at *8 (N.D. Cal. Feb. 3, 2023) (quoting *Warner Commc'ns Inc.*, 742 F.2d at 1162). The FTC "does not need detailed evidence of anticompetitive effect at this preliminary phase." *Whole Foods Mkt., Inc.*, 548 F.3d at 1035. The Court rather should examine whether the FTC has raised merits questions sufficient to warrant "thorough investigation, study, deliberation and determination by the FTC." *FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2022 WL 16637996, at *5 (N.D. Cal. Nov. 2, 2022) (quoting *Warner Commc'ns Inc.*, 742 F.2d at 1162); *see also Whole Foods Mkt.*, 548 F.3d at 1036 ("[A]t this preliminary phase [the FTC] just has to

raise substantial doubts about a transaction. One may have such doubts without knowing exactly what arguments will eventually prevail."). In weighing the equities under Section 13(b), "public equities receive far greater weight" than private interests. *Warner Commc'ns Inc.*, 742 F.2d at 1165. These public equities include effective enforcement of the antitrust laws and ensuring the Commission's ability to obtain adequate relief if it ultimately prevails on the merits. *Id.*; *FTC v. H.J. Heinz Co.*, 246 F.3d 708, 726 (D.C. Cir. 2001); *FTC v. Univ. Health, Inc.*, 938 F.2d 1206, 1225 (11th Cir. 1991).

Due to the primacy of public equities over private interests, and taking into consideration the practical challenges of resolving complex factual questions on a limited record, courts in previous merger cases have taken a pragmatic approach to the Commission's requests for a TRO. *See FTC v. Foster*, No. CIV 07-352 JB, 2007 WL 1302585, at *4 (D.N.M. Apr. 13, 2007) (the court must grant a TRO so long as it finds "there is a serious question"). "[D]oubts are to be resolved against the transaction." *FTC v. Elders Grain, Inc.*, 868 F.2d 901, 906 (7th Cir. 1989) (citing *United States v. Phila. Nat'l Bank*, 374 U.S. 321, 362-63 (1963)).

Here, the Commission's Complaint alone raises "a serious question."[4] *See Foster*, 2007 WL 1302585, at *4. Therefore, to protect the public interest in effective enforcement of the antitrust laws, as well as this Court's ability to fashion appropriate relief in the matter before it, Plaintiff requests that the Court enter a temporary restraining order on the terms previously agreed to by Defendants, and prevent consummation of the Proposed Transaction until after 11:59 p.m. Eastern Time on the second (2nd) business day after the Court rules on the FTC's motion for a preliminary injunction under Section 13(b) of the Federal Trade Commission Act, or a date set by the Court, whichever is later.

---

[4] In the event the Court believes a fuller factual record is warranted at the TRO stage despite Defendants' stipulation to entry of a TRO, Plaintiff requests that the Court enter an interim TRO and set an expedited briefing schedule.

PLAINTIFF'S MEM. OF LAW IN SUPPORT OF EMERGENCY MOT. FOR A TEMP. RESTRAINING ORDER
CASE NO. 3:23-cv-01710-AMO

# CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court enter a TRO before 6:59 a.m. Pacific Time on April 28, 2023, preventing Defendants from consummating the Proposed Transaction until after 11:59 p.m. Eastern Time on the second (2nd) business day after the Court rules on the FTC's motion for a preliminary injunction under Section 13(b) of the Federal Trade Commission Act, or a date set by the Court, whichever is later.

Dated: April 21, 2023

Respectfully submitted,

/s/ Abby L. Dennis
Abby L. Dennis
Peter Richman
Ashley Masters
Abigail Wood
Daniel Aldrich
Laura Antonini
Catharine Bill
Caitlin Cipicchio
Steven Couper
Kurt Herrera-Heintz
Janet Kim
Christopher Lamar
Lauren Sillman
Neal Perlman
Nicolas Stebinger
Nina Thanawala
Taylor Weaver

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*Counsel for Plaintiff Federal Trade Commission*