UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERCONTINENTAL EXCHANGE, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-01710-AMO<br><br>**ORDER**<br><br>Re: Dkt. No. 23 |

Before the Court is Defendants' self-styled "Request for an Expedited Case Management Conference." The Request is procedurally defective for several reasons and, as further explained below, is denied.

The Northern District of California maintains a set of Civil Local Rules to facilitate the "just, efficient, speedy, and economical determination of every action." Civ. L.R. 1-2(b). Civil Local Rule 7-11, relevant here, sets forth the procedure for motions for administrative relief. Civil Local Rule 16-2(d) refers to the procedure laid out in Civil Local Rule 7 specifically for parties to seek relief from the case management schedule. Both Rules require that a motion seeking such administrative relief be accompanied by a description of the circumstances which support the Request, and both Rules require such a motion be accompanied by a proposed order. Moreover, Rule 16-2(d)(2) is clear that counsel for the moving party is to confer with all other counsel about the matter, affirm that conduct to the court, and report whether each party supports or opposed the request for relief.

Here, Defendants request an expedited case management conference on an extremely short schedule. Defendants' Request does not comport with the Local Rules because it does not include a description of the circumstances that warrant such urgent relief. Defendants' Request is not

supported by good cause supporting such an urgent conference.  Further, Defendants fail to present a proposed order or to affirm that counsel conferred with all other counsel about the Request.  Based on these procedural defects and the lack of good cause, the Request is therefore **DENIED**.  Accordingly, the Court will not hold a conference the week of April 24, 2023.

Given the substance of the case and the earlier grant of temporary restraining order (Dkt. No. 39), however, the Court needs to hear from the parties.  The parties are therefore **ORDERED** to meet and confer and to jointly choose between the following in-person conference dates: May 4, May 12, or May 18.  The conference will take place at 10:00am on the date selected.  The parties **SHALL** jointly submit notice of the date selected no later than **4:00pm on Friday, April 28, 2023**.  The parties' case management statement, complying with Civil Local Rule 16-9, is due no later than the Thursday prior to the date selected for the in-person conference.

**IT IS SO ORDERED.**

Dated: April 25, 2023

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

2