Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

J. Clayton Everett Jr., *pro hac vice*
clay.everett@morganlewis.com
Ryan M. Kantor, *pro hac vice*
ryan.kantor@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

John C. Dodds, *pro hac vice*
john.dodds@morganlewis.com
Zachary M. Johns, *pro hac vice*
zachary.johns@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (212) 309-6001

Kalpana Srinivasan, Bar No. 237460
ksrinivasan@susmangodfrey.com
Michael Gervais, Bar No. 330731
mgervais@susmangodfrey.com
Jesse-Justin Cuevas, Bar No. 307611
jcuevas@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 789-3100
Facsimile:   (310) 789-3150

Shawn Raymond, *pro hac vice pending*
sraymond@susmangodfrey.com
Alex Kaplan, *pro hac vice*
akaplan@susmangodfrey.com
Adam Carlis, *pro hac vice forthcoming*
acarlis@susmangodfrey.com
Alejandra Salinas, *pro hac vice forthcoming*
asalinas@susmangodfrey.com
Abby Noebels, *pro hac vice forthcoming*
anoebels@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

*Attorneys for Defendant*
*Intercontinental Exchange, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTERCONTINENTAL EXCHANGE, INC.<br>and<br>BLACK KNIGHT, INC.,<br><br>Defendants. | Case No. 3:23-cv-01710-AMO<br><br>**DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**INTERCONTINENTAL EXCHANGE, INC.**

Defendant Intercontinental Exchange, Inc. ("Intercontinental Exchange"), by and through its undersigned attorneys, hereby answers Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") Complaint for a Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act (the "Complaint") as follows:

**INTRODUCTION**

Intercontinental Exchange owns a loan origination service platform, along with certain other mortgage-related products. It seeks to acquire Black Knight, Inc. ("Black Knight"), a provider of software solutions, data, and analytics in mortgage and real estate markets. Intercontinental Exchange and Black Knight provide different services in the mortgage finance industry, and the products that will be combined through the acquisition are complementary and do not meaningfully overlap.

The proposed transaction will result in substantial procompetitive benefits for U.S. consumers, including specific quality improvements, cost savings, increased access to residential mortgages, and more. All of these will directly benefit mortgage borrowers, existing and potential homeowners, and mortgage lenders, because the transaction will enable greater automation, integration of different systems, and product improvements that will lower the costs of originating, selling, and servicing mortgages and improve the quality of those services. These tangible benefits will especially benefit the large number of first-time, often cash-constrained homebuyers and improve homeownership outcomes across the board, particularly in underserved communities.

The FTC's stated grounds for challenging this transaction are factually and legally unsupported. Nonetheless, throughout this proposed transaction process, Intercontinental Exchange and Black Knight have worked cooperatively and in good faith with the FTC to provide requested information, which included turning over tens of millions of documents, making its executives available for meetings with the FTC, interviews by the FTC, and depositions by the

FTC, and participating in a host of meetings with the FTC to discuss the deal as completely and transparently as possible.

Intercontinental Exchange and Black Knight have taken the FTC's concerns seriously. Most notably, in direct response to what the FTC identified as its primary concern, Intercontinental Exchange and Black Knight agreed to spin-off from the proposed transaction a Black Knight-owned business called Empower that provides processing, underwriting, and pre-closing services ("LOS services"). A highly-qualified third-party, Constellation Software, Inc., purchased Empower and a broad package of other assets so that Intercontinental Exchange's acquisition of Black Knight will not reduce the number of competitors in the claimed LOS market. That market already sees rigorous competition from a variety of other LOS providers— *e.g.*, Blue Sage, Byte, Calyx, Finastra, Fiserv, Integra, Mortgage Cadence, and Wipro—each of which has won and continues to win business from lenders of every size. The divestiture of Black Knight's Empower will ensure that the pre-transaction levels of competition for LOS services are maintained post-transaction and moots the FTC's principal objection—concern about competition in the LOS services market.

The FTC's remaining concerns are misplaced, and the FTC cannot meet its burden to obtain the extraordinary relief of a preliminary injunction. The FTC focuses on product pricing engines ("PPEs")—software systems that lenders use to identify loans available to buyers and their terms. Intercontinental Exchange and Black Knight's PPE solutions are not close substitutes and do not competitively constrain each other. Intercontinental Exchange's PPE solution is called "EPPS" and is a native feature of Intercontinental Exchange's Encompass software portal, available only to Encompass LOS customers. EPPS provides only the most basic functionalities of aggregating and displaying mortgage rate terms available from certain mortgage investors. On the other hand, Black Knight's Optimal Blue PPE is a stand-alone commercial PPE used on more than a dozen different LOS platforms. Optimal Blue provides much broader functionality and is aimed at lenders active in the secondary mortgage market. Those differences lead to significantly different pricing (Optimal Blue PPE is substantially more expensive than EPPS) and customer bases (Optimal Blue PPE customers are generally closing many more loans than EPPS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case No. 3:23-cv-01710-AMO

DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1   customers).  Intercontinental Exchange is committed to keeping the Optimal Blue PPE available

2   on as many competitor LOS platforms as possible, consistent with Intercontinental Exchange's

3   open mortgage network.

4          The proposed transaction also does not present meaningful vertical concerns.

5   Intercontinental Exchange has always maintained its Encompass LOS as an open platform that

6   allows third parties to integrate with and add functionality to the platform, which is the driving

7   force behind its success.  Encompass's open platform is now integrated with hundreds of third-

8   party vendors, many of which provide solutions that compete with solutions also offered by

9   Intercontinental Exchange on Encompass.  The proposed transaction will not change that fact:

10  Encompass will continue to maintain an open platform for PPEs, providing its users with access,

11  as it does now, to many PPEs besides just EPPS and Optimal Blue.  The FTC speculates that

12  third-party vendors could be limited or degraded, but that would be against Encompass's interests

13  (its platform is successful precisely because it is open) and inconsistent with how Encompass has

14  always operated.  The FTC's challenge to the transaction and its complaint for preliminary

15  injunctive relief thus lacks substantive merit.

16         There are also constitutional barriers to the procedural approach the FTC is pursuing in

17  this case.  The FTC's complaint seeks an injunction, which only this Court can issue, but the FTC

18  seeks that relief in support of the FTC's administrative adjudication process.  That administrative

19  process violates Intercontinental Exchange's rights under the Due Process and Equal Protection

20  clauses.  The FTC has, and will, act as prosecutor, judge, and jury in those administrative

21  proceedings.  And the administrative law judge appointed by the FTC to conduct the initial

22  administrative trial is insulated from presidential control by removal protection, which is directly

23  contrary to Article II.  Because the FTC's administrative process will adjudicate Intercontinental

24  Exchange's right to engage in a private commercial transaction with heavily constrained judicial

25  review and without any right to a jury trial, it violates Article III of the Constitution and the

26  Seventh Amendment.  By its counterclaims, Intercontinental Exchange seeks declaratory relief

27  that the FTC's administrative process is unconstitutional and should thus be permanently

28  enjoined.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case No. 3:23-cv-01710-AMO

DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1    In light of the substantive problems, factually and legally, with the FTC's complaint, as

2    well as the constitutional problems with the administrative procedure the FTC envisions, the FTC

3    cannot meet its burden for preliminary injunctive relief.  The FTC cannot show that it is likely to

4    prevail in securing legally valid relief against Intercontinental Exchange, and cannot show that its

5    claimed injury from the transaction would outweigh the serious injury to Intercontinental

6    Exchange and Black Knight caused by the constitutional defects.  It is contrary to law, the public

7    interest, and basic principles of equity to grant an injunction pending resolution of an

8    unconstitutional FTC administrative proceeding.

9                                       **PRELIMINARY STATEMENT**

10    All allegations not expressly admitted herein are denied.  Intercontinental Exchange does

11    not interpret the headings and sub-headings throughout the Complaint as well-pleaded allegations

12    to which any response is required.  To the extent such a response is required, Intercontinental

13    Exchange denies all allegations in the headings and sub-headings of the Complaint.  Use of

14    certain terms or phrases defined in the Complaint is not an acknowledgment or admission of any

15    characterization the Commission may ascribe to the defined terms.  Unless otherwise defined,

16    capitalized terms shall refer to the capitalized terms defined in the Complaint, but any such use is

17    not an acknowledgment or admission of any characterization the Commission may ascribe to the

18    capitalized terms.  Intercontinental Exchange does not concede the truthfulness of sources quoted

19    or referenced in the Complaint.  To the extent that a response is required and unless otherwise

20    indicated, Intercontinental Exchange denies all allegations of sources quoted in or referenced in

21    the Complaint.  Intercontinental Exchange additionally denies that the Commission is entitled to

22    any of the relief sought in Paragraph 149 of the Complaint.  Intercontinental Exchange reserves

23    the right to amend and/or supplement this Answer at a later stage of the proceedings as permitted

24    by the Federal Rules of Civil Procedure.

25    **I.    NATURE OF THE CASE**

26    1.    Intercontinental Exchange denies the general characterizations framed as

27    allegations in Paragraph 1.

28    2.    Intercontinental Exchange denies the general characterizations framed as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                                       Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1   allegations in Paragraph 2.

2       3.      Intercontinental Exchange denies the general characterizations framed as

3   allegations in Paragraph 3.

4       4.      Intercontinental Exchange denies the allegations in Paragraph 4, except to admit

5   only that Intercontinental Exchange's Encompass LOS operates in the United States and

6   processes residential mortgages originated across the nation.  Intercontinental Exchange lacks

7   knowledge or information sufficient to admit or deny the allegations in Paragraph 4 concerning

8   Black Knight, and on that basis denies them.

9       5.      Certain of the allegations in Paragraph 5 purport to characterize, summarize, or

10  quote from selected portions of unidentified documents and/or transcripts, offered without

11  attribution or context.  To the extent such documents and/or transcripts are identified,

12  Intercontinental Exchange refers to those documents and/or transcripts for a true and complete

13  statement of their contents.  To the extent such documents and/or transcripts are unidentified,

14  Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those

15  allegations, and on that basis denies them.  Intercontinental Exchange lacks knowledge or

16  information sufficient to admit or deny the allegations in Paragraph 5 concerning Black Knight,

17  and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in

18  Paragraph 5.

19      6.      Intercontinental Exchange admits only that it offers services used to process,

20  underwrite, fund, and close a loan.  Intercontinental Exchange lacks sufficient knowledge or

21  information regarding the vague or undefined term "ancillary services," and on that basis denies

22  any allegations relating thereto.  Intercontinental Exchange lacks sufficient knowledge or

23  information to admit or deny the allegations in Paragraph 6 concerning Black Knight, and on that

24  basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 6.

25      7.      Intercontinental Exchange lacks sufficient knowledge or information to admit or

26  deny the allegations in Paragraph 7 concerning Black Knight, and on that basis denies them.

27  Intercontinental Exchange admits the second sentence in Paragraph 7.  Intercontinental Exchange

28  further admits that EPPS is currently available only to lenders who use Encompass.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6                                    Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1    Intercontinental Exchange denies the remaining allegations in Paragraph 7.

2        8.      Intercontinental Exchange denies the allegations in Paragraph 8.

3        9.      Intercontinental Exchange only admits the portion of the first sentence between

4    "Black Knight" and "in response."  Intercontinental Exchange denies the remaining allegations in

5    Paragraph 9.

6        10.     Intercontinental Exchange denies the allegations in Paragraph 10.

7        11.     The allegations in Paragraph 11 constitute legal conclusions to which no response

8    is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

9    in Paragraph 11.

10       12.     Intercontinental Exchange lacks sufficient knowledge or information regarding the

11   vague or undefined term "ancillary services," and on that basis denies any allegations relating

12   thereto.  Intercontinental Exchange denies the remaining allegations in Paragraph 12.

13       13.     Intercontinental Exchange lacks sufficient knowledge or information regarding the

14   vague or undefined terms "origination costs" and "proportionally larger price increase" and on

15   that basis denies any allegations relating thereto.  Intercontinental Exchange denies the remaining

16   allegations in Paragraph 13.

17       14.     Intercontinental Exchange lacks sufficient knowledge or information regarding the

18   vague or undefined terms "ancillary service providers," "ancillary services portfolio," and "third-

19   party providers," and denies any allegations relating thereto.  Intercontinental Exchange denies

20   the remaining allegations in Paragraph 14.

21       15.     The allegations in Paragraph 15 constitute legal conclusions to which no response

22   is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

23   in Paragraph 15.

24       16.     The allegations in Paragraph 16 constitute legal conclusions to which no response

25   is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

26   in Paragraph 16.

27       17.     Intercontinental Exchange lacks sufficient knowledge or information to admit or

28   deny the allegations in Paragraph 17 concerning the Commission, and on that basis denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                                    Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

Intercontinental Exchange avers by way of further response that the Commission voted out an administrative Complaint on March 9, 2023, by a 4-0 vote, that alleged that the Acquisition would substantially lessen competition in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45.  The remaining allegations purport to characterize the Scheduling Order entered by the Administrative Law Judge on March 29, 2023, the FTC's administrative Complaint, and the FTC's Rules of Practice, and Intercontinental Exchange respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent the remaining allegations are inconsistent with those documents, Intercontinental Exchange denies the remaining allegations in Paragraph 17.

18.     The allegations in Paragraph 18 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in Paragraph 19.

## II.     JURISDICTIONAL STATEMENT

### A.     Jurisdiction

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 20 are denied.

21.     The allegations in Paragraph 21 are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 21 are denied.

22.     The allegations in Paragraph 22 are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 22 are denied.

### B.     Venue

23.     The allegations in Paragraph 23 are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 23 are denied.

### C.     Intradistrict Assignment

24.     Intercontinental Exchange admits only that its Mortgage Technology business has

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

an office in Alameda County.  The remaining allegations in Paragraph 24 are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 24 are denied.

### III.    THE PARTIES AND THE PROPOSED ACQUISITION

25.    Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 concerning the Federal Trade Commission, and on that basis denies them.

26.    Intercontinental Exchange admits only the first, second, fourth, and sixth sentences of the allegations in Paragraph 26.  Intercontinental Exchange denies the remaining allegations in Paragraph 26.

27.    Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 concerning the Black Knight, and on that basis denies them.

28.    Intercontinental Exchange denies the allegations in Paragraph 28.

29.    Intercontinental Exchange admits only that Intercontinental Exchange and Black Knight advised the FTC that they would seek to close the Transaction immediately following a vote of Black Knight shareholders scheduled for April 28, 2023 in the event the FTC did not seek a preliminary injunction.  The remaining allegations are legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 29 are denied.

### IV.    RESIDENTIAL MORTGAGE ORIGINATION

30.    Intercontinental Exchange admits only that many homeowners utilize mortgages to finance the purchase of a home.  Intercontinental Exchange lacks sufficient knowledge or information regarding the vague and undefined phrases "most important," "financially significant," and "overwhelming majority," and on that basis denies those allegations. Intercontinental Exchange denies the remaining allegations in Paragraph 30.

31.    Intercontinental Exchange admits only that LOS technology is used by mortgage lenders to assist mortgage lenders by automating the loan creation process.  Intercontinental Exchange lacks sufficient knowledge or information regarding the vague and undefined phrases

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1  "foundational technology" and "vast majority," and on that basis denies those allegations.

2  Intercontinental Exchange denies the remaining allegations in Paragraph 31.

3       32.     Intercontinental Exchange lacks sufficient knowledge or information regarding the

4  vague or undefined phrases "vast majority," "compliance requirements," and "outsourcing," and

5  on that basis denies those allegations.  Intercontinental Exchange lacks sufficient knowledge or

6  information to admit or deny the allegations regarding any decisions that lenders make, and on

7  that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph

8  32.

9       33.     Intercontinental Exchange lacks sufficient knowledge or information regarding the

10 first, second, and fourth sentences of Paragraph 33, particularly regarding any decisions that

11 lenders make, and on that basis denies them.  Intercontinental Exchange denies the remaining

12 allegations in Paragraph 33.

13      34.     Intercontinental Exchange lacks sufficient knowledge or information regarding the

14 vague or undefined terms "interoperate," "ancillary services," and "bundle," and on that basis

15 denies those allegations.  Intercontinental Exchange denies the remaining characterizations in

16 Paragraph 34.

17      35.     Intercontinental Exchange lacks sufficient knowledge or information regarding the

18 characterization of PPEs generally, and on that basis denies those allegations.  Intercontinental

19 Exchange denies the remaining allegations in Paragraph 35.

20      36.     Intercontinental Exchange lacks sufficient knowledge or information to form a

21 belief as to the truth of the general allegations contained in Paragraph 36, and on that basis denies

22 them.  Intercontinental Exchange denies the remaining allegations in Paragraph 36.

23 **V.     THE RELEVANT ANTITRUST MARKETS**

24      37.     The allegations in Paragraph 37 constitute legal conclusions to which no response

25 is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

26 in Paragraph 37.

27      **A.     The Commercial LOS Market**

28      38.     The allegations in Paragraph 38 constitute legal conclusions to which no response

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10                                Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in Paragraph 38.

39.    The allegations in the first sentence of Paragraph 39 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in the first sentence of Paragraph 39.  Intercontinental Exchange lacks sufficient knowledge or information regarding the vague or undefined term "peculiar" and denies any allegations relating thereto.  Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39 concerning Black Knight.  Intercontinental Exchange denies the remaining allegations in Paragraph 39.

40.    The allegations in Paragraph 40 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in Paragraph 40.

41.    Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41 regarding Black Knight, and on that basis denies them.  Certain of the allegations in Paragraph 41 purport to characterize, summarize, or quote from selected portions of Black Knight's Form 10-K for 2021.  Intercontinental Exchange refers to Black Knight's Form 10-K for 2021 for a true and complete statement of its contents.  Intercontinental Exchange denies the remaining allegations in Paragraph 41.

42.    The allegations in the first sentence of Paragraph 42 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in the first sentence of Paragraph 42.  Certain of the allegations in Paragraph 42 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11                    Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

allegations in Paragraph 42 regarding Black Knight, and on that basis denies them. Intercontinental Exchange denies the remaining allegations in Paragraph 42.

43.     The allegations in Paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange lacks sufficient knowledge or information regarding the vague or undefined phrase "commercially reasonable substitute," and on that basis denies those allegations.  Intercontinental Exchange denies the remaining allegations in Paragraph 43.

44.     Intercontinental Exchange lacks sufficient knowledge or information regarding the vague or undefined phrases "highly regulated" and "substantial risk," and on that basis denies those allegations.  Intercontinental Exchange denies the remaining allegations in Paragraph 44.

45.     Intercontinental Exchange denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in Paragraph 46.

47.     Intercontinental Exchange denies the allegations in Paragraph 47.

**B.     The LOS Market**

48.     The allegations in Paragraph 48 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in Paragraph 48.

49.     The allegations in the first sentence of Paragraph 49 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in the first sentence of Paragraph 49.  Intercontinental Exchange lacks sufficient knowledge or information regarding the vague or undefined phrases "distinct group" and "types" and denies any allegations relating thereto.  Certain of the allegations in Paragraph 49 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

Case No. 3:23-cv-01710-AMO

DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1    transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient

2    to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange

3    denies the remaining allegations in Paragraph 49.

4              50.    The allegations in the first sentence of Paragraph 50 constitute legal conclusions to

5    which no response is required.  To the extent a response is required, Intercontinental Exchange

6    denies the allegations in the first sentence of Paragraph 50.  Intercontinental Exchange lacks

7    sufficient knowledge or information to form a belief regarding the general background allegations

8    about all LOSs and mortgage lenders generally, and on that basis denies those allegations.

9    Intercontinental Exchange denies the remaining allegations in Paragraph 50.

10             51.    The allegations in Paragraph 51 constitute legal conclusions to which no response

11   is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

12   in Paragraph 51.

13             52.    The allegations in Paragraph 52 constitute legal conclusions to which no response

14   is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

15   in Paragraph 52.

16             53.    The allegations in Paragraph 53 constitute legal conclusions to which no response

17   is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

18   in Paragraph 53.

19             54.    The allegations in Paragraph 54 constitute legal conclusions to which no response

20   is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

21   in Paragraph 54.

22        **C.    The Market for PPEs for Users of Encompass**

23             55.    The allegations in Paragraph 55 constitute legal conclusions to which no response

24   is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

25   in Paragraph 55.

26             56.    The allegations in the first sentence of Paragraph 56 constitute legal conclusions to

27   which no response is required.  To the extent a response is required, Intercontinental Exchange

28   denies the allegations in the first sentence of Paragraph 56.  Intercontinental Exchange lacks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13                    Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1   sufficient knowledge or information regarding the vague or undefined terms "peculiar,"

2   "prohibitively expensive," and "time-consuming," and on that basis denies those allegations.

3   Intercontinental Exchange denies the remaining allegations in Paragraph 56.

4        57.     Intercontinental Exchange denies the allegations in Paragraph 57.

5        58.     The allegations in Paragraph 58 constitute legal conclusions to which no response

6   is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

7   in Paragraph 58.

8        59.     Certain of the allegations in Paragraph 59 purport to characterize, summarize, or

9   quote from selected portions of unidentified documents and/or transcripts, offered without

10  attribution or context.  To the extent such documents and/or transcripts are identified,

11  Intercontinental Exchange refers to those documents and/or transcripts for a true and complete

12  statement of their contents.  To the extent such documents and/or transcripts are unidentified,

13  Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those

14  allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining

15  allegations in Paragraph 59.

16       60.     The allegations in Paragraph 60 constitute legal conclusions to which no response

17  is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

18  in Paragraph 60.

19       61.     Intercontinental Exchange lacks sufficient knowledge or information regarding the

20  vague or undefined phrases "significant share" and "small share" and on that basis denies those

21  allegations.  Intercontinental Exchange denies the remaining allegations in Paragraph 61.

22      **D.**    **The PPE Market**

23       62.     The allegations in Paragraph 62 constitute legal conclusions to which no response

24  is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

25  in Paragraph 62.

26       63.     The allegations in the first sentence of Paragraph 63 constitute legal conclusions to

27  which no response is required.  To the extent a response is required, Intercontinental Exchange

28  denies the allegations in the first sentence of Paragraph 63.  Intercontinental Exchange lacks

1  sufficient knowledge or information regarding the vague or undefined term "peculiar,"

2  "functionality," and "manually," and on that basis denies those allegations.  Certain of the

3  allegations in Paragraph 63 purport to characterize, summarize, or quote from selected portions of

4  unidentified documents and/or transcripts, offered without attribution or context.  To the extent

5  such documents and/or transcripts are identified, Intercontinental Exchange refers to those

6  documents and/or transcripts for a true and complete statement of their contents.  To the extent

7  such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or

8  information sufficient to admit or deny those allegations, and on that basis denies them.

9  Intercontinental Exchange denies the remaining allegations in Paragraph 63.

10      64.    Intercontinental Exchange lacks sufficient knowledge or information to form a

11  belief regarding the general background allegations about PPEs, and on that basis denies them.

12  Intercontinental Exchange denies the remaining allegations in Paragraph 64.

13      65.    The allegations in Paragraph 65 constitute legal conclusions to which no response

14  is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

15  in Paragraph 65.

16      66.    The allegations in Paragraph 66 constitute legal conclusions to which no response

17  is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

18  in Paragraph 66.

19      67.    Intercontinental Exchange denies the allegations in Paragraph 67.

20      **E.    The Relevant Geographic Market Is the United States**

21      68.    The allegations in Paragraph 68 constitute legal conclusions to which no response

22  is required.  To the extent a response is required, the allegations are denied.

23  **VI.    MARKET CONCENTRATION AND THE ACQUISITION'S
          PRESUMPTIVE ILLEGALITY**

24

25      69.    The allegations in Paragraph 69 constitute legal conclusions to which no response

26  is required.  To the extent a response is required, Intercontinental Exchange denies the allegations

27  in Paragraph 69.

28      70.    Certain of the allegations in Paragraph 70 purport to characterize, summarize, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

quote from selected portions of the Merger Guidelines.  Intercontinental Exchange refers to the Merger Guidelines for a true and complete statement of their contents.  Additionally, the allegations in Paragraph 70 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies the allegations in Paragraph 70.

71.     The first sentence of Paragraph 71 purports to characterize the Home Mortgage Disclosure Act (the "HMDA"), and Intercontinental Exchange respectfully refers the Court to the HMDA for a complete and accurate statement of its contents.  To the extent the allegations set forth in the first sentence of Paragraph 71 are inconsistent with the HMDA, Intercontinental Exchange denies the allegations.  The remaining allegations in Paragraph 71 are denied.

72.     The allegations in Paragraph 72 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 72 are denied.

73.     The allegations in Paragraph 73 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 73 are denied.

74.     The allegations in Paragraph 74 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 74 are denied.

75.     The allegations in Paragraph 75 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 75 are denied.

## VII.   EVIDENCE OF REASONABLY PROBABLE ANTICOMPETITIVE EFFECTS

### A.     Anticompetitive Effects in LOS Markets

76.     The allegations in Paragraph 76 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 76 are denied.

77.     Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 77 regarding Black Knight, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 77.

78.     Intercontinental Exchange denies the allegation in the first sentence of Paragraph 78.  The allegations in the second sentence of Paragraph 78 constitute legal conclusions to which no response is required.  To the extent a response is required, Intercontinental Exchange denies

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16                                    Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

the allegations in the second sentence of Paragraph 78.

            **i.**     **Intercontinental Exchange and Black Knight Are Each Other's Closest Head-to-Head Competitors**

79.      Certain of the allegations in Paragraph 79 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 79.

80.      Certain of the allegations in Paragraph 80 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 80.

81.      Certain of the allegations in Paragraph 81 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 81.

82.      Intercontinental Exchange lacks knowledge or information sufficient to admit or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1    deny the allegations in Paragraph 82 regarding Black Knight, and on that basis denies them.

2        83.     Intercontinental Exchange denies the allegations in Paragraph 83.

3        84.     Intercontinental Exchange lacks knowledge or information sufficient to admit or

4    deny the allegations in Paragraph 84 regarding Black Knight, and on that basis denies them.

5    Certain of the allegations in Paragraph 84 purport to characterize, summarize, or quote from

6    selected portions of unidentified documents and/or transcripts, offered without attribution or

7    context.  To the extent such documents and/or transcripts are identified, Intercontinental

8    Exchange refers to those documents and/or transcripts for a true and complete statement of their

9    contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental

10   Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on

11   that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph

12   84.

13       **ii.     There Is a Reasonable Probability That the Acquisition Will Eliminate
             LOS Price Competition Between Intercontinental Exchange and Black
14           Knight**

15       85.     Intercontinental Exchange denies the allegations in Paragraph 85.

16       86.     Intercontinental Exchange lacks knowledge or information sufficient to admit or

17   deny the allegations in Paragraph 86 regarding Black Knight, and on that basis denies them.

18   Certain of the allegations in Paragraph 86 purport to characterize, summarize, or quote from

19   selected portions of unidentified documents and/or transcripts, offered without attribution or

20   context.  To the extent such documents and/or transcripts are identified, Intercontinental

21   Exchange refers to those documents and/or transcripts for a true and complete statement of their

22   contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental

23   Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on

24   that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph

25   86.

26       87.     Certain of the allegations in Paragraph 87 purport to characterize, summarize, or

27   quote from selected portions of unidentified documents and/or transcripts, offered without

28   attribution or context.  To the extent such documents and/or transcripts are identified,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18                                    Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 87.

   **iii.**  **There Is a Reasonable Probability That the Acquisition Will Eliminate Competition for LOS Features and Integrations**

88.  Intercontinental Exchange denies the allegations in Paragraph 88.

89.  Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 89 regarding Black Knight, and on that basis denies them. Intercontinental Exchange denies the remaining allegations in Paragraph 89.

90.  Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 90 regarding Black Knight, and on that basis denies them.

91.  Certain of the allegations in Paragraph 91 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 91.

92.  The allegations in Paragraph 92 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 92 are denied.

**B.**  **Anticompetitive Effects in PPE Markets**

93.  The allegations in Paragraph 93 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 93 are denied.

94.  Intercontinental Exchange denies the allegations in Paragraph 94.

95.  Certain of the allegations in Paragraph 95 purport to characterize, summarize, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1   quote from selected portions of unidentified documents and/or transcripts, offered without

2   attribution or context.  To the extent such documents and/or transcripts are identified,

3   Intercontinental Exchange refers to those documents and/or transcripts for a true and complete

4   statement of their contents.  To the extent such documents and/or transcripts are unidentified,

5   Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those

6   allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining

7   allegations in Paragraph 95.

8          96.     Certain of the allegations in Paragraph 96 purport to characterize, summarize, or

9   quote from selected portions of unidentified documents and/or transcripts, offered without

10  attribution or context.  To the extent such documents and/or transcripts are identified,

11  Intercontinental Exchange refers to those documents and/or transcripts for a true and complete

12  statement of their contents.  To the extent such documents and/or transcripts are unidentified,

13  Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those

14  allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining

15  allegations in Paragraph 96.

16          i.     **There Is a Reasonable Probability That the Acquisition Will Eliminate
               Head-to-Head PPE Competition Between Intercontinental Exchange
17             and Black Knight**

18         97.     The allegations in Paragraph 97 constitute legal conclusions to which no response

19  is required.  To the extent a response is required, the allegations in Paragraph 97 are denied.

20         98.     Intercontinental Exchange lacks knowledge or information sufficient to admit or

21  deny the allegations in Paragraph 98 regarding Black Knight, and on that basis denies them.

22  Certain of the allegations in Paragraph 98 purport to characterize, summarize, or quote from

23  selected portions of unidentified documents and/or transcripts, offered without attribution or

24  context.  To the extent such documents and/or transcripts are identified, Intercontinental

25  Exchange refers to those documents and/or transcripts for a true and complete statement of their

26  contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental

27  Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on

28  that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20                                    Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1   98.

2       99.     The allegations in Paragraph 99 constitute legal conclusions to which no response

3   is required.  To the extent a response is required, the allegations in Paragraph 99 are denied.

4       100.    Intercontinental Exchange denies the allegations in Paragraph 100.

5       101.    Intercontinental Exchange admits only the second sentence of Paragraph 101.

6   Intercontinental Exchange denies the remaining allegations in Paragraph 101.

7       102.    Intercontinental Exchange lacks knowledge or information sufficient to admit or

8   deny the allegations in Paragraph 102 regarding Black Knight, and on that basis denies them.

9       103.    Intercontinental Exchange lacks knowledge or information sufficient to admit or

10  deny the allegations in Paragraph 103 regarding Black Knight, and on that basis denies them.

11      104.    Intercontinental Exchange lacks knowledge sufficient or information to admit or

12  deny the allegations in Paragraph 104 regarding Black Knight, and on that basis denies them.

13  Certain of the allegations in Paragraph 104 purport to characterize, summarize, or quote from

14  selected portions of unidentified documents and/or transcripts, offered without attribution or

15  context.  To the extent such documents and/or transcripts are identified, Intercontinental

16  Exchange refers to those documents and/or transcripts for a true and complete statement of their

17  contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental

18  Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on

19  that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph

20  104.

21      105.    Intercontinental Exchange lacks knowledge or information sufficient to admit or

22  deny the allegations in Paragraph 105 regarding Black Knight, and on that basis denies them.

23  Certain of the allegations in Paragraph 105 purport to characterize, summarize, or quote from

24  selected portions of unidentified documents and/or transcripts, offered without attribution or

25  context.  To the extent such documents and/or transcripts are identified, Intercontinental

26  Exchange refers to those documents and/or transcripts for a true and complete statement of their

27  contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental

28  Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 105.

106.    Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 106 regarding Black Knight, and on that basis denies them. Certain of the allegations in Paragraph 106 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 106.

107.    Certain of the allegations in Paragraph 107 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 107.

108.    Certain of the allegations in Paragraph 108 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 108.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

109.     Certain of the allegations in Paragraph 109 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 109.

110.     Certain of the allegations in Paragraph 110 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 110.

111.     Intercontinental Exchange admits that on May 4, 2022, Intercontinental Exchange announced its agreement to acquire Black Knight.  Certain of the allegations in Paragraph 111 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 111.

112.     The allegations in Paragraph 112 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

113.     Intercontinental Exchange denies the allegations in Paragraph 113.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

ii.    **There Is a Reasonable Probability That the Acquisition Will Increase Intercontinental Exchange's Ability and Incentive to Foreclose Competition from Other PPE Providers**

114.    The allegations in Paragraph 114 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 106 regarding Black Knight, and on that basis denies them.

a.    **Intercontinental Exchange Can Disadvantage PPE Competitors by Degrading or Restricting LOS Integration**

115.    Intercontinental Exchange lacks sufficient knowledge or information to form a belief regarding the general background allegations about PPEs and denies any allegations relating thereto, and on that basis denies those allegations.  Intercontinental Exchange denies the remaining allegations in Paragraph 115.

116.    Intercontinental Exchange lacks sufficient knowledge or information regarding the characterization of lenders, PPEs, and PPE providers generally, and on that basis denies those allegations.  Intercontinental Exchange denies the remaining allegations in Paragraph 116.

117.    Intercontinental Exchange denies the allegations in Paragraph 117.

118.    Certain of the allegations in Paragraph 118 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 118.

119.    Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 119 regarding Black Knight, and on that basis denies them.

120.    Intercontinental Exchange denies the allegations in Paragraph 120.

121.    Certain of the allegations in Paragraph 121 purport to characterize, summarize, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1    quote from selected portions of unidentified documents and/or transcripts, offered without

2    attribution or context.  To the extent such documents and/or transcripts are identified,

3    Intercontinental Exchange refers to those documents and/or transcripts for a true and complete

4    statement of their contents.  To the extent such documents and/or transcripts are unidentified,

5    Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those

6    allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining

7    allegations in Paragraph 121.

8         122.    Certain of the allegations in Paragraph 122 purport to characterize, summarize, or

9    quote from selected portions of unidentified documents and/or transcripts, offered without

10   attribution or context.  To the extent such documents and/or transcripts are identified,

11   Intercontinental Exchange refers to those documents and/or transcripts for a true and complete

12   statement of their contents.  To the extent such documents and/or transcripts are unidentified,

13   Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those

14   allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining

15   allegations in Paragraph 122.

16        123.    Certain of the allegations in Paragraph 123 purport to characterize, summarize, or

17   quote from selected portions of unidentified documents and/or transcripts, offered without

18   attribution or context.  To the extent such documents and/or transcripts are identified,

19   Intercontinental Exchange refers to those documents and/or transcripts for a true and complete

20   statement of their contents.  To the extent such documents and/or transcripts are unidentified,

21   Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those

22   allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining

23   allegations in Paragraph 123.

24        **b.      Post-Acquisition, Intercontinental Exchange Will Have a
             Greater Incentive to Foreclose Competition for PPEs**

25        124.    The allegations in Paragraph 124 constitute legal conclusions to which no response

26   is required.  To the extent a response is required, the allegations in Paragraph 124 are denied.

27        125.    Certain of the allegations in Paragraph 125 purport to characterize, summarize, or

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25                        Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 125.

126.     The allegations in Paragraph 126 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Certain of the allegations in Paragraph 126 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them. Intercontinental Exchange denies the remaining allegations in Paragraph 126.

127.     Certain of the allegations in Paragraph 127 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 127.

128.     Intercontinental Exchange denies the allegations in Paragraph 128.

**C.     Anticompetitive Effects in Other Relevant Antitrust Markets for Ancillary Services**

129.     Intercontinental Exchange denies the allegations in Paragraph 129.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

Case No. 3:23-cv-01710-AMO

DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1     130.    Intercontinental Exchange denies the allegations in Paragraph 130.

2     131.    Intercontinental Exchange denies the allegations in Paragraph 130.

3     132.    Intercontinental Exchange lacks knowledge or information sufficient to admit or

4   deny the allegations in Paragraph 132 regarding Black Knight, and on that basis denies them.

5   Intercontinental Exchange denies the remaining allegations in Paragraph 132.

6     133.    Intercontinental Exchange lacks knowledge or information sufficient to admit or

7   deny the allegations in Paragraph 133 regarding Black Knight, and on that basis denies them.

8   Intercontinental Exchange denies the remaining allegations in Paragraph 133.

9   **VIII.   LACK OF COUNTERVAILING FACTORS**

10    134.    The allegations in Paragraph 134 constitute legal conclusions to which no response

11  is required.  To the extent a response is required, the allegations in Paragraph 134 are denied.

12    135.    The allegations in the first two sentences of Paragraph 135 constitute legal

13  conclusions to which no response is required.  To the extent a response is required, the allegations

14  in the first two sentences of Paragraph 135 are denied.  Intercontinental Exchange lacks

15  knowledge or information sufficient to admit or deny the allegations in the third sentence of

16  Paragraph 135 regarding Black Knight, and on that basis denies them.

17    136.    Intercontinental Exchange lacks knowledge or information sufficient to admit or

18  deny the allegations in Paragraph 136 regarding Black Knight, and on that basis denies them.

19  Certain of the allegations in Paragraph 136 purport to characterize, summarize, or quote from

20  selected portions of unidentified documents and/or transcripts, offered without attribution or

21  context.  To the extent such documents and/or transcripts are identified, Intercontinental

22  Exchange refers to those documents and/or transcripts for a true and complete statement of their

23  contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental

24  Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on

25  that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph

26  136.

27    137.    Certain of the allegations in Paragraph 137 purport to characterize, summarize, or

28  quote from selected portions of unidentified documents and/or transcripts, offered without

attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 137.

138.    The first sentence of Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in the first sentence of Paragraph 138 are denied.  Intercontinental Exchange denies the remaining allegations in Paragraph 138.

139.    The first sentence of Paragraph 139 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in the first sentence of Paragraph 139 are denied.  Intercontinental Exchange denies the remaining allegations in Paragraph 139.

140.    The first sentence of Paragraph 140 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in the first sentence of Paragraph 140 are denied.  Intercontinental Exchange lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 140 regarding Black Knight, and on that basis denies them.  Certain of the allegations in Paragraph 140 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context.  To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents.  To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Intercontinental Exchange denies the remaining allegations in Paragraph 140.

141.    Intercontinental Exchange denies the allegations in Paragraph 141.

142.    Intercontinental Exchange lacks knowledge or information sufficient to admit or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

deny the allegations in Paragraph 142 regarding Black Knight, and on that basis denies them. Certain of the allegations in Paragraph 142 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context. To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents. To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them. Intercontinental Exchange denies the remaining allegations in Paragraph 142.

143. The allegations in Paragraph 143 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 143 are denied.

## IX. DEFENDANTS' PROPOSED REMEDY WILL NOT FIX THE ACQUISITION'S ANTICOMPETITIVE EFFECTS

144. Intercontinental Exchange admits only that Intercontinental Exchange and Black Knight have signed a definitive agreement to divest Empower to Constellation as part of the proposed transaction. Certain of the allegations in Paragraph 144 purport to characterize, summarize, or quote from selected portions of unidentified documents and/or transcripts, offered without attribution or context. To the extent such documents and/or transcripts are identified, Intercontinental Exchange refers to those documents and/or transcripts for a true and complete statement of their contents. To the extent such documents and/or transcripts are unidentified, Intercontinental Exchange lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them. Intercontinental Exchange denies the remaining allegations in Paragraph 144.

145. The allegations in Paragraph 145 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 145 are denied.

## X. LIKELIHOOD OF SUCCESS ON THE MERITS, BALANCE OF EQUITIES, AND NEED FOR RELIEF

146. The allegations in Paragraph 146 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 146 are denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

147.    Intercontinental Exchange denies the allegations contained in Paragraph 147.

148.    Intercontinental Exchange denies the allegations in Paragraph 148.

149.    Intercontinental Exchange denies the first sentence of Paragraph 149.  The remainder of Paragraph 149 is a request for relief to which no response is required.  To the extent a response is required, Intercontinental Exchange denies that the FTC is entitled to the relief requested in Paragraph 149.

## AFFIRMATIVE AND OTHER DEFENSES

Intercontinental Exchange asserts the following defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof or persuasion where such burden rests on the FTC.  Intercontinental Exchange has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of the action.  Intercontinental Exchange reserves the right to amend, or seek to amend, its Answer, including its affirmative and other defenses.

### FIRST DEFENSE
**(Structure of Proceedings Violates Due Process)**

The structure of the related administrative proceedings, in which the Commission both initiates and finally adjudicates the Complaint against Intercontinental Exchange, having prejudged the merits of the action, violates Intercontinental Exchange's Fifth Amendment Due Process right to adjudication before a neutral arbiter.

### SECOND DEFENSE
**(Commission's Procedures Violate Due Process)**

The Commission's procedures violate Intercontinental Exchange's right to procedural due process under the Due Process Clause of the Fifth Amendment.

### THIRD DEFENSE
**(Commission's Procedures Violate Equal Protection Clause)**

The Commission's procedures arbitrarily subject Intercontinental Exchange to administrative proceedings rather than to proceedings before an Article III judge in violation of Intercontinental Exchange's right to Equal Protection under the Fifth Amendment.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

**FOURTH DEFENSE**
**(Constraints on Removal Violate Article II of the Constitution)**

The related administrative proceedings are invalid because the constraints on removal of the Commissioners and the Administrative Law Judge violate Article II of the Constitution and the separation of powers.

**FIFTH DEFENSE**
**(Delegation of Legislative Power Unconstitutional)**

The related administrative proceedings are invalid because Congress unconstitutionally delegated legislative power to the Commission by failing to provide an intelligible principle by which the Commission would exercise the delegated power.

**SIXTH DEFENSE**
**(Violation of Fifth Amendment)**

Granting the relief sought would constitute a taking of Intercontinental Exchange's property in violation of the Fifth Amendment to the Constitution.

**SEVENTH DEFENSE**
**(Violation of Seventh Amendment)**

The adjudication of the Complaint against Intercontinental Exchange through the related administrative proceedings violates Intercontinental Exchange's Seventh Amendment right to a jury trial.

**EIGHTH DEFENSE**
**(Violation of Article III of the U.S. Constitution)**

The adjudication of the Complaint against Intercontinental Exchange through the related administrative proceedings adjudicates private rights and therefore violates Article III of the U.S. Constitution and the Seventh Amendment.

**NINTH DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted, including, but not limited to, on the basis that: (1) new entrants to the relevant market were (and are) timely, likely, and sufficient to offset any alleged anticompetitive effects of the Transaction; (2) the alleged market definitions fail as a matter of both fact and law; (3) the Complaint fails to allege any plausible harm to competition, consumers, or consumer welfare; (4) the Complaint fails to allege

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

undue share in any plausibly defined relevant market; and (5) any alleged harm to potential competition is not actionable.

**TENTH DEFENSE**
**(No Antitrust Injury)**

The Complaint fails to establish actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

**ELEVENTH DEFENSE**
**(Transaction Is Not Unlawful)**

The Transaction does not violate the antitrust laws because:  (1) the Transaction is procompetitive, and will result in merger-specific efficiencies, cost synergies, product-quality improvements, and other procompetitive effects that benefit consumers. The benefits outweigh any alleged anticompetitive effects; (2) the combination of Respondents' businesses is not likely to substantially lessen competition under the analytical framework set forth in the Merger Guidelines promulgated by the FTC and Department of Justice; and (3) Intercontinental Exchange and Black Knight's agreement with Constellation to divest Empower as well as certain other products to Constellation would address any purported anticompetitive effects alleged in the Complaint and, consistent with Section 7 of the Clayton Act, 15 U.S.C. § 18, and the decision in *United States v. UnitedHealth Grp. Inc*., No. 1:22-cv-0481, 2022 WL 4365867, at *9 (D.D.C. Sept. 21, 2022), it is inappropriate to consider the transaction in the absence of the divestiture.

**TWELFTH DEFENSE**
**(Public Interest)**

Neither the filing of this Complaint nor the contemplated relief is in the public interest, pursuant to 15 U.S.C. § 45.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

Intercontinental Exchange has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of the action. Intercontinental Exchange reserves the right to amend, or seek to amend, its Answer, including its affirmative and other defenses.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

## COUNTERCLAIMS

Defendant Intercontinental Exchange, Inc. ("Intercontinental Exchange"), by and through its undersigned attorneys, seeks the following counterclaims against Plaintiff Federal Trade Commission ("Plaintiff" or "FTC").

### NATURE OF THE ACTION

1.     Intercontinental Exchange challenges the unconstitutional structure and processes employed by the FTC to prohibit lawful acquisitions.  The FTC possesses the power to not only prosecute cases, but to judge them as well.  Yet the FTC's Administrative Law Judges ("ALJs") exercise near-total protection from political accountability because they are subject to neither democratic election nor at-will removal by the President.  Instead, they have "dual layers" of removal protection because they are only removable by Commissioners "for cause", who, in turn, are only removable by the President "for cause."

2.     In the related proceeding instituted against Intercontinental Exchange, the FTC has not only charged and prosecuted the case but has also appointed an ALJ.  And if the FTC disagrees with the ALJ's ultimate decision on either the facts or the law, the same Commissioners who voted to file the enforcement action against Intercontinental Exchange have the right to review these findings de novo and change them.  A former FTC Commissioner has described this procedure as an "unhealthy and biased institutional process" that virtually guarantees the agency's result will stand.  *See* Joshua D. Wright, Section 5 Revisited: Time for the FTC to Define the Scope of Its Unfair Methods of Competition Authority at 6 (2015).

3.     This process also involves the adjudication of private rights.  Particularly, the parties' ability to engage in a private commercial transaction and the risk that the parties will have to pay a fine to the FTC.  Such an adjudication is the exclusive province of Article III courts where the parties may also be able to assert their Seventh Amendment right to a trial by jury.

4.     This Court should declare the FTC's structure and procedures unconstitutional. And it should enjoin the FTC from subjecting Intercontinental Exchange to its unfair and unconstitutional internal forum, adjudicating the legality of Intercontinental Exchange's acquisition in this Article III court instead.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

**THE PARTIES**

5.      Counterclaim Defendant FTC is an administrative agency of the United States Government, established, organized, and existing pursuant to the FTC Act, 15 U.S.C. § 45, and is authorized under certain circumstances by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to initiate court proceedings to enjoin ongoing or imminent violations of any law the FTC enforces.

6.      Counterclaim Plaintiff Intercontinental Exchange is a publicly traded corporation incorporated in Delaware, with its headquarters in Atlanta, Georgia.  Intercontinental Exchange provides market infrastructure, data services, and technology solutions in three segments: exchanges, fixed income and data services, and mortgage technology.

**JURISDICTION AND VENUE**

7.      This action arises under the Constitution and laws of the United States, and this Court has federal question jurisdiction over this action pursuant to Article III of the Constitution and 28 U.S.C. § 1331.

8.      Counterclaim Plaintiff's right to immediate judicial review in this Court with respect to Counterclaim Defendants' alleged conduct is based on the Due Process Clause of the Fifth Amendment, Article III of the Constitution, the Seventh Amendment, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

9.      Venue is proper under 5 U.S.C. § 703 and 28 U.S.C. § 1391(b), (c), and (e).

**FACTUAL BACKGROUND**

**A.      The Constitutional Infirmities Associated with the Government Merger Review Process**

10.      Both the FTC and the Department of Justice ("DOJ") review mergers and acquisitions that may present substantive antitrust concerns. Section 7 of the Clayton Act, codified at 15 U.S.C. § 18, prohibits mergers and acquisitions where the "effect . . . may be substantially to lessen competition" or "tend to create a monopoly."  As relevant here, the FTC's authority is based on Section 13(b) of the FTC Act.

11.      The government employs an impermissibly arbitrary approach to deciding whether the FTC or DOJ will lead a given investigation, despite the consequences that decision carries for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

regulated parties.  DOJ-led proceedings occur in federal court.  By contrast, the FTC may pursue proceedings before itself, where an ALJ presides over a hearing lacking the stringent evidentiary and procedural rules of federal court, *see* 16 C.F.R. §§ 3.21-.43.  Further, federal courts may apply different standards of review depending on where the case originated.  *Compare* Fed. R. Civ. P. 52(a)(6) *with* 15 U.S.C. §§ 21(c), 45(c).

12.  The FTC's and DOJ's process lacks standards and does not provide citizens with necessary Due Process safeguards.  *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (government cannot deprive property under law "so standardless that it invites arbitrary enforcement"); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).  The arbitrary manner in which the FTC and DOJ determine parties' procedural rights also violates Equal Protection, *cf. Williams v. Vermont*, 472 U.S. 14, 22-23 (1985) ("arbitrary distinction" among taxpayers violates equal protection), and impermissibly delegates to the agencies legislative powers that belong exclusively to Congress, *cf. Jarkesy* v. *SEC*, 34 F.4th 446, 459 (5th Cir. 2022) (SEC's ability to assign matters to agency adjudication without intelligible principle violates the nondelegation doctrine.  The FTC's discretion to sue in federal court or its own tribunal (or both), afforded it by Congress without the requisite intelligible principle to guide its exercise, likewise violates the nondelegation doctrine.  *Mistretta* v. *United States*, 488 U.S. 361, 372 (1989) (Congress can delegate its Article 1 legislative powers to another entity only if it provides an "intelligible" principle by which to exercise that power); *Crowell* v. *Benson*, 285 U.S. 22, 50 (1932) ("[T]he mode of determining" which cases are assigned to administrative tribunals is "completely within congressional control."); *Jarkesy*, 34 F.4th at 462 (providing the SEC with broad "power to decide which defendants should receive *certain legal processes* (those accompanying Article III proceedings)" violated the nondelegation doctrine).

13.  Moreover, the FTC's internal administrative hearing provides none of the substantive or procedural protections enjoyed by litigants in federal district court. These proceedings are, instead, fraught with Due Process and Equal Protection deficiencies.

- Federal district court judges are Article III impartial fact-finders who owe no allegiances to the agency.  In contrast, any FTC Commissioner (including those

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

Case No. 3:23-cv-01710-AMO

DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

who voted to sue Intercontinental Exchange and Black Knight) is permitted to preside over the administrative hearing; and an ALJ appointed by and compensated by the FTC will preside.

- Federal court proceedings are governed by the Federal Rules of Evidence and Federal Rules of Civil Procedure.  Neither apply in FTC administrative proceedings.

- Litigants in federal court can appeal adverse decisions to impartial circuit court judges.  Decisions rendered in FTC administrative proceedings must first be appealed to the same FTC Commissioners who voted to sue the defendant at the outset, raising inherent concerns about proper review and opening the potential for bias to reach an end result.

- The FTC Commissioners, on appeal, can ignore and completely change the merits decision rendered in the administrative proceedings before the defendant appeals to the circuit court.  *See, e.g.*, Opinion of the Commission, *In the Matter of Illumina, Inc., a corporation, and GRAIL, Inc., a corporation*, Docket No. 9401 (April 3, 2023) (opinion of the FTC reversing ALJ's finding that Complaint Counsel failed to prove that a substantial lessening of competition was probable or imminent).

- Different appellate standards of review may apply depending on where the case originated.  On appeal from agency proceedings, "[t]he findings of the Commission as to the facts, if supported by evidence, shall be conclusive." 15 U.S.C. § 45(c).

14.     The nature of administrative hearings at the FTC and the limited review of its factual findings on appeal means the results can be preordained.  As one court noted, the "FTC has not lost a single case [in administrative proceedings] in the past quarter-century.  Even the 1972 Miami Dolphins would envy that type of record." *Axon Enter., Inc. v. Fed. Trade Comm'n*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

986 F.3d 1173, 1187 (9th Cir. 2021), cert. granted in part, 142 S. Ct. 895 (2022), and rev'd and remanded, No. 21-1239, 2023 WL 2938328 (U.S. Apr. 14, 2023).[1]

15.     This kind of discretionary hearing process is exactly what Article III, the Equal Protection Clause, the Due Process Clause, the nondelegation doctrine, and the Seventh Amendment were designed to prevent. As the Supreme Court has emphasized, the irreducible minimum of Due Process is "notice of the factual basis" of the Government's assertions "and a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker." *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004). Indeed, "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right … an opportunity to be heard must be granted at a meaningful time and in a meaningful manner.'" *Id*. (quoting *Baldwin v. Hale*, 1 Wall. 223, 233 (1864)). And a "meaningful" hearing, for purposes of Due Process, "requires a neutral and detached judge." *Id*. (quoting *Concrete Pipe & Prods. Of Cal., Inc. v. Construction Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 617 (1993)). "These essential constitutional promises may not be eroded." *Id*. And yet that basic protection—provided to everyone from public employees to enemy combatants—is denied to companies caught up in a merger challenge pursued by the FTC.

**B.      The FTC Lacks Political Accountability.**

16.     Article II "vested" all "executive Power" in the President, Art. II, § 1, cl. 1, and charged the President alone with "tak[ing] Care that the Laws be faithfully executed," Art. II, § 3.

17.     As the Supreme Court has explained, the Constitution concentrates executive power solely in the President because the Framers wanted to "ensure … accountability" in the Executive Branch. *Printz v. United States,* 521 U.S. 898, 922 (1997).  They recognized that the President could not carry out all of his duties alone, and therefore, must be able to delegate some authority and responsibilities to others.  *See* Art. II, § 2, cl. 2 (discussing appointments of superior and inferior officers); *Myers v. United States*, 272 U.S. 52, 117 (1926) ("the President alone and unaided could not execute the laws," and thus must "select those who [are] to act for him under

---

[1] This representation by the Ninth Circuit Court of Appeals was made before ALJ Chappell's ruling in the Illumina/Grail matter referenced above. In the most recent instance of the FTC losing a case in an administrative proceeding, the Commissioners voted to reverse the ALJ.

his direction in the execution of the laws.").

18.     While the President may delegate power, the President must ensure that "the buck stops" with him or her. *Free Enterprise Fund v. PCAOB*, 561 U.S. 477, 493 (2010). Accordingly, the Supreme Court has recognized that, "as a general matter," the President must have the "power to remove" principal officers "who assist him in carrying out his duties." *Id.* at 513-14.  Indeed, if "any power whatsoever is in its nature Executive, it is the power of appointing, overseeing, and controlling those who execute the laws." *Id.* at 492 (quoting 1 Annals of Cong. 463 (1789) (Joseph 8 Gales ed., 1834) (Madison) (emphasis added)).

19.     Just as the President's ability to select administrative officers "is essential to the execution of the laws by him, so must be his power of removing" officers. *Myers*, 272 U.S. at 117.  That removal power is important to the democratic legitimacy of the Executive Branch in at least two ways.  First, it makes officers less likely to deviate from the President's (and hence, the People's) will.  An officer who knows that disobedience can (and will) be met with removal is less likely to take an action at odds with the President's agenda.  Second, and perhaps more importantly, the removal power gives the People political recourse if they are displeased with the actions taken by those who enforce federal law.  Although the People cannot vote for (or against) an Executive officer directly, they can vote for (or against) the President, who bears ultimate responsibility for federal law enforcement.  Those two mechanisms for accountability work together to ensure that the Government officials who carry out the work of the Executive Branch do so in a way that reflects the People's will, and not their own.

20.     FTC Commissioners, however, are shielded from at-will Presidential removal—and hence from the key mechanism of democratic accountability—in violation of Article II.  The FTC is headed by five Commissioners, nominated by the President and confirmed by the Senate, each serving a 7-year term. 15 U.S.C. § 41.  But once appointed, the Commissioners are not subject to removal by the President absent a finding of "inefficiency, neglect of duty, or malfeasance in office." *Id*.  This means FTC Commissioners are not politically accountable for their actions.

21.     The ALJs that initially conduct administrative proceedings receive an additional

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1   layer of protection from Presidential removal.  FTC-appointed ALJs can also only be removed for

2   "good cause" in accordance with statutory procedures.  5 U.S.C. § 7521(a), (b)(1).  This creates a

3   dual layer of protection for these ALJs.  The Supreme Court has uniformly held that such dual

4   layered protection is unconstitutional.  *See Free Enterp. Fund*, 561 U.S. at 495 (holding

5   unconstitutional similar multi-layer tenure protection where Board members appointed by SEC

6   could only be removed by those Commissioners, not the President, for cause); *Seila Law LLC v.*

7   *CFPB,* ––– U.S. –––, 140 S. Ct. 2183, 2192, 207 L.Ed.2d 494 (2020) (finding that the removal

8   restrictions on the director of the CFPB violated Article II of the Constitution).

9       22.     The result is that crucial law enforcement actions, sometimes with massive

10  consequences for the American economy, are currently taken by individuals not elected by the

11  People, and not controlled by the President.  That runs directly contrary to Article II and the

12  democratic principles underlying the Constitution.

13      **C.     The FTC Adjudicates Private Rights with Limited Article III Judicial Review and no Trials by Jury.**

14

15      23.     Article III provides that the judicial power of the United States is vested "in one

16  supreme Court, and in such inferior Courts as the Congress may from time to time ordain and

17  establish." § 1.  "Consequently, Congress cannot confer the Government's 'judicial Power' on

18  entities outside Article III."  *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 200 L.

19  Ed. 2d 671, 138 S. Ct. 1365, 1372–73 (2018) (citing *Stern v. Marshall*, 564 U.S. 462, 484, 131

20  S.Ct. 2594, 180 L.Ed.2d 475 (2011)).  Specifically, "Congress may not withdraw from judicial

21  cognizance any matter which, from its nature, is the subject of a suit at the common law, or in

22  equity, or admiralty." *Stern*, 564 U.S. at 484.

23      24.     To determine if an entity is improperly exercising the "judicial power" courts

24  distinguish between public and private rights, with private rights requiring adjudication by Article

25  III courts.  *Id*. at 495.  Private rights were historically understood to include rights to "the three

26  'absolute' rights, life, liberty, and property, so called because they appertain and belong to

27  particular men merely as individuals,' not 'to them as members of society or standing in various

28  relations to each other'—that is, not dependent upon the will of the government." *Wellness Int'l*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39                          Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1  *Network, Ltd. v. Sharif*, 575 U. S. 665, 713–714 (2015) (dissenting opinion) (quoting 1 W.

2  Blackstone, Commentaries on the Laws of England 119 (1765)(internal quotation marks omitted

3      25.   As part of its administrative proceedings, the FTC determines the rights of parties

4  to engage in private transactions.  This directly regulates the right of parties to use their property

5  and therefore their private rights as historically understood.  Moreover, an FTC order in these

6  administrative proceedings brings with it the possibility of future civil penalties.  15 U.S.C. §

7  45(l).  Civil penalties require a party to surrender its property and so also implicate "private

8  rights." *See Tull v. United States*, 481 U. S. 412, 422 (1987)  ("A civil penalty was a type of

9  remedy at common law that could only be enforced in courts of law").

10      26.   Although FTC actions are technically subject to judicial review, that review is

11  limited.  The FTC Act provides that  "the findings of the commission as to the facts, if supported

12  by testimony, shall in like manner be conclusive" in federal court.  38 Stat. 720 (codified, as

13  amended, at 15 U. S. C. §45(c)).  And, review of these proceedings is typically restricted to " the

14  court of appeals of the United States, within any circuit where the method of competition or the

15  act or practice in question was used or where such person, partnership, or corporation resides or

16  carries on business." *Id.*

17      27.   The FTC review process also includes no right for a regulated defendant to receive

18  a trial by a jury.  The Seventh Amendment explicitly provides this right in "Suits at common law,

19  where the value in controversy shall exceed twenty dollars."  This includes actions "analogous to

20  Suits at common law." *Tull*, 481 U. S., at 417.

21      28.   The FTC's actions in its administrative proceedings that implicate the rights of

22  parties to engage in private commercial transactions and create the possibility of civil penalties

23  are analogous to actions at common law and so implicate parties' Seventh Amendment rights.

24      29.   The combination of this limited judicial review and the substantial adjudication of

25  private rights that occurs in the FTC's administrative process violates Article III of the

26  Constitution because the FTC is wielding power that is in the exclusive domain of the federal

27  courts.  Additionally, the failure to provide parties to these proceedings with a right to a jury trial

28  violates the Seventh Amendment.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

**D.      The FTC's Administrative Proceeding Against Intercontinental Exchange.**

30.     On May 18, 2022, Counterclaim Plaintiff Intercontinental Exchange and Black Knight, Inc. submitted Premerger Notification and Report Forms to the Federal Trade Commission's Premerger Notification Office and the Department of Justice's Antitrust Division.

31.     On June 17, 2022, the FTC issued a request for additional information and documentary materials ("Second Request") to both Counterclaim Plaintiff Intercontinental Exchange and Black Knight in connection with the proposed acquisition.

32.     On October 17, 2022, Counterclaim Plaintiff Intercontinental Exchange and Black Knight certified compliance with the Second Request.

33.     Counterclaim Plaintiff Intercontinental Exchange and Black Knight engaged in meaningful dialogue and negotiation with the FTC, both throughout the Second Request process and after certification, seeking to educate the FTC on market realities and the effects of the proposed acquisition.

34.     Despite confidence that the proposed acquisition would not lead to a substantial lessening of competition in the loan origination software ("LOS") market, in an effort to assuage concerns articulated by the FTC, Counterclaim Plaintiff Intercontinental Exchange and Black Knight agreed to divest Black Knight's LOS product, Empower, along with related assets, to Constellation Web Solutions Inc.

35.     On March 9, 2023 and as a result of a vote the Commissioners, the FTC instituted the administrative proceedings against Intercontinental Exchange and Black Knight.

36.     That same day, the FTC commenced an administrative proceeding on the antitrust merits of the Acquisition before an Administrative Law Judge.  In this proceeding the FTC seeks to prevent Intercontinental Exchange and Black Knight from engaging in the Acquisition.  The trial on the merits trial scheduled to begin on July 12, 2023.  Once this trial is complete and an ALJ decision is rendered any review of that decision will be by the Commissioners themselves. The same Commissioners who voted to institute proceedings.

37.     In a departure from longstanding practice, the FTC chose not to simultaneously file a complaint for a preliminary injunction in federal court.  Instead, the FTC waited until April

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1    10, 2023, to file a complaint with this court.

2    38.    The FTC's complaint in this action is in aid of the administrative proceedings.  It

3    seeks to preliminarily enjoin the acquisition.

4    **COUNT I**
     **(Violation of Intercontinental Exchange's Constitutional Rights**
5    **Declaratory and Injunctive Relief)**

6    39.    Intercontinental Exchange restates and incorporates by reference each and every

7    allegation of the preceding paragraphs.

8    40.    The ongoing administrative proceeding, in which the FTC will act as prosecutor,

9    judge, and jury, violates several of Intercontinental Exchange's constitutional rights.

10   41.    It violates Intercontinental Exchange's Due Process rights, by, among other things,

11   arbitrarily subjecting Intercontinental Exchange to the FTC's administrative processes and

12   depriving Intercontinental Exchange of the ability to make its case before a neutral arbiter.

13   42.    By arbitrarily subjecting Intercontinental Exchange to unfair procedures before an

14   administrative body, rather than to a fair trial before a neutral judge appointed in accordance with

15   Article III of the Constitution with the procedural protections of a federal court, the FTC has also

16   violated Intercontinental Exchange's Equal Protection rights.

17   43.    The FTC's actions separately violate Intercontinental Exchange's Constitutional

18   rights because the agency's structure, on its face, is unconstitutional under Article II.  In

19   particular, the ALJ appointed by the FTC, has an impermissible dual-layer of insulation from

20   removal.  Because the agency's structure violates Article II, any actions taken against

21   Intercontinental Exchange under its present structure are invalid.

22   44.    Additionally, in this administrative proceeding, the FTC is adjudicating

23   Intercontinental Exchange's private rights.  Such an adjudication is improper and is the exclusive

24   province of a court established by Article III of the Constitution.

25   45.    Moreover, the adjudication of Intercontinental Exchange's substantial private

26   rights in an action analogous to common law actions without a jury is unlawful under the Seventh

27   Amendment to the Constitution.

28   46.    Moreover, by failing to provide a clear principle to the FTC and DOJ to determine

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    which agency would investigate and prosecute a transaction under the antitrust laws, Congress

2    unconstitutionally delegated its legislative power to the agencies, in violation of the

3    nondelegation doctrine.  So too Congress's provision to the FTC the power to sue in federal or

4    administrative court.

5         47.    The Commission's conduct has caused and will continue to cause Intercontinental

6    Exchange to suffer immediate and irreparable harm to its Constitutional rights. No money

7    damages can remedy this harm, and Intercontinental Exchange has no legal avenue by which to

8    recover any money damages against the Commission.  The FTC's administrative proceeding is

9    not speculative.  It is happening and ongoing.  Further, the FTC's suit in this court is in aid of this

10   administrative proceeding.

11        48.    These violations of its constitutional rights entitle Intercontinental Exchange to

12   declaratory relief under the Declaratory Judgment Act 28 U.S.C. § 2201, as well as injunctive

13   relief against the continuation of the FTC's administrative proceeding.

14   ### <u>NOTICE OF CONTEMPLATED RELIEF</u>

15        WHEREFORE, Intercontinental Exchange respectfully requests that the Court enter

16   judgment:

17       A.    Denying the FTC's requested relief;

18       B.    Dismissing the Complaint in its entirety, with prejudice;

19       C.    Declaring the FTC's structure unconstitutional;

20       D.    Declaring the FTC's administrative procedures unconstitutional;

21       E.    Enjoining the FTC and its Commissioners from pursuing an administrative

22   enforcement action against Intercontinental Exchange;

23       F.    Awarding Intercontinental Exchange the costs it has incurred in defending this

24   action and expenses; and

25       G.    Awarding such other and further relief to Intercontinental Exchange as the Court

26   may deem just and proper.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1    Dated:  April 25, 2023                    By _____/s/ Minna Lo Naranjo_____
                                                       Minna Lo Naranjo
2

3                                              Michelle Park Chiu, Bar No. 248421
                                               michelle.chiu@morganlewis.com
                                               Minna Lo Naranjo, Bar No. 259005
4                                              minna.naranjo@morganlewis.com
                                               **MORGAN, LEWIS & BOCKIUS LLP**
5                                              One Market, Spear Street Tower
                                               San Francisco, CA 94105-1596
6                                              Telephone: (415) 442-1000
                                               Facsimile:  (415) 442-1001
7
                                               J. Clayton Everett Jr., *pro hac vice*
8                                              clay.everett@morganlewis.com
                                               Ryan M. Kantor, *pro hac vice*
9                                              ryan.kantor@morganlewis.com
                                               **MORGAN, LEWIS & BOCKIUS LLP**
10                                             1111 Pennsylvania Avenue, NW
                                               Washington, D.C.  20004-2541
11                                             Telephone: (202) 739-3000
                                               Facsimile: (202) 739-3001
12
                                               John C. Dodds, *pro hac vice*
13                                             john.dodds@morganlewis.com
                                               Zachary M. Johns, *pro hac vice*
14                                             zachary.johns@morganlewis.com
                                               **MORGAN, LEWIS & BOCKIUS LLP**
15                                             1701 Market Street
                                               Philadelphia, PA 19103-2921
16                                             Telephone: (215) 963-5000
                                               Facsimile: (212) 309-6001
17
                                               Kalpana Srinivasan, Bar No. 237460
18                                             ksrinivasan@susmangodfrey.com
                                               Michael Gervais, Bar No. 330731
19                                             mgervais@susmangodfrey.com
                                               Jesse-Justin Cuevas, Bar No. 307611
20                                             jcuevas@susmangodfrey.com
                                               **SUSMAN GODFREY L.L.P.**
21                                             1900 Avenue of the Stars, Suite 1400
                                               Los Angeles, CA 90067
22                                             Telephone:  (310) 789-3100
                                               Facsimile:  (310) 789-3150
23
                                               *(cont.)*
24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Shawn Raymond, *pro hac vice pending*
sraymond@susmangodfrey.com
Alex Kaplan, *pro hac vice*
akaplan@susmangodfrey.com
Adam Carlis, *pro hac vice forthcoming*
acarlis@susmangodfrey.com
Alejandra Salinas, *pro hac vice forthcoming*
asalinas@susmangodfrey.com
Abby Noebels, *pro hac vice forthcoming*
anoebels@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

*Attorneys for Defendant*
*Intercontinental Exchange, Inc.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

45

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Proof of Service</u>**

I, Minna Lo Naranjo, hereby certify that on April 25, 2023, I electronically filed the documents entitled "DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS" with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

Dated:  April 25, 2023

By:   */s/Minna Lo Naranjo*
Minna Lo Naranjo

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:23-cv-01710-AMO
DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS