Abby L. Dennis, DC Bar No. 994476
Peter Richman, CA Bar No. 149107
Ashley Masters, TX Bar No. 24041412
Abigail Wood, DC Bar No. 242239

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; prichman@ftc.gov;
amasters@ftc.gov; awood@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERCONTINENTAL EXCHANGE, INC.** <br><br> and <br><br> **BLACK KNIGHT, INC.,** <br><br> Defendants. | Case No. 3:23-cv-01710-AMO <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on June 22, 2023, at 2:00 p.m., Plaintiff Federal Trade Commission ("FTC") shall move and hereby does move the Court to strike certain affirmative defenses of Defendants Intercontinental Exchange, Inc. ("ICE") and Black Knight, Inc. ("Black Knight"), pursuant to Federal Rule of Civil Procedure 12(f).

Plaintiff respectfully requests this Court to strike Defendants' identical First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses. None of these defenses is pertinent or material to the FTC's request for a preliminary injunction pursuant to Federal Trade Commission Act § 13(b), 15 U.S.C. § 53(b). These defenses also fail to meet minimum pleading standards.

Plaintiff's motion is based on this Notice of Motion; the Memorandum of Points and Authorities in Support filed concurrently; all other pleadings on file in this action; and any other written or oral argument that Plaintiff may present to the Court.

## ISSUE TO BE DECIDED

Whether the Court should strike Defendants' First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses because they, alternatively, (1) are immaterial and impertinent to the FTC's request for preliminary injunctive relief pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. 53(b); and (2) fail to meet the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................... i

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

I.    BACKGROUND ........................................................................................................ 1

II.   ARGUMENT .............................................................................................................. 4

    A.    Defendants' Constitutional Defenses Are Immaterial and Impertinent ............. 4

    B.    The Defenses Should be Stricken Because They Fail to Identify the Factual Bases Underlying the Defenses. ........................................................................ 8

III.  CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................................8

*Facebook, Inc. v. Gajjar*, No. 4:20-CV-02429-KAW, 2022 WL 2239834
    (N.D. Cal. June 17, 2022) ................................................................................................9

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*,
    510 U.S. 517 (1994) .........................................................................................................4

*FTC v. H.J. Heinz Co.*, 246 F.3d 708 (D.C. Cir. 2001) .........................................................6

*FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2022 WL 16637996
    (N.D. Cal. Nov. 2, 2022) ......................................................................................... *passim*

*FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708 (9th Cir. 1976) ..................................................6

*FTC v. Staples, Inc.*, 239 F. Supp. 3d 1 (D.D.C. 2000) ........................................................6

*FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156 (9th Cir. 1984) .......................................6, 7

*Goobich v. Excelligence Learning Corp.*, No. 5:19-cv-06771-EJD, 2020 WL 1503685
    (N.D. Cal. Mar. 30, 2020) ................................................................................................8

*MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc.*, 2015 WL 4624119
    (N.D. Cal. Aug. 3, 2015) ..................................................................................................8

*SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ........................................4

*Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785 (N.D. Cal. 2019) .....................................2

**Statutes**

Federal Trade Commission Act, 15 U.S.C. § 53(b) ...................................................... *passim*

**Other Authorities**

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure (1990) ...................4

Federal Rule of Civil Procedure 12(f) ...............................................................................1, 4

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 3:23-CV-01710-AMO

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Federal Trade Commission ("FTC") respectfully moves pursuant to Federal Rule of Civil Procedure 12(f) to strike various affirmative defenses that Defendants Intercontinental Exchange, Inc. ("ICE") and Black Knight, Inc. ("Black Knight") have asserted in this case. The affirmative defenses that are the subject of this Motion raise various constitutional arguments about the FTC's process and powers. They should be struck for three reasons. First, Defendants pled all but one of these defenses as counterclaims and previously told the Court that they "are amenable to resolution of their counterclaims coming after and trailing the resolution of the FTC's request for a preliminary injunction." Joint Case Mgmt. (Dkt. No. 72) at 18-19. In other words, Defendants agree that constitutional issues are not necessary to deciding whether to grant the FTC's claim for a preliminary injunction. Second, even putting aside Defendants' counterclaims and concession, the constitutional defenses should be struck as immaterial and impertinent to the narrow inquiry that the Ninth Circuit has directed courts to undertake in evaluating an FTC claim for a preliminary injunction pursuant to Section 13(b). In a recent Section 13(b) merger challenge brought by the FTC, a court in this District held that constitutional defenses that challenge the FTC's process and powers are not part of the Section 13(b) inquiry and granted the FTC's motion to strike constitutional affirmative defenses (including defenses substantively identical to the ones Defendants pled here). *See FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2022 WL 16637996, at *7 (N.D. Cal. Nov. 2, 2022). Third, Defendants' constitutional defenses should be struck because they consist of barebones assertions that are insufficiently pled.

## I. BACKGROUND

The FTC brought this action to preserve the status quo while it adjudicates whether ICE's proposed acquisition of Black Knight (the "Acquisition") violates the antitrust laws. Compl. (Dkt. No. 1) at 2 & ¶ 19. On May 4, 2022, ICE and Black Knight signed an Agreement and Plan of Merger, pursuant to which ICE agreed to acquire 100% of Black Knight. *Id.* ¶ 28. On April 10, 2023, the FTC filed its Complaint in this Court requesting, *inter alia*, a preliminary

1  injunction pursuant to FTC Act § 13(b), 15 U.S.C. § 53(b), to restrain Defendants from
2  completing the Acquisition until the FTC's administrative adjudication on the merits is
3  completed. *Id*. at 2 & ¶ 19. The FTC filed its administrative complaint on March 9, 2023. *Id*. ¶
4  17; *see* Compl., *In re Intercontinental Exchange, Inc. & Black Knight, Inc.* (FTC Dkt. No. 9413),
5  *available at* https://www.ftc.gov/system/files/ftc_gov/pdf/d09413icebkp3complaintredacted.pdf.[1]

   On April 25, 2023, ICE and Black Knight filed their respective Answers. Defendants
   each asserted identical defenses relevant to this Motion:

   <u>First Defense (Structure of Proceedings Violates Due Process)</u>: "The structure of the
   related administrative proceedings, in which the Commission both initiates and finally
   adjudicates the Complaint against Intercontinental Exchange, having prejudged the merits of the
   action, violates Intercontinental Exchange's Fifth Amendment Due Process right to adjudication
   before a neutral arbiter." ICE Answer (Dkt. No. 57) at 30; *see* Black Knight Answer (Dkt. No.
   58) at 26.

   <u>Second Defense (Commission's Procedures Violate Due Process)</u>: "The Commission's
   procedures violate Intercontinental Exchange's right to procedural due process under the Due
   Process Clause of the Fifth Amendment." ICE Answer (Dkt. No. 57) at 30; *see* Black Knight
   Answer (Dkt. No. 58) at 26.

   <u>Third Defense (Commission's Procedures Violate Equal Protection Clause)</u>: "The
   Commission's procedures arbitrarily subject Intercontinental Exchange to administrative
   proceedings rather than to proceedings before an Article III judge in violation of Intercontinental
   Exchange's right to Equal Protection under the Fifth Amendment." ICE Answer (Dkt. No. 57)
   at 30; *see* Black Knight Answer (Dkt. No. 58) at 26.

   <u>Fourth Defense (Constraints on Removal Violate Article II of the Constitution)</u>: "The
   related administrative proceedings are invalid because the constraints on removal of the

---

[1] A court may take judicial notice of documents filed in FTC administrative proceedings. *E.g.*, *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 802 (N.D. Cal. 2019).

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 3:23-CV-01710-AMO

Commissioners and the Administrative Law Judge violate Article II of the Constitution and the separation of powers." ICE Answer (Dkt. No. 57) at 31; *see* Black Knight Answer (Dkt. No. 58) at 26.

<u>Fifth Defense (Delegation of Legislative Power Unconstitutional)</u>: "The related administrative proceedings are invalid because Congress unconstitutionally delegated legislative power to the Commission by failing to provide an intelligible principle by which the Commission would exercise the delegated power." ICE Answer (Dkt. No. 57) at 31; *see* Black Knight Answer (Dkt. No. 58) at 27.

<u>Sixth Defense (Violation of Fifth Amendment)</u>: "Granting the relief sought would constitute a taking of Intercontinental Exchange's property in violation of the Fifth Amendment to the Constitution." ICE Answer (Dkt. No. 57) at 31; *see* Black Knight Answer (Dkt. No. 58) at 27.

<u>Seventh Defense (Violation of Seventh Amendment)</u>: "The adjudication of the Complaint against Intercontinental Exchange through the related administrative proceedings violates Intercontinental Exchange's Seventh Amendment right to a jury trial." ICE Answer (Dkt. No. 57) at 31; *see* Black Knight Answer (Dkt. No. 58) at 27.

<u>Eighth Defense (Violation of Article III of the U.S. Constitution)</u>: "The adjudication of the Complaint against Intercontinental Exchange through the related administrative proceedings adjudicates private rights and therefore violates Article III of the U.S. Constitution and the Seventh Amendment." ICE Answer (Dkt. No. 57) at 31; *see* Black Knight Answer (Dkt. No. 58) at 27.

Defendants also pled all but one of these defenses as part of a counterclaim against the FTC. Defendants each pled a single counterclaim ("Defendants' Count I"), which charges that the FTC's administrative proceeding violates Article III, Defendants' Equal Protection and Due Process rights, Article II, and the Seventh Amendment and constitutes an unconstitutional Congressional delegation of power. *See* ICE Answer (Dkt. No. 57) at 42–43; Black Knight Answer (Dkt. No. 58) at 38–39. The only constitutional defense that Defendants have not also

1  raised in their counterclaim is their Sixth Defense that granting the FTC's requested relief would
2  constitute a taking in violation of the Fifth Amendment's Takings Clause.
3  **II.  ARGUMENT**
4        Defendants' constitutional defenses should be struck for several independent reasons.
5  First, Defendants concede that the constitutional issues they have raised as counterclaims are not
6  required to decide the FTC's request for a preliminary injunction under Section 13(b) of the
7  Federal Trade Commission Act. That concession suffices to strike their constitutional defenses as
8  "impertinent" and "immaterial" under Federal Rule of Civil Procedure 12(f). Second, even
9  putting aside Defendants' counterclaims and concession, the constitutional defenses are
10 "impertinent" and "immaterial" to the issues the Ninth Circuit has held that a court needs to
11 resolve in deciding whether to grant an FTC claim to preliminarily enjoin a merger. Another
12 court in this District recently applied that law and struck constitutional defenses from an FTC
13 action to preliminarily enjoin a merger. Third, the constitutional defenses each consist of bare
14 statements of legal conclusions that fail to meet the required pleading standards.
15       **A.  Defendants' Constitutional Defenses Are Immaterial and Impertinent**
16       Defendants' constitutional defenses should be struck because they are "immaterial" and
17 "impertinent." *See* Fed. R. Civ. P. 12(f). An "[i]mmaterial matter is that which has no essential or
18 important relationship to the claim for relief or the defenses being pleaded," and an
19 "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the
20 issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*
21 *grounds*, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice
22 and Procedure § 1382, at 706–07, 711 (1990)); *see also Meta Platforms*, 2022 WL 16637996, at
23 *2, 4. "The purpose of a motion to strike under Rule 12(f) 'is to avoid the expenditure of time
24 and money that must arise from litigating spurious issues.'" *Meta Platforms*, 2022 WL
25 16637996, at *1 (quoting *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).
26       Defendants' constitutional defenses raise "spurious issues" and should be struck for two
27 independent reasons.
28

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 3:23-CV-01710-AMO

4

*First*, Defendants concede that constitutional issues they have raised in this action may properly be deferred until after the Court rules on the FTC's claim for a preliminary injunction. In the Joint Case Management Statement, Defendants sought a prompt hearing on the FTC's claim for a preliminary injunction under Section 13(b) of the Federal Trade Commission Act. *See* Joint Case Mgmt. (Dkt. No. 72) at 16. Defendants told the Court that they "are amenable to resolution of their counterclaims coming after and trailing the resolution of the FTC's request for a preliminary injunction." *Id*. at 18-19. Defendants, therefore, concede that constitutional matters are neither essential, necessary, nor pertain to deciding whether to grant the FTC's claim for a preliminary injunction under Section 13(b). In addition, Defendants argued that scheduling a prompt hearing is "the most prudent approach" because "it may avoid ruling on the substantial constitutional issues raised by the FTC's administrative proceeding that would be front and center if this Court effectively deferred to that proceeding." *Id*. at 17. Defendants' argument that prudence supports avoiding "substantial constitutional issues" contradicts any attempt now to urge this Court to maintain and decide their constitutional defenses. Defendants are right: constitutional issues can be decided (if at all) later because they are not pertinent or material to deciding the FTC's claim under Section 13(b) of the Federal Trade Commission Act.

*Second*, even putting aside Defendants' concession, a recent decision from another court in this District is directly on point and supports striking the constitutional defenses. *FTC v. Meta Platforms, Inc.*, addressed this same issue, applied Ninth Circuit law, and concluded that constitutional procedural defenses should be struck from an FTC action for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act. In that case, as here, the FTC filed suit to preliminarily enjoin an acquisition pursuant to Section 13(b). 2022 WL 16647996 at *1. The defendants pled various affirmative defenses, including alleged bias that violated, among other things, the Due Process Clause, and (like the Defendants here) other constitutional defenses arising out of the Due Process Clause and Article II. *Meta Platforms*, 2022 WL 16637996, at *7; *Meta Platforms*, No. 5:22-CV-04325-EJD, Dkt. 84 (Defendant Meta Platform, Inc.'s Answer and Affirmative Defenses) at 17 ("Chair Khan's participation

1  irrevocably taints the FTC's claim, including because its initiation and maintenance violates the
2  Due Process Clause, U.S. Const. amend. V . . . ."). The court struck all of the challenged
3  affirmative defenses, and its reasoning applies here.[2]

4  Following Ninth Circuit precedent, the *Meta Platforms* court held that the inquiry under
5  Section 13(b) of the Federal Trade Commission Act requires courts to (1) determine the
6  likelihood that the Commission will ultimately succeed on the merits *in the underlying*
7  *administrative proceeding* and (2) balance the equities. *See id*. at *4 (citing *FTC v. Warner*
8  *Commc'ns Inc.*, 742 F.2d 1156, 1160 (9th Cir. 1984) and *FTC v. Simeon Mgmt. Corp.*, 532 F.2d
9  708, 713–14 (9th Cir. 1976)); *see also id*. at *5 (relying on *FTC v. H.J. Heinz Co.*, 246 F.3d 708,
10 714 (D.C. Cir. 2001) and *FTC v. Staples, Inc.*, 239 F. Supp. 3d 1, 5 (D.D.C. 2000)). The Ninth
11 Circuit in "*Simeon* instructed courts considering a Section 13(b) request to *focus on the FTC's*
12 *proceedings* and expressly declined to comment on the case's future disposition following the
13 FTC's final decision." *Id*. at *5 (emphasis added).

14 It follows from the limited scope of the inquiry in a Section 13(b) case that determining
15 the likelihood of success "on the merits" means determining "the action's Section 7 antitrust

---

[2] The *Meta Platforms* court first analyzed the impertinence of the defendants' bias defenses, which relied on, in part, the Due Process Clause, *see* 2022 WL 16647996, at *4–7, struck them, and then turned to the other constitutional defenses. The court first explained that its "assessment of the[] constitutional affirmative defenses overlaps significantly with its analysis of Defendants' bias-related defenses, particularly regarding the Court's ability to consider these arguments in the limited procedural posture of a Section 13(b) preliminary injunction request." *Id*. at *7. The court was clear that its reasoning applied also to constitutional defenses. *See id*. ("to the extent Defendants' constitutional defenses are predicated on Chair Khan's alleged bias or procedural deficiencies, these defenses would likewise be stricken without leave to amend"). The court ultimately struck the constitutional defenses because they also were insufficiently pled. *See id*. That part of *Meta Platforms* also applies here for the reasons set forth in Part II.B, *infra*.

1 merits, as distinguishable from any procedural due process issues arising from the FTC's proceedings." *Id*. at *6. This is consistent with the "oft-cited standard for 'likelihood of ultimate success' [that] describes merits questions [in a Section 13(b) proceeding] as those that would require 'thorough investigation, study, deliberation, and determination by the FTC,' a characterization that is consistent with a 'preliminary assessment of a merger's impact on competition.'" *Id*. at *6 (quoting *Warner*, 742 F.2d at 1162). Accordingly, affirmative defenses arising out of alleged procedural defects (even constitutional procedural defects) are not pertinent to deciding whether to grant preliminary relief pursuant to Section 13(b) of the Federal Trade Commission Act. "[T]o the extent Defendants' constitutional defenses are predicated on . . . bias or procedural deficiencies, these defenses would likewise be stricken without leave to amend." *See id*. at *7.

*Meta Platforms*' reasoning applies here, and the constitutional defenses here should be stricken as they were in that case. This is the same type of case, an FTC action for preliminary injunctive relief pursuant to Section 13(b) of the Federal Trade Commission Act. The Ninth Circuit precedent on the limited scope of a Section 13(b) proceeding applies. The Section 13(b) inquiry is strictly focused on the antitrust merits, and alleged procedural issues (even of a constitutional dimension) are outside the scope of issues necessary to decide whether to grant a preliminary injunction. The constitutional defenses, therefore, are impertinent and immaterial and should be struck.

***

The grounds for striking the constitutional defenses are even stronger here than in *Meta Platforms*. Perhaps mindful of the decision in *Meta Platforms*, Defendants here also pled the constitutional defenses (except for their Takings Clause defense) as counterclaims. They have, therefore, preserved an opportunity to litigate constitutional issues even after the defenses are struck. And Defendants have, as explained above, conceded that the constitutional issues in their counterclaims are best heard after the Court decides the Section 13(b) inquiry on the antitrust

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 3:23-CV-01710-AMO

merits. Defendants' concession confirms what *Meta Platforms* held: constitutional defenses should be struck.

### B. The Defenses Should be Stricken Because They Fail to Identify the Factual Bases Underlying the Defenses.

The constitutional defenses also are defective because they are insufficiently pled. Courts in this District have routinely held that the pleading standard applied to complaints in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies also to affirmative defenses. *E.g.*, *Meta Platforms*, 2022 WL 16637996, at *1; *Goobich v. Excelligence Learning Corp.*, No. 5:19-cv-06771-EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (collecting cases). "Accordingly, although an affirmative defense 'need not include extensive factual allegations it must nonetheless include enough supporting information to be plausible; bare statements reciting legal conclusions will not suffice.'" *Meta Platforms Inc.*, 2022 WL 16637996, at *1 (quoting *MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc.*, 2015 WL 4624119, at *2 (N.D. Cal. Aug. 3, 2015)). The *Meta Platforms* court struck various constitutional defenses, finding "that Defendants' constitutional defenses are inadequately pled, as each consists of a single sentence asserting relief arising out of either Article II of the U.S. Constitution or the Due Process Clause." *Id.* at *7. "In the absence of any factual allegations, Defendants' constitutional defenses do not provide fair notice as to the bases for these defenses and, therefore, are insufficient even under the most liberal of pleading standards." *Id.* (quotation marks omitted).

This is particularly true with respect to the only defense that Defendants did not also plead as part of their counterclaims.[3] The "Sixth Defense (Violation of Fifth Amendment)"

---

[3] That Defendants included factual allegations regarding the other constitutional defenses in their counterclaim pleading does not render those defenses properly pled. "To the extent that Defendant argues that Plaintiffs are aware of the nature of its affirmative defenses, there is no (Continued…)

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 3:23-CV-01710-AMO

8

alleges in full: "Granting the relief sought would constitute a taking of Intercontinental Exchange's property in violation of the Fifth Amendment to the Constitution." ICE Answer (Dkt. No. 57) at 31; *see* Black Knight Answer (Dkt. No. 58) at 27. That barebones legal conclusion is insufficient under even the most liberal pleading standard. It should be struck.

### III. CONCLUSION

For the foregoing reasons, the FTC respectfully moves for this Court to strike with prejudice Defendants' First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Defenses.

Dated: May 16, 2023                    Respectfully submitted,

/s/ *Abby L. Dennis*
Abby L. Dennis
Peter Richman
Ashley Masters
Abigail Wood
Daniel Aldrich
Catherine Bill
Caitlin Cipicchio
Steven Couper
Janet Kim
Christopher Lamar
Laura Antonini
Lauren Sillman
Nicolas Stebinger
Nina Thanawala
Taylor Weaver

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*Counsel for Plaintiff Federal Trade Commission*

---

authority supporting the notion that the opposing party's knowledge of the general facts of the case excuses the omission of factual bases of pleading affirmative defenses." *Facebook, Inc. v. Gajjar*, No. 4:20-CV-02429-KAW, 2022 WL 2239834, at *7 (N.D. Cal. June 17, 2022) (quotation marks omitted). Even if it did, there is no Taking Clause claim in the counterclaims, and that defense remains insufficiently pled.

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 3:23-CV-01710-AMO

9