Kalpana Srinivasan, Bar No. 237460
ksrinivasan@susmangodfrey.com
Michael Gervais, Bar No. 330731
mgervais@susmangodfrey.com
Jesse-Justin Cuevas, Bar No. 307611
jcuevas@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:   (310) 789-3100
Facsimile:    (310) 789-3150

J. Clayton Everett Jr., *pro hac vice*
clay.everett@morganlewis.com
Ryan M. Kantor, *pro hac vice*
ryan.kantor@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Defendant*
*Intercontinental Exchange, Inc.*

(Additional counsel appear on signature page in
accordance with Local Rule 3-4(a)(1))

Elliot R. Peters, Bar No. 158708
epeters@keker.com
R. James Slaughter, Bar No. 192813
rslaughter@keker.com
Khari J. Tillery, Bar. No. 215669
ktillery@keker.com
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Jonathan M. Moses, *pro hac vice*
jmmoses@wlrk.com
Adam L. Goodman, *pro hac vice*
algoodman@wlrk.com
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendant*
*Black Knight, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTERCONTINENTAL EXCHANGE, INC.<br><br>and<br><br>BLACK KNIGHT, INC.,<br><br>Defendants. | Case No. 3:23-cv-01710-AMO<br><br>Hearing: June 22, 2023, 2:00 p.m.<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO THE FTC'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

## Table of Contents

Issue to be Decided ........................................................................................................... 1

Summary of Argument...................................................................................................... 2

    I.      Defendants' Constitutional Defenses ....................................................... 5

    II.    The FTC Fails to Meet Its Rule 12(f) Burden or Show Lack of Notice ................ 7

           A.    The FTC Fails to Show that the "Generally Disfavored" Approach
                of Striking Defendants' Constitutional Defenses Is Warranted
                Where the Defenses Are Directly Related to the FTC's Requested
                Relief and the FTC Is Not Prejudiced by Their Inclusion in the Case........ 7

                1.    Defendants' constitutional defenses bear directly on the
                        FTC's likelihood of success and the balance of the equities .......... 9

                2.    *Meta* does not lead to a different conclusion regarding the
                        Court's preliminary injunction inquiry ......................................... 11

                3.    Defendants did not concede that their constitutional
                        defenses lack relevance to the Court's preliminary
                        injunction inquiry ........................................................................ 12

                4.    The FTC fails to show it will suffer any prejudice by
                        inclusion of the constitutional defenses in this case..................... 13

                B.    Defendants' Constitutional Defenses Are Supported by Detailed
                  Factual Allegations in Defendants' Answers and Are Sufficiently
                  Pled........................................................................................................ 14

    III.   Conclusion ......................................................................................... 17

1

<u>Table of Authorities</u>

2

Page(s)

3

<u>Cases</u>

4

*Agricola Cuyuma SA v. Corona Seeds, Inc.*,
   CV 17-8220-DMG, 2019 WL 1878353 (C.D. Cal. Feb. 20, 2019) ......................................... 8

5

*Allen v. A.H. Robins Co., Inc.*,
   752 F.2d 1365 (9th Cir. 1985)............................................................................................... 15

6

7

*Ameranth, Inc. v. Pizza Hut, Inc.*,
   No. 11-CV-1810 JLS (NLS), 2012 WL 12918370 (S.D. Cal. June 26, 2012) .................. 4, 13

8

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
   No. C06-3717 MJJ, 2006 WL 8442159 (N.D. Cal. Sept. 25, 2006)............................... 3, 7, 9

9

10

*Aristocrat Techs., Inc. v. AGS, LLC*,
   No. 218CV00396GMNGWF, 2018 WL 11266535 (D. Nev. June 28, 2018) ....................... 14

11

*Artemus v. Louie*,
   No. 16-CV-00626-JSC, 2017 WL 747368 (N.D. Cal. Feb. 27, 2017)..................................... 8

12

13

*Axon Enter., Inc. v. Fed. Trade Comm'n*,
   986 F.3d 1173 (9th Cir. 2021), *cert. granted in part*, 211 L. Ed. 2d 604, 142 S.
   Ct. 895 (2022) *and rev'd and remanded*, 143 S. Ct. 890 (2023) ................................... 5, 9, 11

14

15

*Axon Enter., Inc. v. Fed. Trade Comm'n*,
   143 S. Ct. 890 (2023) .................................................................................................. *passim*

16

*Cadence Design Sys., Inc. v. Syntronic AB*,
   No. 21-CV-03610-SI, 2022 WL 1320629 (N.D. Cal. May 3, 2022) ..................................... 14

17

18

*Cal. Dep't of Toxic Subst. Control v. Alco Pac., Inc.*,
   217 F. Supp. 2d 1028 (C.D. Cal. 2002) ................................................................................. 8

19

*Carranza v. City of San Pablo*,
   No. 4:20-CV-08443-SBA, 2022 WL 110647 (N.D. Cal. Jan. 12, 2022)....................... 3, 8, 14

20

21

*Crescent Point Energy Corp. v. Tachyus Corp.*,
   No. 20-CV-06850-MMC, 2022 WL 2390991 (N.D. Cal. July 1, 2022)................................ 14

22

*Eng v. Cnty. of L.A.*,
   No. CV 05-2686 MMM (SSX), 2006 WL 8442228 (C.D. Cal. Oct. 31, 2006) .................. 2, 8

23

24

*Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*,
   No. CV-11-1161-DOC, 2012 WL 177576 (C.D. Cal. Jan.20, 2012) ..................................... 15

25

*Facebook, Inc. v. Gajjar*,
   No. 4:20-CV-02429-KAW, 2022 WL 2239834 (N.D. Cal. June 17, 2022) .......................... 16

26

27

*Fed. Trade Comm'n v. Golden Empire Mortg., Inc.*,
   2009 WL 4798874 (C.D. Cal. Dec. 10, 2009) .................................................................. 4, 13

28

*Fed. Trade Comm'n* v. *Lancaster Colony Corp.*,
   434 F. Supp. 1088 (S.D.N.Y. 1977)........................................................................... 4, 11

*Fed. Trade Comm'n v. Meta Platforms Inc.*,
   No. 5:22-CV-04325-EJD, 2022 WL 16637996 (N.D. Cal. Nov. 2, 2022) ..................... *passim*

*Fed. Trade Comm'n* v. *Warner Commc'ns Inc.*,
   742 F.2d 1156 (9th Cir. 1984) ...................................................................................... 10

*Fed. Trade Comm'n v. World Wide Factors, Ltd.*,
   882 F.2d 344 (9th Cir. 1989) .......................................................................................... 2

*Firearms Pol'y Coal. Second Amend. Def. Comm. v. Harris*,
   192 F. Supp. 3d 1120 (E.D. Cal. 2016) ....................................................................... 10

*Freeman v. Alta Bates Summit Med. Ctr. Campus*,
   No. C 04-2019 SBA, 2004 WL 2326369 (N.D. Cal. Oct. 12, 2004) ............................ 3, 8

*Frenzel v. AliphCom*,
   76 F. Supp. 3d 999 (N.D. Cal 2014) .............................................................................. 2

*GEOMC Co. v. Calmare Therapeutics Inc.*,
   918 F.3d 92 (2d Cir. 2019)........................................................................................... 15

*Hatamian v. Advanced Micro Devices, Inc.*,
   No. 14-CV-00226-YGR, 2015 WL 511175 (N.D. Cal. Feb. 6, 2015)........................ 7, 11

*Holmes v. Elec. Document Processing, Inc.*,
   966 F. Supp. 2d 925 (N.D. Cal. 2013) ........................................................................... 8

*Howard v. Tanium, Inc.*,
   No. 21-CV-09703-JSC, 2022 WL 597028 (N.D. Cal. Feb. 28, 2022).......................... 14

*In re Butterworth Health Corp.*,
   124 F.T.C. 424 (1997) .................................................................................................. 13

*In re Foster*,
   Statement of the Comm'n, No. 9323 (F.T.C. Oct. 3, 2007).......................................... 13

*In re Illumina, Inc.*,
   Opinion of the Comm'n, No. 9401 (F.T.C. April 3, 2023) ............................................. 9

*In re Steris Corp.*,
   Statement of the Comm'n, No. 9365 (F.T.C. Oct. 30, 2015)........................................ 13

*Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*,
   No. 3:16-CV-00599-JD, 2016 WL 8469189 (N.D. Cal. Dec. 19, 2016) ....................... 14

*Intel Corp. v. Tela Innovations, Inc.*,
   No. 3:18-CV-02848-WHO, 2019 WL 2476620 (N.D. Cal. June 13, 2019) .................... 8

*Kohler v. Flava Enters., Inc.*,
   779 F.3d 1016 (9th Cir. 2015)................................................................................. 14, 15

DEFENDANTS' RESPONSE IN OPPOSITION TO THE FTC'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES

*Lindsey v. Normet*,
   405 U.S. 56 (1972) .................................................................................................. 2, 13

*LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*,
   No. 20-CV-07905-WHO, 2021 WL 2953237 (N.D. Cal. July 14, 2021) .............................. 16

*Martin-Marietta Corp. v. Bendix Corp.*,
   690 F.2d 558 (6th Cir. 1982) .................................................................................... 10

*McKinney-Drobnis v. Massage Envy Franchising, LLC*,
   No. 16-CV-06450-MMC, 2017 WL 1246933 (N.D. Cal. Apr. 5, 2017) .............................. 14

*Meas v. CVS Pharmacy, Inc.*,
   No. 11-cv-0823-JMA, 2011 WL 2837432 (S.D. Cal. July 14, 2011) .................................... 15

*Meyer v. Bebe Stores, Inc.*,
   No. 14-CV-00267-YGR, 2015 WL 431148 (N.D. Cal. Feb. 2, 2015) .................................... 8

*N.L.R.B. v. RELCO Locomotives, Inc.*,
   734 F.3d 764 (8th Cir. 2013) .................................................................................. 4, 13

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
   No. 16-CV-00253-WHO, 2016 WL 6393503 (N.D. Cal. Oct. 28, 2016) .............................. 14

*Platte Anchor Bolt, Inc. v. IHI, Inc.*,
   352 F. Supp. 2d 1048 (N.D. Cal. 2004) ...................................................................... 8

*Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,
   No. 16-CV-00669-YGR, 2017 WL 1330598 (N.D. Cal. Apr. 11, 2017) .............................. 8

*Rivers v. Cnty. of Marin*,
   No. C 05-4251, 2006 WL 581096 (N.D. Cal. Mar. 7, 2006) ............................................ 7

*Schumacher v. Ga.-Pac. Corrugated LLC*,
   No. CV198632DMGAFMX, 2019 WL 8013092 (C.D. Cal. Dec. 12, 2019) ............................ 8

*SEC v. Ripple Labs, Inc.*,
   2022 WL 748150 (S.D.N.Y. Mar. 11, 2022) .................................................................. 15

*Sec. People, Inc. v. Classic Woodworking, LLC*,
   No. C-04-3133 MMC, 2005 WL 645592 (N.D. Cal. Mar. 4, 2005) .................................... 5, 15

*Smith v. Wal-Mart Stores*,
   No. C 06-2069 SBA, 2006 WL 2711468 (N.D. Cal. Sept. 20, 2006) .................................... 8

*Tyco Fire Prods. LP v. Victaulic Co.*,
   777 F. Supp. 2d 893 (E.D. Penn. 2011) ...................................................................... 4, 13

*United States v. Shipley*,
   No. 13-CV-05721-WHO, 2022 WL 3722133 (N.D. Cal. Aug. 29, 2022) .............................. 14

*Vieste, LLC v. Hill Redwood Dev.*,
   No. C 09-04024 JSW, 2010 WL 11484768 (N.D. Cal. July 13, 2010) .................................... 8

*Vistan Corp. v. Fadei USA, Inc.*,
   No. C-10-4862 JCS, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) ...................... 5, 14, 15, 16

*Westron v. Zoom Video Commc'ns, Inc.*,
   No. 22-CV-03147-YGR, 2023 WL 3149262 (N.D. Cal. Feb. 15, 2023) ...................... 2, 3, 5, 7

*Wyshak v. City Nat. Bank*,
   607 F.2d 824 (9th Cir. 1979) ................................................................................ 5, 14, 15, 17

<u>Statutes</u>

15 U.S.C. § 53(b) ............................................................................................................. *passim*

<u>Rules</u>

Fed. R. Civ. P. 8(c) ................................................................................................................ 5, 15

Fed. R. Civ. P. 12(f) ........................................................................................................ *passim*

<u>Other Authorities</u>

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure
   § 1382 (1990) ..................................................................................................................... 7, 9

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure
   § 1274 (1990) ...................................................................................................................... 14

Case No. 3:23-cv-01710-AMO
DEFENDANTS' RESPONSE IN OPPOSITION TO THE FTC'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES

1

<u>Issue to be Decided</u>

2

      Whether the FTC has satisfied its burden under Federal Rule of Civil Procedure 12(f) to

3

show this Court should take the generally disfavored step of striking Defendants' affirmative

4

defenses that raise constitutional issues regarding the administrative proceeding underlying the

5

FTC's preliminary injunction request when Defendants' affirmative defenses: (1) are directly

6

connected to the preliminary injunction litigation, which means the FTC cannot be prejudiced by

7

their inclusion in this case; and (2) are adequately pled and supported by factual allegations related

8

to the defenses in each of Defendants' answers.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Summary of Argument

2          In its own words, the FTC brought this action for injunctive relief to "maintain the *status*

3   *quo* until the administrative proceeding initiated by the [FTC] is concluded," Dkt. No. 1 ¶ 149. The

4   specific relief sought by the FTC is for this Court "to prevent consummation of a merger until *the*

5   *Commission* has had an opportunity to adjudicate the merger's legality in an administrative

6   proceeding" pursuant to Section 13(b) of the Federal Trade Commission Act.[1] *Id.* ¶ 146. Here, the

7   administrative hearing has not begun. In considering a preliminary injunction request under Section

8   13(b), courts are required, according to the FTC, to "(1) determine the likelihood that the

9   Commission will ultimately succeed on the merits *in the underlying administrative proceeding* and

10  (2) balance the equities." Dkt. No. 95 at 6 (emphasis in original). Defendants' position that the

11  FTC's proceedings and powers are unconstitutional—the subject of their defenses—bears on both

12  the Court's analysis and the appropriate standard for the preliminary injunction. Defendants

13  therefore have every right to assert them. *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972)

14  ("Due process requires that there be an opportunity to present every available defense.").

15          Having invoked this Court's equitable jurisdiction, the FTC carries the burden to

16  demonstrate a likelihood of success on the merits *and* that the public and private equities weigh in

17  favor of a preliminary injunction. *See Fed. Trade Comm'n v. World Wide Factors, Ltd.*, 882 F.2d

18  344, 347 (9th Cir. 1989). If the FTC meets this burden, then, Defendants may demonstrate that the

19  FTC is unlikely to succeed on the merits and the equities tip in their favor. Defendants' affirmative

20  defenses that challenge the procedures and fairness of the underlying administrative proceeding go

21  directly to the Court's inquiry. At a minimum, the FTC cannot show that these affirmative defenses

22  "clearly could have no possible bearing on the subject of the litigation." *Westron v. Zoom Video*

23  *Commc'ns, Inc.*, No. 22-CV-03147-YGR, 2023 WL 3149262, at *1 (N.D. Cal. Feb. 15, 2023)

24  (quoting *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1006 (N.D. Cal 2014)); *see also Eng v. Cnty. of*

25  *L.A.*, No. CV 05-2686 MMM (SSX), 2006 WL 8442228, at *5 (C.D. Cal. Oct. 31, 2006) ("[T]he

26  burden of showing that allegations in a pleading are immaterial or impertinent lies with the party

27  moving to strike.").

28

[1] All emphasis in this brief is added, unless otherwise indicated.

DEFENDANTS' RESPONSE IN OPPOSITION TO THE FTC'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES

The FTC also cannot establish that it will be prejudiced in any way should the Court not strike Defendants' constitutional affirmative defenses. *See Westron*, 2023 WL 3149262, at *1 ("In addition, given their disfavored status, courts often require a show of prejudice by the moving party before granting a motion to strike."); *see also Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. C 04-2019 SBA, 2004 WL 2326369, at *2 (N.D. Cal. Oct. 12, 2004) ("[M]otions to strike are rarely granted in the absence of a showing of prejudice to the moving party."). Undue prejudice cannot be demonstrated merely by having to address applicable affirmative defenses, and the FTC here has shown nothing more. *See Carranza v. City of San Pablo*, No. 4:20-CV-08443-SBA, 2022 WL 110647, at *6 (N.D. Cal. Jan. 12, 2022) ("[T]he burden of having to defend against a claim on its merits does not constitute undue prejudice.").

Ignoring these legal principles, the FTC provides three reasons in support of its request that the Court strike Defendants' constitutional defenses: (1) Defendants allegedly "concede[d] that constitutional issues they have raised in this action may properly be deferred until after the Court rules on the FTC's claim for a preliminary injunction;" (2) "a recent decision from another court in this District is directly on point and supports striking the constitutional defenses;" and (3) the defenses are insufficiently pled. Dkt. No. 95 at 5–9. None of these provide ground to take the "generally disfavored" step of striking the affirmative defenses. *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, No. C06-3717 MJJ, 2006 WL 8442159, at *2 (N.D. Cal. Sept. 25, 2006).

*First*, Defendants did propose the Court could postpone adjudication of the constitutional *counterclaims* for which Defendants seek affirmative relief until after the conclusion of the Court's preliminary injunction proceeding. These counterclaims ask the Court to, among other things, declare the FTC's structure and administrative procedures unconstitutional. *See* Dkt. No. 57 at 43; Dkt. No. 58 at 40. That is different than an affirmative defense tied to an underlying request for injunctive relief, which responds directly to the FTC's assertion that the role of this Court is to maintain the status quo while the Commission continues with a proceeding which Defendants contend lacks the safeguards of separation of powers to be considered fair. Defendants dispute that the proper standard on a preliminary injunction is simply maintenance of the status quo—if this were the case, then every preliminary injunction could be granted notwithstanding the law that

district courts "are charged with exercising their '*independent judgment*,'" which necessarily involves consideration of all relevant factors and not just maintenance of the status quo. *Fed. Trade Comm'n v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2022 WL 16637996 (N.D. Cal. Nov. 2, 2022) (quoting *Fed. Trade Comm'n*. v. *Lancaster Colony Corp.*, 434 F. Supp. 1088, 1090 (S.D.N.Y. 1977)). Nonetheless, in light of the FTC's contention, due process guarantees Defendants the right to raise all applicable defenses, including that the FTC is not entitled to relief. *See N.L.R.B. v. RELCO Locomotives, Inc.*, 734 F.3d 764, 797 (8th Cir. 2013) ("[A] challenge to the legal composition of an agency is an affirmative defense that can be waived if it is not timely raised."); *Federal Trade Comm'n v. Golden Empire Mortg., Inc.*, 2009 WL 4798874, at *2 (C.D. Cal. Dec. 10, 2009) (sustaining affirmative defense that the FTC lacked authority to bring action).

The FTC ignores the "different forms of relief accorded by affirmative defenses and counterclaims." *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 11-CV-1810 JLS (NLS), 2012 WL 12918370, at *5 (S.D. Cal. June 26, 2012) (quoting *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 & n.8 (E.D. Penn. 2011)). Defendants' statement that they are "amenable to resolution of their counterclaims" coming after resolution of the FTC's preliminary injunction request does not mean the Court cannot or should not consider Defendants' constitutional arguments in balancing "the likelihood of the Commission's ultimate success on the merits against the equities, using a sliding scale," which is the purpose of the defenses. Dkt. No. 1 ¶ 146.

*Second*, the FTC relies heavily on a district court opinion in support of its position that "the Ninth Circuit has directed courts to undertake" a "narrow inquiry" in evaluating an FTC claim for a preliminary injunction, one that excludes any consideration of constitutional challenges to the FTC's process. But that opinion, *Meta*, 2022 WL 16637996, predates the Supreme Court's unanimous decision in *Axon Enterprise, Inc. v. Federal Trade Commission*, 143 S. Ct. 890 (2023), in which the Supreme Court held for the first time that district courts have jurisdiction to consider the "fundamental, even existential" constitutional challenges to the FTC that Defendants raise here. 143 S. Ct. at 897. Furthermore, contrary to the FTC's statement about the Ninth Circuit's directive regarding a narrow inquiry, the court in *Meta* acknowledged that the parties there did not present it with "any authority directly addressing in which forum 'ultimate success' should be measured" for

the "likelihood of success on the merits" prong of the preliminary injunction inquiry. 2022 WL 16637996, at *4. Without such authority and in light of *Axon*, this Court should conclude that "ultimate success on the merits" includes consideration of the underlying constitutional challenges. At a bare minimum, there is no basis for the Court to conclude that these challenges "have no possible bearing on the subject of the litigation," as the FTC has asserted. *See Westron*, 2023 WL 3149262, at *1.

      *Third*, Defendants more than adequately pled their affirmative defenses, under either the "fair notice" standard set by the Ninth Circuit or the heightened *Twombly/Iqbal* standard the FTC has asked this Court to adopt. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). Defendants include pages of allegations supporting their constitutional affirmative defenses. *See* Dkt. No. 57 at 33–42; Dkt. No. 58 at 29–38. The FTC buries its response to these robust allegations in a footnote, in which it contends the Court should ignore these allegations because they are under the "counterclaims" sections of Defendants' answers. *See* Dkt. No. 95 at 8 n.3. The Court can and should consider the entirety of Defendants' responsive pleadings in assessing its defenses. *See Sec. People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005) ("Rule 8(c) requires that any affirmative defense must be 'set forth affirmatively' in the party's *responsive pleading*." (quoting Fed. R. Civ. P. 8(c)). That includes counterclaims. *See Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) ("[T]he Defendants' *counterclaims* provide sufficient notice of the *defenses* at this time.").

      The Court should deny the FTC's motion to strike.

I.

Defendants' Constitutional Defenses

      On March 9, 2023, the FTC commenced an administrative proceeding against Defendants. Dkt. No. 57 at 41. In that proceeding, the FTC seeks to prevent ICE from completing a proposed acquisition of Black Knight that is set to close on November 4, 2023. *Id.*; *see also* Dkt. No. 72 at

3. A trial in front of an Administrative Law Judge is scheduled to begin on July 12, 2023.[2] Dkt. No. 57 at 41. A month after instituting the administrative proceeding, the FTC filed this action, in which it requests a preliminary injunction to "preliminarily enjoin Defendants from consummating the Acquisition . . . and [to] maintain the *status quo* until the administrative proceeding initiated by the Commission is concluded." Dkt. No. 1 ¶ 149.

Defendants answered the FTC's complaint and asserted both affirmative defenses and counterclaims raising constitutional challenges to the FTC's procedures and powers. *See* Dkt. Nos. 57 & 58. Specifically, Defendants provided detailed factual and legal allegations as to its defenses and affirmative claims that the FTC's administrative proceeding violates Defendants' Equal Protection and Due Process rights, violates Articles II and III of the Constitution, violates the Seventh Amendment, and constitutes an unconstitutional Congressional delegation of powers. Dkt. No. 57 at 30–42; Dkt No. 58 at 26–38.

On April 28, 2023, this Court scheduled a case management conference. Dkt. Nos. 65 & 66. In response, the FTC "propose[d] submitting the entire administrative trial record to this Court in August following the conclusion of the administrative trial" and having this Court make its preliminary injunction determination based in whole or in part on that record. *See* Dkt. No. 72 at 14. This simply heightened Defendants' constitutional concerns with the pending administrative proceeding. As for Defendants' counterclaims, the FTC said it could not "proceed with setting a schedule regarding the counterclaims until it knows how the Department of Justice intends to proceed," given that the Department of Justice still had time to commence, defend, or intervene in the action and that the deadline to answer the counterclaims had not yet passed. *Id.* at 16.

Defendants replied by requesting the Court set a prompt hearing on the FTC's preliminary injunction request and develop its own record. *Id.* at 16–20. Defendants explained that, were the Court to effectively defer to the administrative proceeding and accept its record, as the FTC asked,

---

[2] Defendants recently filed a motion, however, requesting that the Administrative Law Judge set a status conference to discuss and address the prehearing schedule in that proceeding, given the schedule in this action. *See* Respondents' Motion to Set Status Conference, *In re Intercontinental Exchange, Inc.* (FTC Dkt. No. 9413), *available at* https://www.ftc.gov/system/files/ftc_gov/pdf/607754_-_efile0002412_-_respondents_motion_for_status_conference_ftc_docket_no._9413_1.pdf. As explained in the motion, Defendants intend to seek from the Commission a stay or a continuance of the merits hearing in the administrative proceeding.

1  then Defendants' constitutional issues would be "front and center." *Id.* at 17. Defendants further

2  stated they were "amenable to resolution of their counterclaims coming after and trailing the

3  resolution of the FTC's request for a preliminary injunction," to the extent DOJ intervention might

4  cause uncertainty or delay. *Id.* at 19. In so doing, however, Defendants emphasized that "the

5  counterclaims raise solely legal questions" and should not require additional discovery. *Id.* at 18.

6  Defendants reiterated this position and their constitutional concerns at the case management

7  conference the Court held on May 12, 2023. Defendants made no mention of affirmative defenses

8  in the joint case management statement or during the case management conference.

9       Following the case management conference, the Court issued deadlines with respect to the

10  FTC's preliminary injunction request "and any defenses to that claim." Dkt. No. 94.

11                                              II.

12            The FTC Fails to Meet Its Rule 12(f) Burden or Show Lack of Notice

13      The FTC does not and cannot meet its burden under Rule 12(f) for the Court to strike

14  Defendants' constitutional affirmative defenses. These defenses are undeniably connected to the

15  relief the FTC seeks—to halt the merger so the FTC can evaluate the merits of a challenge to the

16  acquisition—and cause no prejudice to the FTC. The constitutional defenses are proper and

17  adequately pled, especially considering the detailed factual allegations in Defendants' answer

18  supporting related constitutional counterclaims. The Court should deny the FTC's motion to strike.

19  A.   The FTC Fails to Show that the "Generally Disfavored" Approach of Striking Defendants'
20       Constitutional Defenses Is Warranted Where the Defenses Are Directly Related to the
         FTC's Requested Relief and the FTC Is Not Prejudiced by Their Inclusion in the Case

21      "Rule 12(f) motions are generally disfavored." *Aristocrat Techs.*, 2006 WL 8442159, at *2.

22  "Accordingly, such motions should be denied unless the matter has no logical connection to the

23  controversy at issue *and* may prejudice one or more of the parties to the suit." *Hatamian v.*

24  *Advanced Micro Devices, Inc.*, No. 14-CV-00226-YGR, 2015 WL 511175, at *1 (N.D. Cal. Feb.

25  6, 2015) (emphasis in original) (citing Charles A. Wright & Arthur R. Miller, Federal Practice and

26  Procedure ("Wright & Miller") § 1382 (1990)); *see Rivers v. Cnty. of Marin*, No. C 05-4251, 2006

27  WL 581096, at *2 (N.D. Cal. Mar. 7, 2006) (same); *see also Westron*, 2023 WL 3149262, at *1

28  (similar).

As for the first "logical connection" requirement, "[i]f there is *any doubt* whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)); *see also Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-CV-00669-YGR, 2017 WL 1330598, at *2 (N.D. Cal. Apr. 11, 2017) (stating that the moving party must demonstrate "that under no set of circumstances could the defense succeed" (quoting *Cal. Dep't of Toxic Subst. Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002))). "[T]he court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt*, 352 F. Supp. 2d at 1057. In addition, "the burden of showing that allegations in a pleading are immaterial or impertinent lies with the party moving to strike." *Eng*, 2006 WL 8442228, at *5. Here, all ties go to Defendants.

As for the second "prejudice" requirement, courts in this District have "held that 'motions to strike are rarely granted in the absence of a showing of prejudice to the moving party.'" *Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *10 (N.D. Cal. Sept. 20, 2006) (quoting *Freeman*, 2004 WL 2326369, at *2).[3] Courts in this Circuit likewise have found that "motions to strike affirmative defenses are largely a waste of time unless prejudice can be shown." *Schumacher v. Ga.-Pac. Corrugated LLC*, No. CV198632DMGAFMX, 2019 WL 8013092, at *2 (C.D. Cal. Dec. 12, 2019) (quoting *Agricola Cuyuma SA v. Corona Seeds, Inc.*, CV 17-8220-DMG (SKx), 2019 WL 1878353, at *2 (C.D. Cal. Feb. 20, 2019)). It is well-established that "the burden of having to defend against a claim on its merits does not constitute undue prejudice." *Carranza*, 2022 WL 110647, at *6; *see also Artemus v. Louie*, No. 16-CV-00626-JSC, 2017 WL 747368, at *4 (N.D. Cal. Feb. 27, 2017) ("[M]erely having to defend against additional claims does not show prejudice."). "In the absence of such prejudice, courts have denied Rule 12(f) motions 'even though

---

[3] "[C]ourts often require a showing of prejudice before granting a motion to strike." *Vieste, LLC v. Hill Redwood Dev.*, No. C 09-04024 JSW, 2010 WL 11484768, at *3 (N.D. Cal. July 13, 2010); *see also Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-WHO, 2019 WL 2476620, at *8 (N.D. Cal. June 13, 2019) ("[C]ourts often require some showing of prejudice by the moving party."); *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2015 WL 431148, at *5 (N.D. Cal. Feb. 2, 2015) (same). But Defendants recognize that they do not always. Given the importance of the constitutional issues Defendants raise, the Court should follow the persuasive authority cited herein and require the FTC to show prejudice.

the offending matter literally was within one or more of the categories set forth in Rule 12(f).'"

*Aristocrat Techs.*, 2006 WL 8442159, at *2 (quoting Wright & Miller § 1382).

The FTC meets neither requirement.

1.  <u>Defendants' constitutional defenses bear directly on the FTC's likelihood of success and the balance of the equities</u>

Defendants' affirmative defenses regarding the constitutionality of the administrative proceedings the FTC has initiated against them are directly connected to the relief the FTC seeks: "[p]reliminary injunctive relief . . . to preserve the status quo and protect competition during the Commission's *ongoing administrative proceeding*." Dkt. No. 1 ¶ 19; *see also* Dkt. No. 1 ¶ 149 (requesting that the Court "[r]etain jurisdiction and maintain the *status quo* until the administrative proceeding initiated by the Commission is concluded"). The FTC emphasizes that Section 13(b) requires the Court to "(1) determine the likelihood that the Commission will ultimately succeed on the merits *in the underlying administrative proceeding* and (2) balance the equities." Dkt. No. 95 at 10 (emphasis in original). Defendants' constitutional affirmative defenses bear on both prongs and demonstrate why preserving the status quo here, as the FTC requests, is not only legally improper but would also have enormous consequences on the significant private interests of Defendants by jeopardizing the merger that is set to close on November 4, 2023.

In their affirmative defenses, Defendants assert that their chances of succeeding in the underlying administrative proceeding are severely impacted by fundamental, constitutional issues with respect to the structure and the processes of those proceedings. In fact, up until recently, no respondent had succeeded in 25 years. *See Axon Enter., Inc. v. Fed. Trade Comm'n*, 986 F.3d 1173, 1187 (9th Cir. 2021), *cert. granted in part*, 211 L. Ed. 2d 604, 142 S. Ct. 895 (2022) *and rev'd and remanded*, 143 S. Ct. 890 (2023) (noting that the "FTC ha[d] not lost a single case in the past quarter-century" in its administrative forum).[4] Indeed, as the Supreme Court recently recognized in *Axon*, Defendants' constitutional arguments are "about subjection to an illegitimate

---

[4] Further underscoring Defendants' constitutional concerns, in one of two recent, rare losses the FTC suffered in its own in-house court, the FTC *reversed* the ALJ's ruling rejecting the merger challenge and ordered the parties to unwind the transaction. *See In re Illumina, Inc.*, Opinion of the Comm'n, No. 9401 (F.T.C. April 3, 2023) https://www.ftc.gov/system/files/ftc_gov/pdf/d09401commissionfinalopinion.pdf.

DEFENDANTS' RESPONSE IN OPPOSITION TO THE FTC'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES

1    proceeding, led by an illegitimate decisionmaker" and are squarely within this Court's jurisdiction.

2    143 S. Ct. at 903–06 (holding that such constitutional claims are "not 'of the type' the statutory

3    review schemes reach" and a "district court can therefore review them"). Likewise, the frequency

4    with which Commission decisions regarding mergers have been overturned when they reach a

5    federal court on appeal is also relevant to this inquiry. Put simply, the Court should not limit its

6    analysis to the agency's likelihood of affirming its own decision to block the merger. The Court

7    should also consider the likelihood of that decision surviving consideration by a federal court—

8    including this Court's review of Defendants' constitutional counterclaims and an appellate court's

9    ultimate review of the agency's decision, processes, and authority.

10         Defendants' affirmative defenses *do bear* on the first element of the Court's preliminary

11   injunction inquiry—the underlying administrative proceeding and the likelihood of success in a

12   forum is relevant to the Court reviewing the evidence during its preliminary injunction analysis

13   through that lens. Defendants' constitutional arguments also directly impact the balance of the

14   equities, a factor the FTC acknowledges is part of the Court's preliminary injunction inquiry but

15   otherwise ignores. *See* Dkt. No. 95 at 6 (stating that Section 13(b) requires courts to "balance the

16   equities" without further discussion or analysis). Relying on an unconstitutional process for

17   purposes of reaching a determination on a preliminary injunction cannot be said to be in the public's

18   interest. *See Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 568 (6th Cir. 1982) ("[T]he

19   public has no interest in the enforcement of laws in an unconstitutional manner."); *Firearms Pol'y*

20   *Coal. Second Amend. Def. Comm. v. Harris*, 192 F. Supp. 3d 1120, 1129 (E.D. Cal. 2016) ("The

21   public has no interest in enforcing unconstitutional laws."). As for the private interests, Defendants

22   would suffer harm if the Court were to grant the FTC an injunction based on its likelihood of

23   success in the administrative proceeding without offering Defendants an opportunity to explain the

24   unconstitutional barriers they face in that very proceeding. *See Fed. Trade Comm'n* v. *Warner*

25   *Commc'ns Inc.*, 742 F.2d 1156, 1165 (9th Cir. 1984) (holding that "private equities may be

26   considered" in the Section 13(b) preliminary injunction analysis). In weighing the equities, the

27   Court can and should consider Defendants' constitutional arguments.

28

1

2.   _Meta_ does not lead to a different conclusion regarding the Court's preliminary injunction inquiry

2

3

By excluding any consideration of Defendants' constitutional challenges, the FTC takes an

4

improperly narrow view of "success on the merits." In considering a preliminary injunction request

5

under Section 13(b) of the Federal Trade Commission Act, courts, at least according to the FTC,

6

are required to "determine the likelihood that the Commission will ultimately succeed on the merits

7

_in the underlying administrative proceeding_," as opposed to a court of appeals. Dkt. No. 95 at 6

8

(emphasis in original). The FTC bases this conclusion off the reasoning in a district court opinion

9

issued last year, _Meta_, that addressed this question. 2022 WL 16637996, at *4. Recognizing that

10

no authority "directly address[ed]" the question, the court held the relevant forum was the

11

underlying administrative proceeding, given that courts have "focused . . . Section 13(b)'s

12

predictive inquiry on the underlying agency proceedings rather than on a hypothetical appeal from

13

a yet-to-be-developed administrative record." _Id._ at *5. But following _Axon_, issued just last month,

14

the _Meta_ opinion no longer provides useful guidance on this point.

15

The FTC's likelihood of success on the merits cannot be divided neatly into success in its

16

own administrative forum or before a court of appeals. That is at least in part because, after _Axon_,

17

there is another factor affecting the FTC's likelihood of success: the potential impact of a district

18

court's consideration of constitutional challenges relating to the FTC's powers and proceedings.

19

_See_ 143 S. Ct. at 897 (holding that district courts have jurisdiction to hear constitutional challenges

20

to the FTC's structure). Regardless of the Court's determination on the FTC's preliminary

21

injunction request, Defendants' constitutional challenges will proceed through its counterclaims

22

alongside the administrative proceedings. As a result, Defendants' constitutional arguments could

23

(and should) directly impact the FTC's ultimate success, potentially even before the Administrative

24

Law Judge reaches a final decision. In _Meta_, the court emphasized that district courts "are charged

25

with exercising their '_independent judgment_,'" which necessarily involves consideration of all

26

relevant factors and not just maintenance of the status quo. 2022 WL 16637996, at *5 (quoting

27

_Lancaster_, 434 F. Supp. at 1090). Following _Axon_, it cannot be said that these constitutional

28

arguments have "no logical connection to the controversy." _Hatamian_, 2015 WL 511175, at *1.

3.  Defendants did not concede that their constitutional defenses lack relevance to the Court's preliminary injunction inquiry

The FTC argues that Defendants have "concede[d] that [the] constitutional issues they have raised in this action may properly be deferred until after the Court rules on the FTC's claim for a preliminary injunction." Dkt. 95 at 5. Not so. Although Defendants did state that a ruling on their counterclaims could trail a decision on the preliminary injunction, they did *not* contend or concede that constitutional issues lack any relevance to the underlying consideration of the preliminary injunction request. At the time the parties submitted the joint case management statement and the Court held the case management conference, the FTC proposed an unusual and concerning course of action—that the administrative proceeding Defendants challenge not only precede this Court's determination of the FTC's preliminary injunction request, but also that this Court base its injunction decision off of the problematic proceeding's record. *See* Dkt. No. 72 at 14–16. The FTC also raised concerns with the schedule because of Defendants' counterclaims, stating that it did not know how the Department of Justice would want to proceed. *Id.* at 16.

In light of the FTC's proposal and the FTC's stated concerns, Defendants pointed out that maintaining the typical approach of resolving the request for a preliminary injunction before the commencement of the administrative trial could allow this Court to "avoid ruling on the substantial constitutional issues raised by the FTC's administrative proceeding" and that Defendants were "amenable to resolution of their counterclaims" coming after resolution of the injunction request. *Id.* at 17–19. Both are true, and neither is a concession that the Court need not consider any constitutional *defenses* in weighing the preliminary injunction request.

As for the former statement regarding avoidance of the constitutional issues raised by the FTC's administrative proceeding, it is true that the Court's resolution of the FTC's preliminary injunction request before the administrative proceeding may eliminate the need for the Court to rule on Defendants' constitutional claims. If the Court finds that the FTC is not likely to succeed with respect to the antitrust violations it alleges, and the FTC subsequently chooses not to pursue the administrative action, as it often does, then the Court will no longer need to decide any

constitutional issues.[5] As for the latter statement regarding resolution of Defendants' counterclaims, a difference exists between counterclaims and affirmative defenses. *See Ameranth, Inc*, 2012 WL 12918370, at *5 (recognizing "the different forms of relief accorded by affirmative defenses and counterclaims" (quoting *Tyco Fire Prods. LP*, 777 F. Supp. 2d at 901 & n.8)). Faced with this action by the FTC, Defendants have the right to raise all applicable defenses, including the constitutionality of the FTC's powers and proceedings. *See, e.g.*, *Lindsey*, 405 U.S. at 66 ("Due process requires that there be an opportunity to present every available defense."); *N.L.R.B.*, 734 F.3d at 797 ("[A] challenge to the legal composition of an agency is an affirmative defense that can be waived if it is not timely raised."); *Golden Empire*, 2009 WL 4798874, at *2 (sustaining defense that the FTC lacked authority to bring action).

In the Section 13(b) context, what this distinction means is that the Court does not need to conclusively decide the constitutional issues at this stage, as it will when considering Defendants' counterclaims; it need only decide how those issues impact the Court's two-factor Section 13(b) inquiry. As explained above, Defendants' constitutional arguments directly impact both factors. Defendants continue to seek the full relief sought on its counterclaims after resolution of the FTC's preliminary injunction request. Defendants' statements were not intended to remove the constitutional defenses from the preliminary injunction inquiry and do not support the drastic remedy of striking those defenses.

4.  <u>The FTC fails to show it will suffer any prejudice by inclusion of the constitutional defenses in this case</u>

The FTC has not established and cannot establish any prejudice. There is none. The FTC only points out that the purpose of Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." Dkt. 95 at 4 (quoting *Meta*, 2022 WL 16637996, at *1). Indeed, the only potential burden the FTC faces is the task of addressing the constitutionality of its powers and proceedings. But as explained, these issues are not "spurious." And as a matter of well-

---

[5] *See, e.g.*, *In re Butterworth Health Corp.*, 124 F.T.C. 424 (1997) (dismissing administrative proceedings after the district court denied the FTC's preliminary injunction request); *In re Steris Corp.*, Statement of the Comm'n, No. 9365 (F.T.C. Oct. 30, 2015) https://www.ftc.gov/system/files/documents/public_statements/847203/151030sterissynergycommstmt.pdf (same); *In re Foster*, Statement of the Comm'n, No. 9323 (F.T.C. Oct. 3, 2007) https://www.ftc.gov/system/files/documents/public_statements/568571/071003statement.pdf (same).

1    established law, responding to these arguments cannot constitute prejudice. *See Carranza* 2022 WL

2    110647, at \*6 ("[T]he burden of having to defend against a claim on its merits does not constitute

3    undue prejudice."); *see also Aristocrat Techs., Inc. v. AGS, LLC*, No. 218CV00396GMNGWF,

4    2018 WL 11266535, at \*2 (D. Nev. June 28, 2018) ("Plaintiffs' general claim of prejudice of

5    additional costs to litigate does not provide sufficient specificity to meet their threshold burden of

6    prejudice."). To the contrary, Defendants would be prejudiced if the Court were to deprive them of

7    the opportunity to present their constitutional defenses as part of its consideration of the FTC's

8    preliminary injunction request. The FTC fails to establish any reason why the Court should do so.

9    B.    <u>Defendants' Constitutional Defenses Are Supported by Detailed Factual Allegations in
      Defendants' Answers and Are Sufficiently Pled</u>

10

11       "The key to determining the sufficiency of pleading an affirmative defense is whether it

12   gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827. "[T]he 'fair notice' required by

13   the pleading standards only requires describing the defense in '*general terms*,'" *Kohler v. Flava
     Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting Wright & Miller § 1274).

14

15       Despite this guidance from the Ninth Circuit, some courts in this District have applied the

16   heightened *Twombly/Iqbal* pleading standard to affirmative defenses, which is what the FTC asks

17   the Court to do here. Dkt. No. 95 at 8. As recognized by a court in this District earlier this month,

18   however, "the *predominant approach* in the Ninth Circuit" is the fair notice standard articulated in

19   *Wyshak* and *Kohler*: "a fairly noticed affirmative defense must describe a defense in 'general terms'

20   by identifying the legal theory on which the defense rests." *Cadence Design Sys., Inc. v. Syntronic

21   AB*, No. 21-CV-03610-SI, 2022 WL 1320629, at \*2 (N.D. Cal. May 3, 2022) (quoting *Kohler*, 779

22   F.3d at 1019). [6] And under this standard, even boilerplate affirmative defenses suffice. *See Vistan*

23   ───────────
     [6] The FTC states that "[c]ourts in this District have routinely held" that the *Twombly/Iqbal* pleading
     standard applies to affirmative defenses. Dkt. No. 95 at 8. The opposite is also true. Courts in this
24   District have routinely held that the fair notice standard applies. *See, e.g.*, *Howard v. Tanium, Inc.*,
     No. 21-CV-09703-JSC, 2022 WL 597028, at \*2 (N.D. Cal. Feb. 28, 2022); *United States v. Shipley*,
25   No. 13-CV-05721-WHO, 2022 WL 3722133, at \*10 (N.D. Cal. Aug. 29, 2022); *Crescent Point
     Energy Corp. v. Tachyus Corp.*, No. 20-CV-06850-MMC, 2022 WL 2390991, at \*4 (N.D. Cal. July
26   1, 2022); *McKinney-Drobnis v. Massage Envy Franchising, LLC*, No. 16-CV-06450-MMC, 2017
     WL 1246933, at \*7 (N.D. Cal. Apr. 5, 2017); *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No.
27   3:16-CV-00599-JD, 2016 WL 8469189, at \*2 (N.D. Cal. Dec. 19, 2016). And courts in other
     districts have overwhelmingly agreed. *Cf. Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No.
28   16-CV-00253-WHO, 2016 WL 6393503, at \*11 (N.D. Cal. Oct. 28, 2016) ("[E]very Eastern
     District of California court to evaluate the pleading standard for affirmative defenses in light of

*Corp.*, 2011 WL 1544796, at \*7 ("These affirmative defenses, while boilerplate, are standard affirmative defenses, appropriate at the outset of the case before discovery has commenced.").

Regardless of whether the Court applies the "predominant" fair notice pleading standard or the *Twombly/Iqbal* standard, the result here is the same: Defendants more than adequately pled their constitutional affirmative defenses.[7] The FTC urges the Court to ignore the pages of allegations Defendants included in the "counterclaims" section of their answers. But when making a pleading sufficiency determination, courts evaluate the *entirety* of the responsive pleading. *See Allen v. A.H. Robins Co., Inc.*, 752 F.2d 1365, 1371 n.3 (9th Cir. 1985) "("[I]t is generally accepted that it is sufficient if a litigant pleads all of the elements of equitable estoppel in a *defensive pleading*."); *Sec. People, Inc.*, 2005 WL 645592, at \*2 ("Rule 8(c) requires that any affirmative defense must be 'set forth affirmatively' in the party's *responsive pleading*." (quoting Fed. R. Civ. P. 8(c)). A counterclaim is included in that analysis. *See Vistan Corp.*, 2011 WL 1544796, at \*7 ("[T]he Defendants' counterclaims provide sufficient notice of the defenses at this time."). Indeed, in *Wyshak*, the Ninth Circuit even went so far as to hold that a memorandum outside of the pleadings could be considered in the sufficiency analysis. 607 F.2d at 827. There, the defendant's amended answer "simply alleged that 'plaintiff's claims are barred by the applicable statute of limitations.'" *Id.* But because a memorandum attached to a notice of the motion for leave to amend the answer cited the particular statute the defendant relied on as the statute of limitations, the court found the defense to be adequately pleaded. *Id.*

The FTC cites no contrary authority. Instead, it opines on the non-controversial proposition that an opposing party's "knowledge of the general facts of the case" separate and apart from any allegations in a responsive pleading does not satisfy the pleading requirements for an affirmative

---

*Kohler* has found that the fair notice standard applies."); *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, No. CV-11-1161-DOC, 2012 WL 177576, at \*1–3 (C.D. Cal. Jan.20, 2012); *Meas v. CVS Pharmacy, Inc.*, No. 11-cv-0823-JMA, 2011 WL 2837432, at \*3 (S.D. Cal. July 14, 2011).
[7] This is especially true when considering that courts review defenses, in contrast to a complaint, with a lesser "degree of rigor," because while "[t]he pleader of a complaint has the entire time of the relevant statute of limitations to gather facts necessary to satisfy the plausibility standard[,] the pleader of an affirmative defense has only the 21-day interval to respond to an original complaint." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019); *see also SEC v. Ripple Labs, Inc.*, 2022 WL 748150, at \*4 (S.D.N.Y. Mar. 11, 2022) ("[C]ourts generally apply a lower plausibility threshold when evaluating motions to strike affirmative defenses as opposed to motions to dismiss because the pleader has less time to gather facts and craft a response.").

defense, pointing to *Facebook, Inc. v. Gajjar*, No. 4:20-CV-02429-KAW, 2022 WL 2239834, (N.D. Cal. June 17, 2022). Dkt. 95 at 8–9 n.3. In *Facebook*, and unlike here, the defendant failed to provide any facts that explained why the asserted defense was even a defense to the asserted claim (breach of contract). 2022 WL 2239834, at *7. In the case on which the *Facebook* court relied, *LumaSense Technologies, Inc. v. Advanced Engineering Services, LLC*, No. 20-CV-07905-WHO, 2021 WL 2953237 (N.D. Cal. July 14, 2021), the defendant argued that the plaintiff was "well aware of the factual bases for its asserted affirmative defenses and that [it] ha[d] provided sufficient factual detail by attaching various filings *throughout this action*." 2021 WL 2953237, at *6. Neither case involved factual allegations that were part of the responsive pleading, and neither case stands for the proposition that this Court should ignore the factual allegations in Defendants' answers that are directly applicable to Defendants' constitutional affirmative defenses.[8]

Because the Court can and should consider the factual allegations in Defendants' answers, the FTC's reliance on *Meta*, in which the court struck the defendants' constitutional affirmative defenses as inadequately pled, is again misplaced. There, the court held that, "*[i]n the absence of any factual allegations*, Defendants' constitutional defenses do not provide fair notice as to the bases for these defenses and, therefore, are insufficient." *Meta*, 2022 WL 16637996, at *7. Unlike here, the defendants in *Meta* did not plead any counterclaims, and their answers did not include any separate factual allegations. *See* Defendant Within Unlimited, Inc.'s Answer and Affirmative Defenses, *Federal Trade Commission v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD (N.D. Cal. Aug. 26, 2022), Dkt. No. 83; Defendant Meta Platforms, Inc.'s Answer and Affirmative Defenses, *Federal Trade Commission v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD (N.D. Cal. Aug. 26, 2022), Dkt. No. 84. *Meta* is therefore easily distinguishable.[9]

---

[8] As the FTC points out, Defendants include one affirmative defense that was not also included in their counterclaims: their Sixth Defense based on the Fifth Amendment's Takings Clause. *See* Dkt. No. 95 at 8–9 n.3. Defendants maintain, however, that their description of that defense, coupled with the factual allegations in their counterclaims, include enough for the defense to be plausible, and more than enough to satisfy the fair notice that the Ninth Circuit requires. *See, e.g.*, *Vistan Corp.*, 2011 WL 1544796, at *2 (holding that "boilerplate" defenses, such as a laches defense that "consists of a single sentence, reciting the law without any factual allegations indicating delay or how Defendants would have been prejudiced by the delay," provided sufficient notice).

[9] Even just looking at the constitutional affirmative defenses themselves, Defendants here provide significantly more detail in their defenses than the defendants in *Meta*. *Compare, e.g.*, Dkt. No. 57 at 31 ("The related administrative proceedings are invalid because the constraints on removal of

1    In *Meta*, the court also struck the defendants' constitutional affirmative defenses with leave

2    to amend. 2022 WL 16637996, at *7. This is consistent with Ninth Circuit guidance that, when a

3    court strikes a defense, "[i]n the absence of prejudice to the opposing party, leave to amend should

4    be freely given." *Wyshak*, 607 F.2d at 826. In the event the Court agrees with the FTC that

5    Defendants' constitutional affirmative defenses here are inadequate for any reason, Defendants

6    respectfully request that this Court follow this guidance and grant them leave to amend.

7                                                    III.

8                                                Conclusion

9    Because the FTC has failed to meet its burden under Rule 12(f) of showing that Defendants'

10   constitutional defenses could have no possible bearing on the FTC's preliminary injunction request

11   and that the FTC is prejudiced by them, and because Defendants more than adequately pled these

12   affirmative defenses, the Court should deny the FTC's motion to strike.

13

14

15

16

17

18

19

20

21

22

23

24

25

26   the Commissioners and the Administrative Law Judge violate Article II of the Constitution and the
     separation of powers."), *with* Defendant Within Unlimited, Inc.'s Answer and Affirmative
27   Defenses, *Federal Trade Commission v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD (N.D. Cal.
     Aug. 26, 2022), Dkt. No. 83 at 12 ("The FTC cannot proceed because it purports to exercise
28   executive authority in violation of Article II of the United States Constitution.").

Dated:  May 30, 2023

By: */s/ R. James Slaughter*                    By: */s/ Kalpana Srinivasan*

Elliot R. Peters Bar No. 158708          Kalpana Srinivasan, Bar No. 237460
epeters@keker.com                        ksrinivasan@susmangodfrey.com
R. James Slaughter, Bar No. 192813       Michael Gervais, Bar No. 330731
rslaughter@keker.com                     mgervais@susmangodfrey.com
Khari J. Tillery, Bar. No. 215669        Jesse-Justin Cuevas, Bar No. 307611
ktillery@keker.com                       jcuevas@susmangodfrey.com
**KEKER, VAN NEST & PETERS LLP**         **SUSMAN GODFREY L.L.P.**
633 Battery Street                       1900 Avenue of the Stars, Suite 1400
San Francisco, CA 94111-1809             Los Angeles, CA 90067
Telephone: (415) 391-5400                Telephone: (310) 789-3100
Facsimile: (415) 397-7188                Facsimile: (310) 789-3150

Jonathan M. Moses (*pro hac vice*)       Shawn L. Raymond, *pro hac vice*
jmmoses@wlrk.com                         sraymond@susmangodfrey.com
Adam L. Goodman (*pro hac vice*)         Alexander L. Kaplan, *pro hac vice*
algoodman@wlrk.com                       akaplan@susmangodfrey.com
**WACHTELL, LIPTON, ROSEN & KATZ**       Adam Carlis, *pro hac vice forthcoming*
51 West 52nd Street                      acarlis@susmangodfrey.com
New York, NY 10019                       Michael C. Kelso, *pro hac vice pending*
Telephone: (212) 403-1000                mkelso@susmangodfrey.com
Facsimile: (212) 403-2000                Abigail Noebels, *pro hac vice*
                                         anoebels@susmangodfrey.com
*Attorneys for Defendant*                Alejandra C. Salinas, *pro hac vice forthcoming*
*Black Knight, Inc.*                     asalinas@susmangodfrey.com
                                         Krisina J. Zuñiga, *pro hac vice*
                                         kzuniga@susmangodfrey.com
                                         **SUSMAN GODFREY L.L.P.**
                                         1000 Louisiana, Suite 5100
                                         Houston, TX 77002-5096
                                         Telephone: (713) 651-9366
                                         Facsimile: (713) 654-6666

                                         Minna Lo Naranjo, Bar No. 259005
                                         minna.naranjo@morganlewis.com
                                         Michelle Park Chiu, Bar No. 248421
                                         michelle.chiu@morganlewis.com
                                         **MORGAN, LEWIS & BOCKIUS LLP**
                                         One Market, Spear Street Tower
                                         San Francisco, CA 94105-1596
                                         Telephone:  (415) 442-1000
                                         Facsimile:   (415) 442-1001

1              J. Clayton Everett Jr., *pro hac vice*
clay.everett@morganlewis.com

2              Ryan M. Kantor, *pro hac vice*
ryan.kantor@morganlewis.com

3              **MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW

4              Washington, D.C.  20004-2541
Telephone: (202) 739-3000

5              Facsimile: (202) 739-3001

6              John C. Dodds, *pro hac vice*
john.dodds@morganlewis.com

7              Zachary M. Johns, *pro hac vice*
zachary.johns@morganlewis.com

8              **MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street

9              Philadelphia, PA 19103-2921
Telephone: (215) 963-5000

10            Facsimile: (212) 309-6001

11            Harry T. Robins, *pro hac vice*
harry.robins@morganlewis.com

12            Susan Zhu, *pro hac vice*
susan.zhu@morganlewis.com

13            **MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue

14            New York, NY 10178-0060
Telephone: (212) 309-6000

15            Facsimile: (212) 309-6001

16            *Attorneys for Defendant*
*Intercontinental Exchange, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

1

Attorney Attestation

2        Pursuant to Civil L. R. 5-1(h)(3), I attest that concurrence in the filing of this document has

3  been obtained from each of the other signatories above.

4

Dated:  May 30, 2023

5

6                                            By:   */s/Krisina J. Zuñiga*

7                                                  Krisina J. Zuñiga

8

9

Proof of Service

10        I, Krisina Janaye Zuñiga, hereby certify that on May 30, 2023, I electronically filed the

11  documents entitled "DEFENDANTS' RESPONSE IN OPPOSITION TO THE FTC'S MOTION

12  TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES" with the Clerk of the Court for the

13  United States District Court, Northern District of California, using the CM/ECF system and served

14  a copy of same upon all counsel of record via the Court's electronic filing system.

15

Dated:  May 30, 2023

16

17                                            By:   */s/Krisina J. Zuñiga*

18                                                  Krisina J. Zuñiga

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE IN OPPOSITION TO THE FTC'S MOTION TO STRIKE<br>DEFENDANTS' AFFIRMATIVE DEFENSES