Abby L. Dennis, DC Bar No. 994476
Peter Richman, CA Bar No. 149107
Ashley Masters, TX Bar No. 24041412
Abigail Wood, DC Bar No. 242239

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; prichman@ftc.gov;
amasters@ftc.gov; awood@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERCONTINENTAL EXCHANGE, INC.** <br><br> and <br><br> **BLACK KNIGHT, INC.,** <br><br> Defendants. | Case No. 3:23-cv-01710-AMO <br><br> **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** <br><br> Hearing: June 22, 2023 <br> Time: 2:00pm <br> Place: Courtroom 10, 19th Floor <br> 450 Golden Gate Ave. <br> San Francisco, CA 94102 |

**TABLE OF CONTENTS**

I. DEFENDANTS' CONSTITUTIONAL AFFIRMATIVE DEFENSES ARE "IMMATERIAL" AND "IMPERTINENT" TO THE SECTION 13(B) ANALYSIS ................................................................................................................ 2

    A.    *Axon* Has No Bearing on *Meta Platforms* ................................................................ 2

    B.    *Meta Platforms*' Reasoning Applies Here .............................................................. 4

    C.    The FTC—and Other Federal Agencies—Will Suffer Prejudice If Constitutional Issues Are Considered as Part of the Section 13(b) Analysis ........ 6

II. DEFENDANTS' CONSTITUTIONAL AFFIRMATIVE DEFENSES ARE NOT SUFFICIENTLY PLED ................................................................................... 8

III. CONCLUSION ......................................................................................................... 9

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES, CASE NO. 3:23-CV-01710-AMO

i

The FTC explained in its motion why the reasoning in *FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2022 WL 16637996 (N.D. Cal. Nov. 2, 2022)—the most recent Section 13(b) case in this district—dooms Defendants' constitutional affirmative defenses. Mot. (Dkt. 95) at 5-8. Rather than face this recent precedent, Defendants misconstrue it with a scant analysis that relies on the (incorrect) assertion that *Axon Enterprise, Inc. v. Federal Trade Commission*, 143 S. Ct. 890 (2023), overruled *Meta Platforms*. But *Meta Platforms* remains good law following *Axon*, which did not consider whether, in a preliminary injunction action brought under Section 13(b) of the Federal Trade Commission Act, a court should consider constitutional arguments as part of examining the FTC's likelihood of success and balancing the equities. Here, Defendants' asserted constitutional affirmative defenses are "immaterial" and "impertinent" to the Court's narrow inquiry under Section 13(b). *See FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1160 (9th Cir. 1984).

Defendants' attempts to salvage their constitutional affirmative defenses fail for other reasons. Defendants cannot justify why the Court should alter course to hear these defenses—which, as they acknowledge, almost all have a corresponding counterclaim—during the Section 13(b) stage of the proceedings, when they previously represented to the Court that they were amenable to hearing the same exact issues after resolution of the FTC's request for a preliminary injunction. Defendants should not be allowed to circumvent this Court's scheduling order, or the time provided for the Department of Justice to respond under Rule 12 of the Federal Rules of Civil Procedure, by bootstrapping their constitutional counterclaims into the narrow Section 13(b) inquiry. Defendants also fail to meet basic pleading requirements for their constitutional affirmative defenses.

For the reasons below and in the FTC's motion (Dkt. 95), the Court should grant the FTC's Motion to Strike Defendants' First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses.

## I. DEFENDANTS' CONSTITUTIONAL AFFIRMATIVE DEFENSES ARE "IMMATERIAL" AND "IMPERTINENT" TO THE SECTION 13(B) ANALYSIS

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As the FTC showed in its motion, Defendants' constitutional affirmative defenses are immaterial to the FTC's claims under Section 13(b) of the FTC Act because they have "no essential or important relationship to the claim for relief or the defenses being pleaded," and they are impertinent because they "do not pertain, and are not necessary, to the issues in question.'" *Meta Platforms Inc.*, 2022 WL 16637996, at *2 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). *Axon* does not alter that analysis in any way. The reasoning of *Meta Platforms* squarely applies here. Beyond that, while not a requirement for a motion to strike, the FTC will suffer prejudice if Defendants are allowed to, in essence, prosecute their constitutional counterclaims as part of the Section 13(b) proceeding. Defendants previously asserted that they were "amenable to resolution of their counterclaims coming after and trailing the resolution of the FTC's request for a preliminary injunction – which would allow the preliminary injunction to complete discovery and proceed in the near term." Dkt. 72 at 18-19. Reversing course at this juncture would complicate and slow down the preliminary injunction proceedings for no good reason, at great cost to the FTC and the public.

### A. *Axon* Has No Bearing on *Meta Platforms*

Just seven months ago, the court in *Meta Platforms* struck constitutional affirmative defenses that are comparable to the constitutional defenses that Defendants raise here. Defendants attempt to avoid *Meta Platforms* by arguing that, following the Supreme Court's decision in *Axon*, *Meta Platforms* "no longer provides useful guidance" (Opp. (Dkt. 104) at 11), and by suggesting that the district court in *Meta Platforms* reached its decision without the benefit of supporting authority (*id.* at 4-5 (discussing purported lack of "authority" before the court in *Meta Platforms*)). Defendants are wrong.

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES, CASE NO. 3:23-CV-01710-AMO

2

*First*, *Axon* in no way disturbs, or is even relevant, to the holding in *Meta Platforms*. Judge Davila's decision stated as much: "*Axon* does not bear upon subject matter jurisdiction in the present case." *Meta Platforms Inc.*, 2022 WL 16637996, at *3. In *Axon*, the Supreme Court held that certain types of "existential" constitutional challenges may be heard by district courts, in some circumstances, before the conclusion of a corresponding administrative proceeding. *Axon Enterprise, Inc.,* 143 S. Ct. at 897-900. Unlike the situation in *Meta Platforms*, or here, the Commission in *Axon* had initiated proceedings in its administrative court but had *not* sought a preliminary injunction in federal court. *Id.* at 899. So there was no ongoing federal proceeding when Axon filed a separate, standalone lawsuit claiming that certain aspects of the Commission's adjudicative process were unconstitutional. *Id.* Judge Davila expressly noted this distinction in *Meta Platforms*, rejecting the FTC's argument that the Ninth Circuit's opinion in *Axon* precluded the court from hearing Meta's constitutional affirmative defenses: "unlike *Axon* where the precluded issues were raised offensively by a plaintiff to block underlying administrative proceedings, here, the purportedly precluded issues are raised defensively *in response to* a complaint filed by the FTC." *Meta Platforms Inc.*, 2022 WL 16637996, at *3 (emphasis in original) (internal citations omitted). Put simply, *Axon* was, and remains, irrelevant to the *Meta Platforms* holding.

*Second*, the *Meta Platforms* decision rested on ample authority that also remains undisturbed following *Axon*. *Meta Platforms*, 2022 WL 16637996, at *4-7. These cases support that "merits" in the "likelihood of success on the merits" inquiry under Section 13(b) means the substantive *antitrust* merits of the FTC's case—not other procedural or constitutional issues defendants may raise separate from the antitrust issues, such as constitutional attacks on the FTC's administrative process.[1] "[T]he Court interprets 'on the merits' here to mean the action's

---

[1] Defendants repeatedly assert that the FTC has argued that the legal standard is "maintenance of the status quo." Opp. (Dkt. 104) at 3, 4, 11. That, however, is the *relief* that the FTC seeks under Section 13(b). Dkt. 1 at 37. The FTC has consistently pointed to binding Ninth Circuit law for the correct legal standard under Section 13(b). *E.g.*, Dkt. 27 at 3, Dkt. 72 at 14, Dkt. 109 at 4-6. (Continued…)

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES, CASE NO. 3:23-CV-01710-AMO

1  Section 7 antitrust merits." *Meta Platforms*, 2022 WL 16637996, at *6. Defendants cannot, and
2  do not, explain how *Axon* changes the antitrust merits analysis under Section 7 of the Clayton
3  Act.
4        Instead, Defendants misconstrue and selectively quote from a statement in *Meta*
5  *Platforms* discussing which forum the court should look to when examining likelihood of
6  success: that is, the court's acknowledgement that the parties had not identified direct
7  authorities on that specific issue. *See* Opp. (Dkt. 104) at 4-5 (arguing that the *Meta Platforms*
8  court was "[w]ithout such authority," and thus this Court should consider their constitutional
9  claims here "in light of *Axon*"). But the full quotation, and the discussion that follows, makes
10 clear that the *Meta Platforms* court ultimately concluded other cases supported the FTC's
11 position: "Although neither party has alerted the Court to any authority directly addressing in
12 which forum 'ultimate success' should be measured, *the overall weight of case law applying*
13 *Section 13(b) supports the FTC's interpretation*, *i.e.*, that courts predict likelihood of success on
14 the merits at the FTC's administrative proceedings." *Meta Platforms*, 2022 WL 16637996, at *4
15 (emphasis added). It is simply not true that the court in *Meta Platforms* lacked authority for its
16 decision.
17       **B.**    ***Meta Platforms*' Reasoning Applies Here**
18       In *Meta Platforms*, the court concluded that constitutional affirmative defenses
19 concerning the FTC's administrative process were immaterial and impertinent to "the narrow
20 review accorded to district courts by Section 13(b)." *Meta Platforms*, 2022 WL 16637996, at
21 *7. As explained in the FTC's motion, the reasoning of the *Meta Platforms* decision applies
22 with equal, if not greater, force to Defendants' constitutional affirmative defenses here. Mot.
23 (Dkt. 95) at 5-8. In their opposition, Defendants attempt to drum up reasons why their

---

Indeed, it is *Defendants* who advance the wrong legal standard, contending that the FTC must show that both "the public *and* private equities weigh in favor of a preliminary injunction." Opp. (Dkt. 104) at 2 (emphasis added). To be clear, the FTC need show only that the *equities* support a preliminary injunction, and in weighing the equities under § 13(b), "public equities receive far greater weight" than private concerns. *Warner Commc'ns*, 742 F.2d at 1165.

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES, CASE NO. 3:23-CV-01710-AMO
4

constitutional affirmative defenses are relevant to the Section 13(b) analysis, but their arguments merely rehash ones readily rejected by Judge Davila. This Court should reject them as well.

- Defendants argue that the Court should evaluate their constitutional affirmative defenses in determining the likelihood of success because "no respondent has succeeded in 25 years" in front of the Commission (Opp. (Dkt. 104) at 9), but, as the court in *Meta Platforms* explained: "This argument mischaracterizes the Court's role in a Section 13(b) request. District courts do not determine likelihood of success by a statistical calculation of the parties' odds, but instead are charged with exercising their independent judgment and evaluating the FTC's case and evidence on the merits." *Meta Platforms*, 2022 WL 16637996, at *5 (internal quotation marks omitted).

- Defendants also argue that the "frequency with which Commission decisions regarding mergers have been overturned when they reach a federal court on appeal is also relevant to" the likelihood of success (Opp. (Dkt. 104) at 10), but, as the court in *Meta Platforms* observed, the Ninth Circuit has "instructed courts considering a Section 13(b) request to focus on the FTC's proceedings and expressly declined to comment on the case's future disposition following the FTC's final decision." *Meta Platforms*, 2022 WL 16637996, at *5 (citing *FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708, 715-17 (9th Cir. 1976)).

- Defendants further contend that their constitutional affirmative defenses bear on the equities analysis under Section 13(b) because "Defendants would suffer harm if the Court were to grant the FTC an injunction based on its likelihood of success in the administrative proceeding without offering Defendants an opportunity to explain the unconstitutional barriers they face in that very proceeding." Opp. (Dkt. 104) at 10. The *Meta Platforms* court rejected this same argument: "The private equities considered on a Section 13(b) request are not

typically those arising out of the FTC's administrative proceedings themselves, but rather the private consequences resulting from the requested injunction." *Meta Platforms*, 2022 WL 16637996, at *6. In any event, private equities receive less weight than public ones. *Id.*

- Defendants also assert that their constitutional affirmative defenses bear on the public equities because the FTC's administrative process is supposedly unconstitutional. Opp. (Dkt. 104) at 10. But "courts applying Section 13(b) consider a narrower set of equities." *Meta Platforms*, 2022 WL 16637996, at *6. "Public equities" include "economic effects and procompetitive advantages for consumers and effective relief for the commission[.]" *Id.* (internal citations omitted). The public equities thus support expeditiously granting a preliminary injunction should the FTC show that the merger is likely to harm consumers and competition; Defendants will be able to press their constitutional counterclaims in due course.

### C. The FTC—and Other Federal Agencies—Will Suffer Prejudice If Constitutional Issues Are Considered as Part of the Section 13(b) Analysis

Defendants concede that courts in this district have routinely held that prejudice is not a requirement for a motion to strike. Opp. (Dkt. 104) at 8 n.3; *see also Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 575 (N.D. Cal. 2016). ("[A] motion to strike an insufficient affirmative defense does not require a prejudice showing."); *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-cv-07905-WHO, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021) (same). Nevertheless, the FTC will face significant prejudice from proceeding with an evaluation of Defendants' constitutional claims as part of the Section 13(b) inquiry, an evidentiary hearing on which this Court has set for July 25-26.

Defendants' constitutional affirmative defenses include claims that would, in essence, render the Federal Trade Commission's administrative processes unconstitutional and thwart the agency's ability to both enforce the antitrust law *and* protect vulnerable consumers from

scammers, false advertising, and data breaches as part of the agency's consumer protection efforts. These defenses would also affect other agencies that rely on administrative proceedings to protect and serve the public. For this reason, Defendants' constitutional claims should be evaluated following robust, focused briefing and argument in the context of their counterclaims—as they already agreed (Dkt. 72 at 18-19), and as Federal Rule of Civil Procedure 12 contemplates (Fed. R. Civ. P. 12(a)(2) (providing the United States with 60 days following service on the United States attorney to answer claims against a United States agency)).  Otherwise, the FTC will be forced to dedicate significant resources to fighting these broader constitutional issues, while preparing for a preliminary injunction hearing following a highly expedited fact and expert discovery schedule. *See Meta Platforms*, 2022 WL 16637996, at *7 ("The Court also finds that the FTC would likely be prejudiced by permitting Defendants' . . . defenses to stand, as they would 'threaten to shift litigation attention . . . towards the FTC's actions.'") (internal citations omitted).

     Defendants, on the other hand, face little prejudice from waiting to have their constitutional claims heard after the preliminary injunction. Indeed, in seeking to have an expedited evidentiary hearing on the FTC's request for a preliminary injunction—even though the administrative hearing is slated to begin on July 12 and even though Defendants' voluntary and self-imposed outside closing date is not until November 4, 2023—Defendants argued that approach "may avoid ruling on the substantial constitutional issues raised by the FTC's administrative proceeding that would be front and center if this Court effectively deferred to that proceeding." Dkt. 72 at 17. Because the counterclaims and the constitutional affirmative defenses present the same legal issues,[2] Defendants will have full opportunity to argue their

---

[2] Defendants' Sixth Affirmative Defense, concerning the Takings Clause, does not have a corresponding counterclaim.

constitutional claims—albeit separately from the Section 13(b) inquiry that this Court will undertake this summer.[3]

## II. DEFENDANTS' CONSTITUTIONAL AFFIRMATIVE DEFENSES ARE NOT SUFFICIENTLY PLED

Defendants create a false dichotomy between "fair notice" pleading and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Opp. (Dkt. 104) at 14-15. As the court in *Meta Platforms* explained, however, "[i]n this district, defendants provide 'fair notice' of an affirmative defense by meeting the *Twombly/Iqbal* pleading standard." *Meta Platforms*, 2022 WL 16637996, at *2 (citing *Goobich v. Excelligence Learning Corp.*, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (collecting post-*Kohler* cases)). Indeed, following *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), "courts in this district continue to require affirmative defenses to meet" the standard set forth in *Twombly* and *Iqbal*. *Neo4j, Inc. v. Graph Found. Inc.*, No. 5:19-cv-06226-EJD, 2020 WL 2793577, at *3 (N.D. Cal. May 29, 2020); *FTC v. Lending Club Corp.*, No. 18-CV-02454-JSC, 2019 WL 7488991, at *2 (N.D. Cal. Apr. 29, 2019).[4] Under that standard, Defendants' barebones assertions do not pass muster.

Even under a more relaxed pleading standard, however, Defendants' Sixth Affirmative Defense fails. Unlike the Defendants' other constitutional affirmative defenses, Defendants' Takings defense does not have a corresponding counterclaim to which Defendants can point for

---

[3] Defendants contend that "the Court does not need to conclusively decide the constitutional issues at this stage, as it will when considering Defendants' counterclaims; it need only decide how those issues impact the Court's two-factor Section 13(b) inquiry." Opp. (Dkt. 104) at 13. They, however, fail to square that argument with the law of the case doctrine. *See Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case" (quoting *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016)).

[4] Defendants point to a decision by "a court in this District earlier this month" to demonstrate otherwise (Opp. (Dkt. 104) at 14), but that decision is over a year old and predates the decision in *Meta Platforms* by six months. *Cadence Design Sys., Inc. v. Syntronic AB*, No. 21-CV-03610-SI, 2022 WL 1320629 (N.D. Cal. May 3, 2022).

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES, CASE NO. 3:23-CV-01710-AMO
8

1  the purported "factual allegations" to support the defense, and the boilerplate assertion that
2  "Granting the relief sought would constitute a taking of Intercontinental Exchange's property in
3  violation of the Fifth Amendment to the Constitution" (ICE Answer (Dkt. No. 57) at 31; Black
4  Knight Answer (Dkt. No. 58) at 27) is not, contrary to Defendants' assertions, a "description of
5  that defense" (Opp. (Dkt. 104) at 16 n.8)—much less notice (fair or otherwise) of the defense.
6  In any event, Defendants' efforts to justify the inadequate pleading of their constitutional
7  affirmative defenses by pointing to their counterclaims simply underscores the substantive
8  overlap—and why Defendants' position represents a departure from their prior representation to
9  the Court that they were "amenable to resolution of their counterclaims coming after and
10 trailing the resolution of the FTC's request for a preliminary injunction – which would allow the
11 preliminary injunction to complete discovery and proceed in the near term." Dkt. 72 at 18-19.
12 Defendants cannot have it both ways.

### III. CONCLUSION

For the reasons stated above and in the FTC's Motion (Dkt. 95), the Court should strike with prejudice Defendants' First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses.

| | |
|---|---|
| Dated: June 6, 2023 | Respectfully submitted,<br><br>*/s/ Abby L. Dennis*<br>Abby L. Dennis<br>Peter Richman<br>Ashley Masters<br>Abigail Wood<br>Daniel Aldrich<br>Laura Antonini<br>Catherine Bill<br>Caitlin Cipicchio<br>Steven Couper<br>Jessica S. Drake<br>Janet Kim<br>Christopher Lamar<br>Neal Perlman<br>Lauren Sillman<br>Nicolas Stebinger<br>Nina Thanawala<br>Taylor Weaver<br><br>Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>Tel: (202) 326-2381<br><br>*Counsel for Plaintiff Federal Trade Commission* |