Carrie Richey (CA Bar No. 270825)
Carrie.Richey@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, CA 94111
Tel.: 415-433-1900
Fax: 415-433-5530

Attorneys for Non-Party
*Constellation Web Solutions Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTERCONTINENTAL EXCHANGE, INC.<br><br>and<br><br>BLACK KNIGHT, INC.,<br><br>Defendants. | Case No. 3:23-cv-01710-AMO<br><br>**NON-PARTY CONSTELLATION WEB SOLUTIONS INC.'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL BUSINESS MATERIAL FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 107] [L.R. 79-5(f)(3)]** |

Non-Party Constellation Web Solutions Inc. ("Constellation"), through counsel and pursuant to Civil Local Rule 79-5(f)(3), respectfully submits this Statement requesting that the Court maintain under seal Constellation's confidential information included in the Federal Trade Commission's ("FTC") Memorandum of Points and Authorities in Support of a Preliminary Injunction ("PI Brief"), a redacted copy of which was filed at ECF No. 109. The body of the PI Brief and certain exhibits appended thereto contain confidential and competitively sensitive information produced by Constellation in response to a third-party subpoena from the FTC in an administrative proceeding captioned, *In the Matter of Intercontinental Exchange, Inc. and Black Knight, Inc.*, before the FTC Office of Administrative Law Judges, Docket No. 9413 (the "Administrative Proceeding").

Constellation has designated its material as confidential, and the FTC provisionally filed the PI Brief and supporting exhibits under seal pursuant to its Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("the Administrative Motion") (ECF No. 107).

Constellation seeks to maintain under seal the following material:

| Document | Portion(s) to Seal | Basis for Sealing Request |
|---|---|---|
| PI Brief | Page iii, Lines 1-2 | The redacted text describes (and mischaracterizes) Constellation's highly confidential and competitively sensitive information regarding the non-public pricing details of Constellation's agreement to purchase the Empower LOS from Defendants.  Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing.  Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PI Brief | Page 1, Line 26 | The redacted text describes (and mischaracterizes) Constellation's highly confidential and competitively sensitive information regarding the non-public pricing details of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing.  Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PI Brief | Page 2, Line 7 | The redacted text describes Constellation's highly confidential and competitively sensitive information |

| | | | |
|---|---|---|---|
| 1-7 | | | regarding the non-public pricing details of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| 8-16 | PI Brief | Page 4, Line 3 | The redacted text describes Constellation's highly confidential and competitively sensitive information regarding the non-public terms of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| 17-25 | PI Brief | Page 4, Line 7 | The redacted text describes Constellation's highly confidential and competitively sensitive information regarding the non-public pricing details of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| 26-27 | PI Brief | Page 24, Lines 14-15 | The redacted text describes (and mischaracterizes) Constellation's highly confidential and competitively |

| | | | |
|---|---|---|---|
| | | | sensitive information regarding the non-public terms of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing.  Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| | PI Brief | Page 25, Lines 19-24 | The redacted text describes Constellation's highly confidential and competitively sensitive information regarding the non-public terms of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing.  Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| | PI Brief | Page 25, Line 7 to Page 26, Line 3 | The redacted text describes (and mischaracterizes) Constellation's highly confidential and competitively sensitive information regarding the non-public terms of Constellation's agreement to purchase the Empower LOS from Defendants, and Constellation's business strategy and internal competitive analysis. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing.  Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |

| | | | |
|---|---|---|---|
| 1-9 | PI Brief | Page 26, Line 18 | The redacted text describes (and mischaracterizes) Constellation's highly confidential and competitively sensitive information regarding the non-public terms of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| 10-18 | PI Brief | Page 27, Lines 2-7 | The redacted text describes Constellation's highly confidential and competitively sensitive information regarding the non-public terms of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| 19-27 | PI Brief | Page 27, Lines 8-17 | The redacted text describes (and mischaracterizes) Constellation's highly confidential and competitively sensitive information regarding the non-public terms of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 | PI Brief | Page 27, Lines 23-24 | The redacted text describes (and mischaracterizes) Constellation's highly confidential and competitively sensitive information regarding the non-public pricing details of Constellation's agreement to purchase the Empower LOS from Defendants.  Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing.  Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| 11 12 13 14 15 16 17 18 19 | PI Brief | Page 28, Line 3 | The redacted text describes Constellation's highly confidential and competitively sensitive information regarding the non-public pricing details of Constellation's agreement to purchase the Empower LOS from Defendants. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing.  Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| 20 21 22 23 24 25 26 27 | PI Brief | Page 28, Lines 7-11 | The redacted text describes (and mischaracterizes) Constellation's highly confidential and competitively sensitive information regarding the non-public terms of Constellation's agreement to purchase the Empower LOS from Defendants, and Constellation's business strategy and internal competitive analysis. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant |

| | | |
|---|---|---|
| | | sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PI Brief | Page 28, Lines 14-16 | The redacted text describes Constellation's highly confidential and competitively sensitive information regarding Constellation's negotiations to acquire the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PI Brief | Page 28, Lines 17-26 | The redacted text describes (and mischaracterizes) Constellation's highly confidential and competitively sensitive information regarding the non-public terms of Constellation's agreement to purchase the Empower LOS from Defendants, and Constellation's business strategy and internal competitive analysis. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PX4097 | Entirety | The document is the non-public agreement between Constellation and Defendants for the divestiture of the Empower LOS from Defendants and it reveals commercially sensitive price and non-price terms, Constellation's business and negotiation strategy, and the |

| | | terms of a forward-looking ongoing business relationship between Defendants and Constellation. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
|---|---|---|
| PX4116 | Entirety | This document contains Constellation's non-public and competitively sensitive information regarding highly confidential strategic analysis and internal evaluations of Constellation's pending acquisition of the Empower LOS, including financial and price data, projections, analysis of the Empower LOS business and Constellation's acquisition of the Empower LOS business, and Constellation strategy for the negotiation of the acquisition of the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PX4138 | Entirety | This document contains Constellation's non-public and competitively sensitive information regarding highly confidential strategic analysis and internal evaluations of Constellation's pending acquisition of the Empower LOS, including financial and price data, projections, analysis of the Empower LOS business and Constellation's acquisition of the Empower LOS business, and Constellation strategy |

|   |   |   |   |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 |  |  | for the negotiation of the acquisition of the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing.  Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| 7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | PX4142 | Entirety | This document contains Constellation's non-public and competitively sensitive information regarding highly confidential strategic analysis and internal evaluations of Constellation's pending acquisition of the Empower LOS, including financial and price data,  analysis of Constellation's acquisition of the Empower LOS business, and Constellation strategy for the negotiation of the acquisition of the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing.  Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| 20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | PX4189 | Entirety | This document contains Constellation's non-public and competitively sensitive information regarding highly confidential strategic analysis and internal evaluations of Constellation's pending acquisition of the Empower LOS, including financial and price data,  analysis of Constellation's acquisition of the Empower LOS business, and Constellation strategy for the negotiation of the acquisition of the Empower LOS. Because such information |

28

| | | could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
|---|---|---|
| PX4219 | Entirety | This document contains Constellation's non-public and competitively sensitive information regarding Constellation's highly confidential strategic analysis and internal evaluations of the potential acquisition of the Empower LOS. The document includes proprietary Empower LOS financial and other sensitive data concerning the operation and performance of the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PX4220 | Entirety | This document contains Constellation's non-public and competitively sensitive information regarding highly confidential strategic analysis and internal evaluations of Constellation's negotiations for the acquisition of the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PX4224 | Entirety | This document contains Constellation's non-public and |

| | | competitively sensitive information regarding highly confidential strategic analysis and internal evaluations of Constellation's negotiations for the acquisition of the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
|---|---|---|
| PX6029 | Entirety | This document contains Constellation's non-public and competitively sensitive information regarding highly confidential strategic analysis and internal evaluations of Constellation's pending acquisition of the Empower LOS, including financial and price data, analysis of Constellation's acquisition of the Empower LOS business, and Constellation strategy for the negotiation of the acquisition of the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PX6032 | Entirety | This document contains Constellation's non-public and competitively sensitive information regarding highly confidential strategic analysis and internal evaluations of Constellation's pending acquisition of the Empower LOS, including financial and price data, analysis of Constellation's acquisition of the Empower LOS business, |

| | | |
|---|---|---|
| | | and Constellation strategy for the negotiation of the acquisition of the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |
| PX6062 | Entirety | This document contains Constellation's non-public and competitively sensitive information regarding highly confidential strategic analysis and internal evaluations of Constellation's pending acquisition of the Empower LOS, including financial and price data, analysis of Constellation's acquisition of the Empower LOS business, and Constellation strategy for the negotiation of the acquisition of the Empower LOS. Because such information could be used to injure Constellation if it were made publicly available, legitimate private interests warrant sealing. Unsealing would result in injury to Constellation that could not be avoided through any less restrictive alternative. |

**I.    Compelling Reasons Merit the Continued Sealing of Non-Party Constellation's Confidential Business Information.**

This Court has "broad latitude…to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original) (citations omitted). The general presumption in favor of public access may be overcome by "compelling reasons" justifying sealing, including the need to

prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (cleaned up). *See also FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (Sealing material divulging "terms of confidential contracts, contract negotiations, or trade secrets" because publication "may harm [Defendant's] or third parties' competitive standing"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (Sealing warranted to avoid competitors "gaining insight into the parties' business model and strategy"); *Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "financial projections, discussions of business strategy, and competitive analyses").

Constellation is not a party to this matter and its confidential business information has only been produced in discovery in the Administrative Proceeding in response to a subpoena issued by the FTC. The information at issue includes records and discussion of (a) Constellation's confidential contracts and details of Constellation's contract negotiations; (b) Constellation's business strategy and competitive analyses; and (c) Constellation's non-public financial information and forward-looking financial projections. Constellation strictly treats this information as confidential and has designated it as such pursuant to a protective order in the Administrative Proceeding. The public disclosure of any of this information "could result in improper use by business competitors seeking to replicate [Constellation's] business practices and circumvent the considerable time and resources necessary in" developing Constellation's business and competitive strategy. *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012). Moreover, public disclosure would give Constellation's competitors an unfair advantage in the marketplace by revealing Constellation's highly confidential price and financial data, including the details of its negotiation of the Empower divestiture, where Constellation lacks reciprocal access to its competitors' similarly confidential business information.

There is no legitimate public interest in the disclosure of Constellation's highly confidential and commercially sensitive information, and there is no less restrictive alternative to the continued sealing of this information. Any public interest in disclosure is plainly outweighed by the competitive harm that would result to Constellation, a non-party in the instant litigation, if the

information is unsealed. *Ctr. for Auto Safety*, 809 F.3d at 1097. *See also United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1, 5 (N.D. Cal. Jan. 21, 2014) (Sealing non-party material containing competitively sensitive information because it "could cause damage to the third parties if made public" and "it would chill investigations in the future where third party documents are essential.").

## II.     Conclusion.

For the foregoing reasons, Constellation respectfully requests that the Court grant the Administrative Motion (ECF No. 107) and maintain under seal the Constellation-specific confidential business information identified in the table above.

DATED: June 8, 2023         By: */s/Carrie Richey*
                                Carrie Richey

                                Carrie Richey (CA Bar No. 270825)
                                Carrie.Richey@wbd-us.com
                                **WOMBLE BOND DICKINSON (US) LLP**
                                50 California Street, Suite 2750
                                San Francisco, CA 94111
                                Tel.: 415-433-1900
                                Fax: 415-433-5530

                                Attorneys for Non-Party
                                Constellation Web Solutions Inc.