Scott A. Sher, State Bar No. 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 973-8822
Facsimile: (866) 974-7329
Email: SSher@wsgr.com

Attorney for Non-Party Blend Labs, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> INTERCONTINENTAL EXCHANGE, INC., <br><br> and <br><br> BLACK KNIGHT, INC., <br><br> Defendants. | CASE NO.: 3:23-cv-01710-AMO <br><br> **NON-PARTY BLEND LABS, INC.'S ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL BUSINESS MATERIAL** |

## I.  INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Non-Party Blend Labs, Inc. ("Blend") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Plaintiff's Administrative Motion") (ECF No. 107). PX6037 was filed with the Court on June 2, 2023 by Plaintiff in support of its Memorandum of Points and Authorities in Support of a Preliminary Injunction ("PI Brief"). Blend seeks an order to keep the following portions of PX6037 under seal, as they contain Blend's highly confidential and competitively sensitive information, the public disclosure of which would harm Blend's competitive standing.

| Document | Portions to Maintain Under Seal | Basis for Sealing Request |
| --- | --- | --- |
| PX6037 (Deposition Testimony of Timothy J. Mayopoulos) | 12:23-25; 14:11-20; 15:2; 15:18-22; 16:1-8; 17:15-16; 17:19-25; 18:1-16; 20:7; 21:15-21; 21:24-25; 22:1-3; 22:9; 22:13; 22:16-20; 23:13-25; 24:1-25; 25:1-6; 25:11-24; 26:1-5; 26:7-22; 26:25; 27:1-25; 28:1-7; 28:11-24; 29:5-18; 29:22-25; 30:1-17; 30:21-25; 31:1-6; 31:9-19; 31:23-25; 32:1-25; 33:1-2; 33:5-19; 34:5-15; 37:8-14; 39:5-8; 39:14-24; 42:24-25; 43:1-21; 43:23-25; 44:1-9; 44:11-13; 44:16-25; 45:5-17; 45:24-25; 46:1-13; 46:18-22; 47:8-10; 47:13-23; 48:3-25; 49:1-4; 49:8-25; 50:1-12; 50:19-25; 51:1-14. | Declaration of Peter Frechette In Support of Non-Party Blend Labs, Inc.'s Administrative Motion to Seek Confidential Material ("Frechette Decl.") |

## II.  LEGAL STANDARD

Courts have broad discretion to seal judicial records from public disclosure when there are "compelling reasons" to do so, such as the need to prevent court records from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Courts may prevent public disclosure of "many types of

information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Therefore, courts applying the compelling reasons standard "have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2022 U.S. Dist. LEXIS 97991, at *4 (N.D. Cal. June 1, 2022) (collecting cases).

## III.   ARGUMENT

The information that Blend seeks to protect from public disclosure meets the "compelling reasons" standard. PX6037 is a copy of the deposition transcript of Timothy J. Mayopoulos, Blend's former President and current member of its Board of Directors. During his deposition, Mr. Mayopoulos testified on a number of highly confidential and competitively sensitive topics regarding Blend's business known to him by virtue of his leadership position at Blend. These topics including Blend's confidential business strategies, analysis of Blend's competitive landscape and market position, strategic appraisals of competing firms, the terms of Blend's commercial agreements with customers and partners (and negotiations regarding such agreements), and Blend's future product roadmap. Frechette Decl. at ¶ 4.

Public disclosure of this sensitive business information would harm Blend's competitive standing. Blend's competitors would gain insight into Blend's strategic thinking, its future business plans, and its business performance, which would allow them to adjust their own plans and strategies in response and thereby injure Blend's competitive standing. Frechette Decl. at ¶ 6. Further, Blend's competitors would gain insight into the company's negotiations and agreements with customers and partners, which they could exploit in their own negotiations and agreements with the same parties, giving them an unfair competitive advantage and harming Blend's competitive standing. Frechette Decl. at ¶ 6.

Courts have routinely sealed business information of this kind under the "compelling reasons" standard. *See, e.g.*, *Elec. Arts, Inc. v. United States Dist. Court (In re Elec. Arts, Inc.)*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing pricing terms, royalty rates, and guaranteed minimum payment terms in licensing agreement); *Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 U.S. Dist. LEXIS 212794, at *12-13 (N.D. Cal. Dec. 5, 2019) ("[C]ourts in our circuit have found sales data and customer identities to be sealable, to the extent that information is kept confidential…. such information could harm a litigant's competitive standing, by giving competitors private data about the litigant's performance and business strategy."); *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2017 U.S. Dist. LEXIS 39060, at *13 (N.D. Cal. Mar. 9, 2017) (sealing "products, proposed features, design concepts, and internal review processes that constitute trade secrets"); *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2015 U.S. Dist. LEXIS 194238, at *5 (N.D. Cal. Aug. 4, 2015) (sealing "internal, nonpublic information discussing Safeway's pricing strategy, business decision-making, customer research, and financial records.").

Blend has taken steps to maintain the confidentiality of such information, including by limiting the disclosure of such information to senior employees with a need to know the information, such as Mr. Mayopoulos. Blend does not share such information with third parties or the public. Frechette Decl. at ¶ 6. Blend has taken measures to protect the secrecy of Mr. Mayopoulos's testimony, including an on-the-record request during the deposition to keep the transcript confidential. *See* PX6037 at 51:17-21. To Blend's knowledge, the parties to this litigation have treated PX6037 as highly confidential and competitively sensitive business information.

Blend has narrowly tailored its request to seal. Blend seeks only to seal the specific portions of Mr. Mayopoulos's deposition testimony that contain competitively sensitive business information. Sealing this material is necessary to protect Blend from the competitive harm that would result from its disclosure. Frechette Decl. at ¶ 7.

Finally, Blend respectfully submits that its status as a non-party warrants maintaining the confidentiality of the information at issue. Blend "did not voluntarily put [its information] at issue

in this litigation." *United States v. Bazaarvoice, Inc.*, No. 13-CV-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third party information where disclosure "would chill investigations in the future where third party documents are essential." *Id.*

## IV.   CONCLUSION

For the foregoing reasons, Blend respectfully requests that the Court grant its Administrative Motion to Seal and maintain the confidentiality of the specific portions of PX6037 described above.

Dated: June 9, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Scott A. Sher*

Scott A. Sher, State Bar No. 190053
1700 K Street, N.W.
Washington, DC 20006
Telephone: (202) 973-8822
Facsimile: (866) 974-7329
Email: SSher@wsgr.com

Attorney for Non-Party Blend Labs, Inc.