**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERCONTINENTAL EXCHANGE, INC.** <br> and <br> **BLACK KNIGHT, INC.**, <br><br> Defendants. | Case No. 3:23-cv-01710-AMO <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER MODIFYING SEALING PROCEDURES FOR PRELIMINARY INJUNCTION BRIEFING** |

1   The undersigned parties jointly stipulate and agree, subject to the Court's approval, to a modification of the sealing procedures with respect to all briefing, including pre- and post-hearing proposed findings of fact and conclusions of law.

WHEREAS, Plaintiff has requested a preliminary injunction under Section 13(b) of the Federal Trade Commission Act and filed a memorandum of points and authorities in support thereof (Dkt. No. 109), pursuant to a schedule entered by the Court for resolution of Plaintiff's preliminary injunction request (Dkt. No. 118);

WHEREAS, the memorandum of points and authorities in support of Plaintiff's motion for a preliminary injunction extensively cites to, and attaches as exhibits, materials designated as confidential by Defendants and third parties under the Stipulated Protective Order (Dkt. No. 91);

WHEREAS, the parties anticipate that subsequent briefing related to the preliminary injunction request, including pre- and post-hearing proposed findings of fact and conclusions of law, will extensively cite to, or attach as exhibits, materials designated as confidential by Defendants and third parties;

WHEREAS, the same materials designated as confidential by third parties are likely to be cited multiple times during the briefing related to the preliminary injunction request and that, under Local Rule 79-5, third parties would likely need to file numerous sealing statements concerning the same materials that they have designated as confidential, which would be highly time consuming and burdensome for the third parties;

WHEREAS, the parties seek to streamline the overall sealing process and to reduce burdens on third parties (by, for example, eliminating the need for third parties to file multiple, largely repetitive statements in support of sealing), the parties, and the Court by having a single motion to consider sealing and attendant statements in support of sealing by Defendants and third parties after submission of the post-hearing proposed findings of fact and conclusions of law;[1]

---

[1] The Honorable Jacqueline Scott Corley approved a similar procedure in *In re California Gasoline Spot Market Antitrust Litigation*, No. 3:20-cv-03131-JSC, Dkt. No. 511; and the Honorable William H. Orrick III approved a similar procedure in *In re Lidoderm Antitrust Litigation*, No. 14- (Continued…)

JOINT STIPULATION AND [PROPOSED] ORDER MODIFYING SEALING PROCEDURES
CASE NO. 3:23-cv-01710-AMO

NOW THEREFORE, the parties request that the Court modify the sealing procedures under Local Rule 79-5 for the purposes of the preliminary injunction briefing as follows:

1. The parties shall conditionally file all briefing and proposed findings of fact and conclusions of law regarding Plaintiff's preliminary injunction request, as detailed in the Court's scheduling order, and all supporting materials that contain information designated as confidential by any party or nonparty ("Confidential Preliminary Injunction Material") under seal, accompanied by an interim administrative sealing motion which may simply indicate that the reasons for sealing will be discussed in a forthcoming omnibus sealing motion.

2. At the time of the filing, the parties shall not be required to file redacted versions of any Confidential Preliminary Injunction Material, except for redacted versions of any briefing.

3. Within 14 days after the parties' deadline to submit post-hearing proposed findings of fact and conclusions of law, each party shall:

    a. file a motion to consider sealing that identifies (1) the portions of the Confidential Preliminary Injunction Material designated as confidential by any party or third party, and (2) the party or third party that designated each portion of the Confidential Preliminary Injunction Material as confidential;

    b. serve on each third party that has designated any Confidential Preliminary Injunction Material as confidential: (1) this order, (2) the motion to consider sealing, and (3) versions of the Confidential Preliminary Injunction Material that cites materials the third party has designated as confidential where information designated as

---

md-2521-WHO, Dkt. No. 520. Another example of modification to the sealing procedures can be found at *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD, Dkt. No. 246.

                 confidential by any other party or third party has been redacted; and

         c.    file any statements in support of sealing the Confidential Preliminary Injunction Material that the parties have designated as confidential. Such statements shall comply with Local Rule 79-5(c).

4. Within 14 days after receiving the materials set forth in 3(b) above, each third party shall file a statement in support of sealing the Confidential Preliminary Injunction Material that the third party has designated as confidential. Such statements shall comply with Local Rule 79-5(c).

5. For Plaintiff's pending administrative motion to consider whether another party's material should be sealed with respect to its memorandum of points and authorities in support of a preliminary injunction and documents in support thereof (Dkt. No. 107), the deadline for parties and third parties to file statements in support of sealing the Confidential Preliminary Injunction Material will be 28 days after the parties' deadline to file post-hearing proposed findings of fact and conclusions of law.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

SIGNED this _____ day of _____, 2023.

_____
HONORABLE ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

STIPULATED BY:

Dated: June 12, 2023

| SUSMAN GODFREY L.L.P. | FEDERAL TRADE COMMISSION |
|---|---|
| By: */s/Kalpana Srinivasan* | By: */s/ Abby L. Dennis* |
| Kalpana Srinivasan | Abby L. Dennis |
| Kalpana Srinivasan, Bar No. 237460<br>ksrinivasan@susmangodfrey.com<br>Michael Gervais, Bar No. 330731<br>mgervais@susmangodfrey.com<br>Jesse-Justin Cuevas, Bar No. 307611<br>jcuevas@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br><br>Shawn L. Raymond, *pro hac vice*<br>sraymond@susmangodfrey.com<br>Alexander L. Kaplan, *pro hac vice*<br>akaplan@susmangodfrey.com<br>Adam Carlis, *pro hac vice forthcoming*<br>acarlis@susmangodfrey.com<br>Michael C. Kelso, *pro hac vice pending*<br>mkelso@susmangodfrey.com | Abby L. Dennis<br>adennis@ftc.gov<br>Peter Richman<br>prichman@ftc.gov<br>Ashley Masters<br>amasters@ftc.gov<br>Abigail Wood<br>awood@ftc.gov<br>FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>Telephone: (202) 326-2381<br><br>*Attorneys for Plaintiff Federal Trade Commission* |

| | | |
|---|---|---|
| 1 | Abigail Noebels, *pro hac vice* <br> anoebels@susmangodfrey.com | KEKER, VAN NEST & PETERS LLP |
| 2 | Alejandra C. Salinas, *pro hac vice forthcoming* | By: */s/ R. James Slaughter* |
| 3 | asalinas@susmangodfrey.com | R. James Slaughter |
| 4 | Krisina J. Zuñiga, *pro hac vice* <br> kzuniga@susmangodfrey.com | Elliot R. Peters |

Abigail Noebels, *pro hac vice*
anoebels@susmangodfrey.com
Alejandra C. Salinas, *pro hac vice forthcoming*
asalinas@susmangodfrey.com
Krisina J. Zuñiga, *pro hac vice*
kzuniga@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

J. Clayton Everett Jr., *pro hac vice*
clay.everett@morganlewis.com
Ryan M. Kantor, *pro hac vice*
ryan.kantor@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

John C. Dodds, *pro hac vice*
john.dodds@morganlewis.com
Zachary M. Johns, *pro hac vice*
zachary.johns@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (212) 309-6001

*Attorneys for Defendant Intercontinental Exchange, Inc*

KEKER, VAN NEST & PETERS LLP

By: */s/ R. James Slaughter*
    R. James Slaughter

Elliot R. Peters
epeters@keker.com
R. James Slaughter
rslaughter@keker.com
Khari J. Tillery
ktilery@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile: (415) 397-7188

Jonathan M. Moses, *pro hac vice*
Adam L. Goodman, *pro hac vice*
WACHTELL, LIPTON, ROSEN&KATZ
51 West 52nd Street
New York, NY 10019
(212) 403-1361
jmmoses@WLRK.com
algoodman@WLRK.com

*Attorneys for Defendant Black Knight, Inc.*

JOINT STIPULATION AND [PROPOSED] ORDER MODIFYING SEALING PROCEDURES
CASE NO. 3:23-cv-01710-AMO