**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**INTERCONTINENTAL EXCHANGE, INC.**<br><br>and<br><br>**BLACK KNIGHT, INC.,**<br><br>Defendants. | Case No. 3:23-cv-01710-AMO<br><br>**JOINT STIPULATION, [PROPOSED] ORDER, AND REQUEST FOR CLARIFICATION REGARDING JUNE 30 DEADLINE TO SUBMIT DIRECT EVIDENCE** |

The undersigned parties submit this joint stipulation and request for clarification regarding the Scheduling Order (Dkt. No. 118) in this case, specifically the Court's June 30, 2023 "[d]eadline to submit direct evidence through declarations, deposition designations, and exhibits."

I. Stipulation

The parties have conferred about the June 30 deadline and related issues and jointly stipulate and agree, subject to the Court's approval, to the following:

1. Live witnesses will only appear once.

2. If a party submits a declaration from a witness on June 30 as direct evidence, the party will make that witness available to be cross-examined on July 25 or 26, 2023.

3. Following the June 30 deadline, the parties will meet and confer to attempt to resolve any disputes or objections to the materials submitted.

II. Request for Clarification

The parties further request clarification regarding the scope of "direct evidence through declarations, deposition designations, and exhibits" that the parties must submit by June 30, per the Court's Scheduling Order. The parties' respective understandings and positions are included below.

A. Plaintiff's Position:

The FTC's understanding is that the Scheduling Order requires the parties to submit (1) declarations; (2) deposition designations for witnesses whose testimony a party intends to play via video or read aloud at the hearing; and (3) any exhibits that are attached to/used in the aforementioned declarations or deposition testimony, and/or that a party may use with a witness it calls live, other than for impeachment or demonstratives. The Court may further rely on all evidence filed in connection with the parties' pre-and post-hearing submissions (i.e., evidence cited in and attached as an exhibit), including their proposed findings of fact and conclusions of law, irrespective of its submission as direct evidence on June 30, 2023, or its introduction as evidence at the evidentiary hearing on July 25-26, subject to any objections.

This is the common approach in Section 13(b) cases where, as a preliminary injunction

proceeding, the evidentiary rules are relaxed. *E.g.*, Ex. A, *FTC v. Meta Platforms, Inc.*, 22-cv-4325-EJD (N.D. Cal. Dec. 1, 2022), Dkt. 385 at 3 (providing process for designating in-court video deposition testimony while allowing court to consider evidence submitted with findings and briefing); *FTC v. Thomas Jefferson Univ.*, 505 F. Supp. 3d 522, 527 (E.D. Pa. 2020) ("[T]he Court held six days of evidentiary hearings . . . The Court also received from the parties and reviewed additional documents, declarations, deposition transcripts and other materials."); *FTC v. Wilh. Wilhelmsen Holding ASA*, 341 F. Supp. 3d 27, 43 (D.D.C. 2018) (similar); *FTC v. Staples, Inc.*, 970 F. Supp. 1066, 1070 (D.D.C. 1997) (similar); *see also, e.g.*, *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits"). Accordingly, the FTC understands that the June 30 submissions were intended to facilitate the introduction of evidence at the hearing, not to prevent the Court from considering any other evidence submitted by the parties as part of pre- and post-hearing briefing.

Defendants' position is that the only evidence that the Court may consider for its Section 13(b) determination is that submitted on June 30 and presented at the evidentiary hearing on July 25-26, and that the parties must engage in the iterative process (affirmatives, counters, objections, etc.) of designating all deposition testimony which either side plans to use, including in any briefing and proposed findings of fact and conclusions of law. Defendants have failed to justify why the parties should deviate from the flexible evidentiary approach the preliminary injunction context, including with respect to transcripts of investigational hearings ("IHs"). Ex. B, *FTC, et al. v. Thomas Jefferson Univ., et al.*, 20-cv-01113 (GJP) (E.D. Pa. Sept. 10, 2020), Dkt. No. 224 (permitting FTC to present IHs because "part of the Court's role in the preliminary injunction proceeding will be to determine Plaintiffs' likelihood of success on the merits in the administrative adjudication."). Indeed, IH testimony from party employees is admissible even under a strict application of the Federal Rules. *FTC v. Vyera Pharms., LLC*, No. 20-CV-00706 (DLC), 2021 WL 5236333, at *3 (S.D.N.Y. Nov. 10, 2021). Put simply, the FTC's position is that the parties can rely on materials cited in their pre- and post-hearing submissions, and any

evidentiary issues "properly go to the weight rather than admissibility." *Disney Enters., Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 957, 966 (C.D. Cal. 2016). Along with the evidence cited in the FTC's preliminary injunction brief, the FTC has already provided Defendants its exhibit list in the administrative proceeding. Defendants cannot be surprised and have ample opportunity to respond and object as appropriate.

Defendants have further taken the position that the parties should submit all designations for any depositions to which the parties may ever cite and associated video on June 30 to allow the Court to view the testimony via video in chambers outside of the 8 hours allocated to each party and outside the presence of the public and the press. Defendants' approach is improper because, among other things, it violates the common-law right to access the courts and the First Amendment. *United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996) ("The public had a right to hear and observe the [video] testimony at the time and *in the manner it was delivered* to the jury in the courtroom . . .") (emphasis added); *see also id.* at 659.

Finally, the FTC's understanding is a party may still call a witness to testify live if that party does not control the witness and is unable to procure a declaration. Defendants, however, have taken the position that only those witnesses for whom declarations are submitted on June 30 may be called live. The FTC controls one witness in this case: its expert, Dr. Seth Sacher. Defendants argue that the FTC must submit testimony for witnesses for whom it is unable to procure declarations—which includes current and former party employees within 100 miles—via deposition designation instead of calling those witnesses live. Moreover, Defendants maintain that even if they submit a declaration for such witnesses, the FTC must limit its questioning to the scope of the declaration submitted. Under Defendants' approach, the Court will hear live from only those current and former employees whom Defendants want the Court to hear and whom they deem "key"—and only on topics within the scope of their declarations. The FTC should be allowed to call live party witnesses and/or other witnesses for whom it is unable to procure a declaration. *See* Ex. C., *FTC v. Microsoft Corp*., 3:23-cv-02880-JSC (N.D. Cal. June 14, 2023), Dkt. 76 (encouraging "the parties to agree to present direct testimony,

***where possible***, by declaration and have the live testimony be only cross-examination and re-direct" (emphasis added)).

The FTC thus respectfully requests that: (1) The Court may rely on evidence filed in connection with the parties' pre-and post-hearing submissions; and (2) If a witness is unwilling to provide one side with written direct testimony via declaration, the side may still call that witness to testify live.

Defendants' Position:

The Court set a June 30, 2023 deadline for the parties "to submit direct evidence through declarations, deposition designations, and exhibits" and ordered a July 25–26 "[e]videntiary hearing," at which "[t]he parties will cross-exam witnesses, as well as redirect them." Defendants understand the Court to have ordered a procedure whereby the parties will submit all of their direct evidence by June 30 and will conduct necessary cross-examinations and re-direct examinations on July 25–26. The Court would then have a complete record from which it would render its decision.[1]

The FTC has a different interpretation. The FTC has contradictorily indicated that (1) if a party submits depositions designations on June 30, it must play those designations in Court on July 25 or 26 (counting against that party's 8 hours),[2] and (2) the FTC can nevertheless submit and rely on entire deposition transcripts (as well as FTC Investigatory Hearing transcripts) in its post-trial findings of fact and conclusions of law—without affording Defendants the opportunity to cross-examine or counter-designate testimony. The FTC has also indicated that, under its interpretation, it will be able to use whatever it chooses in its post-hearing submission, regardless of whether it is the first time the FTC is citing that document or testimony or whether it has been admitted into

[1] This is similar to the procedure Judge Corley recently ordered in *FTC v. Microsoft Corp. et al.*, 3:23-cv-02880-JSC (N.D. Cal. June 14, 2023), Dkt. 76 (encouraging agreement that live testimony be only cross and re-direct, requesting exhibits the parties intend "to offer at the evidentiary hearing either through a witness declaration or live testimony," and referring to the "close of evidence").

[2] The FTC cites the process in *FTC v. Meta Platforms Inc.*, 5:22-CV-04325-EJD (N.D. Cal.). But there, the evidentiary hearing included the presentation of direct evidence. Based on a review of the dockets, the same is true for the other three examples cited by the FTC. Here, the Court has ordered the parties to submit direct evidence in advance of the hearing.

evidence. The FTC's response to the notice issues with this approach is that it provided Defendants an exhibit list in the administrative proceeding, so Defendants "have ample opportunity to respond and object as appropriate." But that list has ***over 1,000 exhibits*** and does not provide adequate notice of the documents and testimony on which the FTC actually intends to rely.

Federal Rule of Civil Procedure 32 governs the use of depositions in "hearing[s] or trial." The parties should be required to comply with Rule 32 and submit all admissible testimony on which they plan to rely by the June 30 deadline. This should not include FTC Investigational Hearing testimony. Defendants were not permitted to attend many of those hearings. *See* 16 C.F.R. § 2.7(f)(3). And even when they were, their counsel could not question the witness, foreclosing any suggestion that the testimony counts as a deposition. *See* FED. R. CIV. P. 32(a)(1)(a); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966 (9th Cir. 1981) (holding testimony could not be used as a deposition where a party "did not have the opportunity to cross-examine the deponents").[3]

Defendants further believe that, if a document is offered into evidence at the hearing, it should have a sponsoring witness, either through a June 30 declaration or deposition designation or a witness on cross. The FTC has suggested its approach is proper because generally the rules of evidence do not apply strictly to preliminary injunctions proceedings. But that is only because, typically, "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984); *see also Herb Reed Enters., LLC v. Fla. Ent. Mgmt.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013). That is not the case here, where the FTC deposed ***45 people*** and Defendants produced over ***5 million*** documents. It is the FTC who fails to justify why the federal rules of evidence should not apply in this federal court proceeding.

---

[3] The FTC cites *Thomas Jefferson University, et al.*, 20-cv-01113 (GJP) (E.D. Pa. Sept. 10, 2020), Dkt. No. 224, and *FTC v. Vyera Pharms.*, LLC, 0-CV-00706 (DLC), 2021 WL 5236333 (S.D.N.Y. Nov. 10, 2021), in support of using FTC Investigational Hearing testimony. But in the *Vyera* opinion, the court did not rule on admissibility. 2021 WL 5236333, at *4. And the court in *Thomas Jefferson* did not order pre-hearing submission of *deposition* designations, as the Court did here.

Relatedly, the FTC argues it can conduct what it refers to as "hostile direct" examinations of Defendants' employees. What Defendants understand the FTC to mean is it can question any of Defendants' employees, regardless of their availability, on any topic, regardless of whether a declaration was submitted or the scope of their declaration, at the evidentiary hearing. Again, Defendants understand the June 30 deadline to mean the deadline for the parties to submit all—not just some—direct evidence. Moreover, under 15 U.S.C. § 23, neither party has the unilateral right to call any witness outside the district. The FTC's opportunity to submit testimony of Defendants' employees as direct evidence is therefore through the designation of some of the many hours of deposition testimony they gave. And Defendants will submit declarations from their key witnesses, meaning the FTC will also have the opportunity to cross-examine those witnesses.

Regarding the FTC's position that it plans to play clips of deposition testimony during the evidentiary hearing, Defendants take no issue with the FTC's desire to use its time in this way. But the Court did not limit the parties to 8 hours per side of live testimony, as the FTC suggests. It limited the parties to 8 hours per side to "cross-exam witnesses, as well as redirect them." Defendants therefore maintain that the hearing is not the time for direct evidence. Defendants only proposed submitting clips of designated testimony for the Court's convenience. Should the Court prefer Defendants not submit videos, just designations, Defendants will of course not submit any.

Finally, the FTC makes the point that Defendants control over 20 witnesses, suggesting Defendants intend to overwhelm the FTC with declarations. As Defendants have said to the FTC, Defendants do not. And to the extent the number of declarations Defendants submit becomes an issue, the parties have already agreed to meet and confer after the June 30 deadline. With the hearing happening weeks later, the parties will have plenty of time to resolve any issues that arise.

STIPULATED BY:

Dated: June 14, 2023

SUSMAN GODFREY L.L.P.

By: */s/ Kalpana Srinivasan*
Kalpana Srinivasan

Kalpana Srinivasan, Bar No. 237460
ksrinivasan@susmangodfrey.com
Michael Gervais, Bar No. 330731
mgervais@susmangodfrey.com
Jesse-Justin Cuevas, Bar No. 307611
jcuevas@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Shawn L. Raymond, *pro hac vice*
sraymond@susmangodfrey.com
Alexander L. Kaplan, *pro hac vice*
akaplan@susmangodfrey.com
Adam Carlis, *pro hac vice forthcoming*
acarlis@susmangodfrey.com
Michael C. Kelso, *pro hac vice pending*
mkelso@susmangodfrey.com
Abigail Noebels, *pro hac vice*
anoebels@susmangodfrey.com
Alejandra C. Salinas, *pro hac vice forthcoming*
asalinas@susmangodfrey.com
Krisina Zuñiga, *pro hac vice*
kzuniga@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Michelle Park Chiu, Bar No. 248421

FEDERAL TRADE COMMISSION

By: */s/ Abby L. Dennis*
Abby L. Dennis

Peter Richman
Ashley Masters
Abigail Wood
Daniel Aldrich
Laura Antonini
Catharine Bill
Caitlin Cipicchio
Steven Couper
Jessica S. Drake
Janet Kim
Christopher Lamar
Lauren Sillman
Neal Perlman
Nicolas Stebinger
Nina Thanawala
Taylor Weaver

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-2381

*Attorneys for Plaintiff Federal Trade Commission*

KEKER, VAN NEST & PETERS LLP

By: *R. James Slaughter*

R. James Slaughter

michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

J. Clayton Everett Jr., *pro hac vice*
clay.everett@morganlewis.com
Ryan M. Kantor, *pro hac vice*
ryan.kantor@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

John C. Dodds, *pro hac vice*
john.dodds@morganlewis.com
Zachary M. Johns, *pro hac vice*
zachary.johns@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (212) 309-6001

*Attorneys for Defendant*
*Intercontinental Exchange, Inc.*

Elliot R. Peters
epeters@keker.com
R. James Slaughter
rslaughter@keker.com
Khari J. Tillery
ktilery@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Jonathan M. Moses, *pro hac vice*
Adam L. Goodman, *pro hac vice*
WACHTELL, LIPTON,
ROSEN&KATZ
51 West 52nd Street
New York, NY 10019
(212) 403-1361
jmmoses@WLRK.com
algoodman@WLRK.com

*Attorneys for Defendant*
*Black Knight, Inc.*

**FILER'S ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Abby Dennis, am the ECF User whose ID and password are being used to file the foregoing.  In compliance with Civil Local Rule 5-1(h)(3), I attest that the other signatories concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated:  June 14, 2023                                            /s/ *Abby L. Dennis*
                                                                                       Abby L. Dennis

***This order has been entered after consultation with the parties***. PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ________________, 2023

________________________________
Honorable Araceli Martínez-Olguín
United States District Judge
Northern District of California