| | |
|---|---|
| SUSMAN GODFREY L.L.P.<br>Kalpana Srinivasan, Bar No. 237460<br>ksrinivasan@susmangodfrey.com<br>Michael Gervais, Bar No. 330731<br>mgervais@susmangodfrey.com<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, California 90067-6029<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br><br>SUSMAN GODFREY L.L.P.<br>Shawn L. Raymond, *pro hac vice*<br>sraymond@susmangodfrey.com<br>Alexander L. Kaplan, *pro hac vice*<br>akaplan@susmangodfrey.com<br>1000 Louisiana, Suite 5100<br>Houston, Texas 77002-5096<br>Telephone: (713) 651-9366<br>Facsimile: (713) 654-6666<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>J. Clayton Everett Jr., *pro hac vice*<br>clay.everett@morganlewis.com<br>Ryan M. Kantor, *pro hac vice*<br>ryan.kantor@morganlewis.com<br>1111 Pennsylvania Avenue, NW<br>Washington, D.C. 20004-2541<br>Telephone: (202) 739-3000<br>Facsimile: (202) 739-3001<br><br>*Attorneys for Defendant*<br>*Intercontinental Exchange, Inc.* | KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>R. JAMES SLAUGHTER - # 192813<br>rslaughter@keker.com<br>STEVEN K. TAYLOR - # 204668<br>staylor@keker.com<br>KHARI J. TILLERY - # 215669<br>ktillery@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:    415 397 7188<br><br>WACHTELL, LIPTON, ROSEN & KATZ<br>JONATHAN M. MOSES *(pro hac vice)*<br>jmmoses@wlrk.com<br>ADAM L. GOODMAN *(pro hac vice)*<br>algoodman@wlrk.com<br>51 West 52nd Street<br>New York, NY  10019<br>Telephone:  (212) 403-1000<br>Facsimile:  (212) 403-2000<br><br>*Attorneys for Defendant*<br>*Black Knight, Inc.* |

(Additional counsel appear on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>       v.<br><br>INTERCONTINENTAL EXCHANGE, INC.<br>and BLACK KNIGHT, INC.<br><br>            Defendants. | Case No. 3:23-cv-01710-AMO<br><br>**DEFENDANTS' SUBMISSION ADDRESSING THE COURT'S AUTHORITY**<br><br>Judge:      Hon. Araceli Martínez-Olguín |

1    Pursuant to the Court's order at the June 22, 2023, status conference (Dkt. 153), Defendants Intercontinental Exchange, Inc. and Black Knight, Inc. provide this submission addressing (1) the Court's authority to stay the administrative proceeding brought by and pending before the Federal Trade Commission, titled *In the Matter of Intercontinental Exchange, Inc. and Black Knight, Inc.*, Docket No. 9413, currently set to begin July 12, 2023 and continue into August, and (2) the status of that proceeding since this Court issued its Scheduling Order for the preliminary injunction.

Today, counsel for the FTC changed its position and now supports a continuance of the administrative proceeding—and has so stated to the Commission with the parties proposing a continuance through September 25, 2023. But this development does not obviate the need for this Court to enter an order now staying the administrative proceeding to give the parties certainty. The Commission may or may not grant the request for a continuance before it and the timing of its ruling is uncertain. Defendants therefore request a stay until the issuance of this Court's ruling on the pending motion for a preliminary injunction or at least through September 25, whichever comes first. This will give the parties certainty about the path forward.

### The Court's Authority to Enter a Stay

The FTC rules anticipate that there may be a conflict between parallel federal court and administrative proceedings and require ("shall") that the federal court action take precedence over the administrative proceeding: "[i]n the event of a scheduling conflict between a proceeding in which the Commission also has sought or is seeking relief under Section 13(b) of the FTC Act … and another proceeding, the proceeding in which the Commission also has sought or is seeking relief under Section 13(b)"—here this preliminary injunction proceeding—"**shall** take precedence." 16 C.F.R. § 3.1 (emphasis added). Those same rules expressly contemplate and confirm that the federal court may direct a stay of the FTC's administrative proceeding, providing that the proceeding shall be stayed if "a court of competent jurisdiction . . . so directs." 16 C.F.R. § 3.41(f)(1)(i).

This Court has the authority to so direct and stay the administrative proceeding. The controlling regulation expressly contemplates that this Court may direct a stay, 16 C.F.R. § 3.41(f)(1)(i), and the Court has broad powers to do exactly that pursuant to the All Writs Act, 28

U.S.C. § 1651(a), which authorizes federal courts to "issue all writs necessary or appropriate in aid of their jurisdictions." The Ninth Circuit has recognized that this Court's authority under the All Writs Act "should be broadly construed, and may be applied to achieve all rational ends of law," *California v. M&P Investments*, 46 F. App'x. 876, 878 (9th Cir. 2002) (internal quotations omitted)), and extends to orders staying administrative proceedings, *id.*; *see also See Sec. & Exch. Comm'n v. G.C. George Sec., Inc.*, 637 F.2d 685, 687–88 (9th Cir.1981) (holding that All Writs Act authorized district court to stay administrative proceeding).

The Court should exercise that authority here for at least three reasons:

*First*, there is now a scheduling conflict between the two proceedings. 16 C.F.R. § 3.1. The parties effectively began this preliminary injunction proceeding several weeks ago, pursuant to the Court's scheduling order, with the FTC filing its motion for preliminary injunction, and defendants filing their opposition. Direct evidence will be submitted next week, on June 30, and there are dates and deadlines with the Court set as part of the preliminary injunction proceeding between then and the July 24-26 evidentiary hearing, including the July 20 pretrial conference. This will require substantial attention and effort from the parties each day between now and the submission of post-trial briefs on July 31, 2023. As the Court noted, there may be a need for additional hearings between now and the July 20 pretrial conference. Entering a stay will preserve and support this Court's inherent authority to manage its schedule so that the parties and the Court may adequately prepare for and address the preliminary injunction proceedings. As the Court suggested at the June 22, 2023 status conference, it can set a hearing for July 12, 2023 at which the Court could, among other things, discuss any follow up issues arising from the submission of direct evidence on June 30, 2023, including the use of deposition designations and exhibits. As the Court indicated at the June 22 status conference, the Court understood—as did Defendants—that the Court's preliminary injunction scheduling order would supersede the FTC administrative proceeding.

*Second*, although 16 C.F.R. § 3.41(f) does not require a showing of good cause for this Court to stay the Administrative Proceeding, such cause exits. Under the FTC proposal, the parties and third parties would be required to prepare for overlapping trials, including pretrial briefing and submission of evidence. The parties should be focused on the presentation of evidence for the

preliminary injunction hearing, including evaluating the presented direct evidence and preparing for witness examinations and extensive post hearing submissions.

*Third*, a stay of the administrative proceeding will not unduly delay resolution of this matter, nor will it prejudice any party or the public interest. Only this Court may preliminarily enjoin the merger: neither the administrative law judge nor the FTC can do so. The parties and the Court are moving expeditiously to complete the preliminary injunction proceeding. The administrative proceeding may go forward, if necessary, following the Court's ruling on the preliminary injunction – although in virtually all cases the preliminary injunction ruling effectively decides whether any administrative proceeding happens at all.

For these reasons, and as authorized by 16 C.F.R. §§ 3.1 and 3.41(f), 28 U.S.C. § 1651(a), and this Court's inherent authority, the Court should enter an order (1) setting a hearing in this matter for July 12, 2023, and (2) staying the administrative proceeding pending entry of this Court's order on the FTC's motion for a preliminary injunction, or until September 25, 2023, whichever comes first.

<u>Communications with the Federal Trade Commission about the Schedule Conflict</u>

On May 16, 2023, the Court entered its scheduling order in this matter (Dkt. 94; amended by Dkt. 118) setting a June 30, 2023, date for the parties to make the majority of their pretrial filings and setting an evidentiary hearing for July 25 and 26, 2023. That schedule conflicted with and therefore displaced the administrative proceeding set to begin on July 12 at which each side may present up to 105 hours of evidence. Defendants raised the conflict with counsel for the FTC and suggested the parties jointly request that the administrative proceeding be stayed pending this Court ruling on the preliminary injunction motion. Counsel for the FTC declined.

On May 24, 2023, Defendants filed a motion in the administrative proceeding requesting a status conference with the Administrative Law Judge to discuss the schedule conflict. (Ex. A). Counsel for the FTC opposed Defendants' request for a status conference, contending that "there are no scheduling conflicts for this Court to resolve." (Ex. B). On May 31, 2023, the parties jointly moved to modify the pretrial schedule in the administrative proceeding to conform certain pretrial deadlines—e.g. the exchange of expert reports—with those set by this Court, in order to avoid

duplication of effort and inconsistent deadlines for pretrial tasks that were common between the two proceedings. (Ex. C). Defendants made clear, however, that the joint motion was without prejudice to their position that the scheduling conflict required the administrative proceeding to be stayed. *See* Ex. C, n 2.

On May 31, 2023, the Administrative Law Judge, Judge Chappell, denied Defendants' request for a status conference to address the schedule conflict because "requests to change the date of the hearing must be made to the Commission." (Ex. D) Judge Chappell did enter the revised pretrial schedule jointly requested by the parties. *Id*. That same day, May 31, Defendants proceeded as Judge Chappell suggested and moved the Commission for an order staying the administrative hearing. (Ex. E). Counsel for the FTC opposed. (Ex. F). The Commission has not ruled on that motion.

On June 6, 2023, the parties received correspondence from Judge Chappell's clerk indicating that the July 12 hearing remained on schedule and the hearing would proceed remotely (Ex. G). On June 21, 2023, the parties received an email from Judge Chappell's clerk, confirming the July 13 start date for the hearing, and requesting a joint status report regarding potential scheduling conflicts. (Ex. H). Judge Chappell noted that while there would be no trial on July 19, July 26, August 1, and August 2, "[a]ll other expected dates of trial will be determined at the final prehearing conference," on July 11. He did not expressly carve out dates set by this Court, including the July 20, 2023 pretrial conference and evidentiary hearing on July 24 and 25.

Today (June 23), counsel for the FTC filed in the administrative proceeding a supplemental response to its opposition to Defendants' May 31 motion for a stay. (Ex. I). Counsel for the FTC now agrees the administrative hearing should be continued based on this Court's comments yesterday at the hearing. However, this does not moot the need for this Court to enter an order now staying the administrative proceeding. Even though FTC counsel has now jointly requested with Defendants to move the administrative hearing until September 25, 2023, only the Commission can grant this relief. The Commission may or may not grant Defendants' motion to stay, with or without this new position by FTC's counsel. Defendants' motion has been pending for three weeks; even if it is granted, it may not be granted soon as the Commission has 45 days to rule on the motion

(well after the administrative hearing is set to begin). This leaves the parties in a state of unnecessary uncertainty. Given that this Court's order on the preliminary injunction motion will likely resolve the merger's fate one way or the other, the Court should exercise its authority to require the FTC to stay its administrative proceeding until the entry of this Court order on the preliminary injunction motion, or until September 25, 2023, whichever comes first. That will enable the parties to focus on the only proceeding that can decide this merger's fate as only a federal court has the power to enjoin a merger from closing through the issuance of a preliminary injunction. *See* 15 U.S.C. § 53(b).

Dated: June 23, 2023

SUSMAN GODFREY L.L.P.

By: */s/ Kalpana Srinivasan*
Kalpana Srinivasan

Kalpana Srinivasan, Bar No. 237460
ksrinivasan@susmangodfrey.com
Michael Gervais, Bar No. 330731
mgervais@susmangodfrey.com
Jesse-Justin Cuevas, Bar No. 307611
jcuevas@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Shawn L. Raymond, *pro hac vice*
sraymond@susmangodfrey.com
Alexander L. Kaplan, *pro hac vice*
akaplan@susmangodfrey.com
Adam Carlis, *pro hac vice*
acarlis@susmangodfrey.com
Michael C. Kelso, *pro hac vice*
mkelso@susmangodfrey.com
Abigail Noebels, *pro hac vice*
anoebels@susmangodfrey.com
Alejandra C. Salinas, *pro hac vice forthcoming*
asalinas@susmangodfrey.com
Krisina Zuñiga, *pro hac vice*
kzuniga@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

J. Clayton Everett Jr., *pro hac vice*
clay.everett@morganlewis.com
Ryan M. Kantor, *pro hac vice*
ryan.kantor@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

John C. Dodds, *pro hac vice*
john.dodds@morganlewis.com
Zachary M. Johns, *pro hac vice*
zachary.johns@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (212) 309-6001

Harry T. Robins, *pro hac vice*
harry.robins@morganlewis.com
Susan Zhu, *pro hac vice*
susan.zhu@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Attorneys for Defendant
Intercontinental Exchange, Inc.*

Elliot R. Peters - # 158708
epeters@keker.com
R. James Slaughter - #192813
rslaughter@keker.com
Steven K. Taylor - # 204668
staylor@keker.com
Khari J. Tillery - #215669
ktillery@keker.com
KEKER, VAN NEST & PETERS LLP

633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Jonathan M. Moses, *pro hac vice*
jmmoses@wlrk.com
Adam L. Goodman, *pro hac vice*
algoodman@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendant*
*Black Knight, Inc.*

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.

Dated: June 23, 2023

/s/ *Kalpana Srinivasan*
Kalpana Srinivasan