Abby L. Dennis, DC Bar # 994476
Peter Richman, CA Bar # 149107
Ashley Masters, TX Bar # 24041412
Abigail Wood, DC Bar # 242239

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; prichman@ftc.gov; amasters@ftc.gov; awood@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERCONTINENTAL EXCHANGE, INC.** <br><br> and <br><br> **BLACK KNIGHT, INC.**, <br><br> Defendants. | Case No. 3:23-CV-01710-AMO <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSE TO DEFENDANTS' SUBMISSION ADDRESSING THE COURT'S AUTHORITY** |

The Federal Trade Commission ("FTC") respectfully submits this filing in response to Defendants' submission regarding "the Court's authority to supersede and/or stay administrative proceedings." Dkts. 161, 164. We first note that this afternoon, the Commission granted the parties' joint request for a continuance of the administrative evidentiary hearing to September 25, 2023. *See* Exhibit A. Accordingly, Defendants' suggestion that a stay is warranted to prevent overlapping judicial and administrative proceedings (Dkt. 161 at 3-4) is now moot.

Nevertheless, the FTC wishes to correct several misstatements of law in Defendants' submission:

1. Commission rules set forth how and when the start date of the administrative evidentiary hearing can be postponed, and that is a matter within the Commission's purview. Congress intended the Commission, as an independent tribunal with "substantive expertise," to serve as "a uniquely effective vehicle for the development of antitrust law in complex settings in which the agency's expertise [could] make a measurable difference." 74 Fed. Reg. 1803, 1805 (Jan. 13, 2009) (cleaned up). With Congress's authorization (*see* 15 U.S.C. § 46(g)), the Commission has promulgated its own rules to govern Commission adjudicative proceedings, 16 C.F.R. §§ 3.1 *et seq.* ("FTC Rules").

As for the timing of the administrative evidentiary hearing, the FTC Rules provide that the Commission itself, "upon a showing of good cause, may order a later date for the evidentiary hearing to commence."[1] 16 C.F.R. § 3.41(b). The Commission now has acted pursuant to that provision, granting the parties' requested continuance of the administrative hearing through September 25, 2023. That action is consistent with the wide latitude agencies have to "manage their own dockets." *Calif. Trout v. FERC*, 572 F.3d 1003, 1007 (9th Cir. 2009).

2. In their submission, Defendants argued that the FTC's Rules of Practice and the All Writs Act would have authorized the Court to stay the administrative proceeding, pending the Court's upcoming Section 13(b) preliminary injunction hearing. Dkt. 161 ("Br."). Those claims are unfounded.

---

[1] The Administrative Law Judge, who presides over the evidentiary hearing, has authority to extend deadlines "other than the date of the evidentiary hearing." 16 C.F.R. § 3.21(c)(2).

1       a. As an initial matter, an order staying the administrative hearing would be a preliminary injunction against the Commission, and, as such, would have to comply with both Federal Rule of Civil Procedure 65 and the established preliminary injunction standard. *See, e.g.*, 33 *Federal Practice & Procedure* (Wright & Miller) § 8386 (Apr. 2023 update). The movant would need to "establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008); *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Defendants have neither moved for a preliminary injunction nor addressed the relevant factors for granting one. There thus is no basis for the Court to stay the administrative proceedings.

      b. Defendants rely on the All Writs Act (Br. 1-2), but that statute does not permit a court to enjoin administrative proceedings when, as here, the traditional legal standards for an injunction are not satisfied and the Court's jurisdiction is not imperiled. The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. This permits orders "to effectuate and prevent the frustration of orders [a court] has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977). Orders under the Act generally must be necessary to the integrity or jurisdiction of a court proceeding. *See, e.g., National Organization for Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 544 (9th Cir. 1987). And "in the context of ongoing agency proceedings," judicial power under the Act "is narrowly circumscribed" and "properly invoked only in extreme or extraordinary circumstances warranting disruption of the administrative process." *Clark v. Busey*, 959 F.2d 808, 813-814 (9th Cir. 1992).

      The All Writs Act is inapposite here. For starters, "where the relief sought is in essence a preliminary injunction, the All Writs Act is not available because other, adequate remedies at law exist, namely Fed. R. Civ. P. 65, which provides for temporary restraining orders and preliminary injunctions." *Doe #1 v. Trump*, 458 F. Supp. 3d 1220, 1223-24 (D. Or. 2020) (quoting *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1123, 1129 (11th Cir. 2005). Again,

Defendants have not moved for such relief, nor could they show the requisite factors are met.

All Writs Act relief is not appropriate when, as here, no previous judgment or prior court order is at issue, and there is no threat to the Court's jurisdiction or integrity. Regardless of when the Commission evidentiary hearing were to begin, the Court is plainly able to exercise its jurisdiction and conduct these proceedings, in which the FTC merely seeks a preliminary injunction preserving the status quo—and not a determination on the merits—while Commission adjudicates the legality of the proposed merger in the administrative court. 15 U.S.C. § 53(b); *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1162 (9th Cir. 1984) (FTC meets this burden if "raise[s] questions going to the merits so serious, substantial, difficult and doubtful as to make them fair ground for thorough investigation, study, deliberation and determination by the FTC in the first instance and ultimately by the Court of Appeals"); *see also FTC v. Food Town Stores, Inc.*, 539 F.2d 1339, 1342 (4th Cir. 1976) ("The district court is not authorized to determine whether the antitrust laws have been or are about to be violated. That adjudicatory function is vested in the FTC in the first instance."). The issues in the Section 13(b) case would be fully within the Court's jurisdiction to decide even if these 13(b) proceedings overlapped to some extent with the administrative evidentiary hearing (which they do not, given the recently granted continuance through September 25, 2023). Indeed, the statutory regime contemplates the two proceedings happening in tandem. *See* 15 U.S.C. § 53(b); *Warner*, 742 F.2d at 1164.

Defendants' cited cases confirm that All Writs Act relief is inapplicable here. This case is unlike *California v. M&P Investments*, 46 F. App'x 876 (9th Cir. 2002), in which the Ninth Circuit found that a later-filed administrative proceeding "would impede [the district court's] ability to exercise jurisdiction over the issues in the federal suit." *Id.* at 878. Nor can Defendants find support in *SEC v. G.C. George Securities, Inc.*, 637 F.2d 685 (9th Cir. 1981), where the Ninth Circuit recognized that the All Writs Act could be used "to enjoin a party from attempting to relitigate" the same cause of action that the parties settled in an earlier court case.[2] *Id.* at 688. Nothing akin to those circumstances exists here. And the All Writs Act is not available merely

---

[2] *George* did not hold that a stay would have been appropriate, but merely that the court had jurisdiction to consider the question. 637 F.2d at 687 (noting that "this appeal does not present the question of whether the district court should have enjoined the administrative proceeding").

PLAINTIFF'S RESPONSE TO DEFENDANTS' SUBMISSION ADDRESSING COURT'S AUTHORITY
CASE NO. 3:23-CV-01710-AMO                                                                                      3

1  because the parties face a heavy workload due to parallel judicial and administrative proceedings
2  (Br. 2-3). *See Perez v. Barr*, 957 F.3d 958, 967 (9th Cir. 2020).
3      c. There is likewise no merit to Defendants' claim that FTC Rules authorize the Court to
4  stay the administrative proceeding. Br. 1-2. FTC Rules govern procedure in *Commission*
5  proceedings; they do not purport to limit or expand a district court's powers. *See* 16 C.F.R. § 3.1
6  (noting that the "rules in this part govern procedure in formal adjudicative proceedings");
7  *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S.375, 377 (1994) (federal courts "possess only
8  that power authorized by Constitution and statute") (cleaned up). In any event, Defendants
9  misinterpret both the FTC Rules they invoke.
10      Rule 3.1 governs which administrative matters take "precedence" *before the Commission*;
11  it does not suggest that the district court Section 13(b) proceeding supersedes the administrative
12  proceeding. 16 C.F.R. § 3.1 (referring to scheduling conflicts "between a proceeding in which
13  the Commission *also* has sought" Section 13(b) relief "and another proceeding") (emphasis
14  added). Rule 3.1 was intended to "substantially expedite …*administrative cases* where the
15  Commission is *also* seeking preliminary injunctive relief from a federal court under Section
16  13(b)." Rules of Practice, 74 Fed. Reg. 20205 (May 1, 2009) (emphases added),
17  https://www.federalregister.gov/ documents/ 2009/05/01/E9-9972/rules-of-practice. As the
18  Commission explained in its order granting the continuance, Rule 3.1 is "inapplicable" here
19  because it "pertains not to a scheduling conflict between a federal court action and an
20  administrative proceeding but to a scheduling conflict between two different administrative
21  proceedings where one of the proceedings also has a related preliminary injunction court action
22  and the other does not." *See* Exhibit A at 2 n.1.
23      Defendants similarly misconstrue Rule 3.41(f). That rule—which is part of the
24  Commission's "[g]eneral hearing rules" and not limited to merger cases involving Section 13(b)
25  relief—simply contemplates that a "court of competent jurisdiction" may order a stay in
26  appropriate circumstances. 16 C.F.R. § 3.41(f). But the rule does not supplant the usual
27  requirements for injunctions—including, as noted, the need for a movant seeking a preliminary
28  injunction to show a likelihood of success and irreparable harm, among other factors.

* * *

For all these reasons, a judicial stay of the administrative proceedings would not be appropriate here. In any event, because the Commission now has continued the administrative evidentiary hearing through September 25, 2023, Defendants' arguments that the Court would have authority to stay those proceedings are moot. The FTC respectfully requests that the Court and the parties proceed with the Section 13(b) preliminary injunction hearing as planned.

Dated: June 28, 2023

Respectfully submitted,

/s/ Abby L. Dennis
Abby L. Dennis
Peter Richman
Ashley Masters
Abigail Wood
Daniel Aldrich
Laura Antonini
Catharine Bill
Caitlin Cipicchio
Steven Couper
Janet Kim
Christopher Lamar
Lauren Sillman
Neal Perlman
Nicolas Stebinger
Nina Thanawala
Taylor Weaver

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*Counsel for Plaintiff Federal Trade Commission*