# EXHIBIT A

PUBLIC

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:    Lina M. Khan, Chair
                  Rebecca Kelly Slaughter
                  Alvaro M. Bedoya

In the Matter of

Intercontinental Exchange, Inc.,
   a corporation,

and                                              **DOCKET NO. 9413**

Black Knight, Inc.,
   a corporation.

## ORDER CONTINUING EVIDENTIARY HEARING

On March 9, 2023, the Commission issued an administrative complaint challenging the merger of Respondents Intercontinental Exchange, Inc. and Black Knight, Inc. On April 10, 2023, the Commission brought a related action in federal district court under Section 13(b) of the Federal Trade Commission Act seeking a preliminary injunction of the merger to maintain the status quo and prevent interim harm to competition during the Commission's administrative adjudication. *See* Complaint, *FTC v. Intercont'l Exch., Inc.*, No. 23-1710 (N.D. Cal. Apr. 10, 2023). The evidentiary hearing in the administrative proceeding is scheduled to commence on July 12, 2023. The hearing in the federal preliminary injunction action is set to begin on July 24, 2023.

On May 31, 2023, Respondents moved to stay the administrative proceeding or, in the alternative, to continue the administrative hearing. *See* Respondents' Motion to Stay Administrative Hearing Pending Federal Court Preliminary Injunction Action at 1 ("Motion"). Respondents stated that the administrative hearing is expected to last approximately four to five weeks and would conflict with the schedule set by the federal court in the preliminary injunction action. Motion at 2. They asserted that the Commission should stay the administrative matter pending a district court ruling on the preliminary injunction, or in the alternative continue the administrative hearing to a date that does not conflict with the preliminary injunction hearing. Motion at 1, 9. Respondents argued that Commission Rule 3.1, 16 C.F.R. § 3.1, requires the federal court action to "take precedence" over the administrative action and further that there is

1

"good cause" to postpone the administrative hearing under Rule 3.41(f), 16 C.F.R. § 3.41(f). *See* Motion at 1-3. On June 12, 2023, Complaint Counsel opposed Respondents' Motion. *See* Complaint Counsel's Memorandum in Opposition to Respondents' Motion to Stay Administrative Hearing. However, on June 23, 2023, the parties jointly filed a supplemental response requesting a continuance of the evidentiary hearing under Commission Rule 3.41(b), 16 C.F.R. § 3.41(b). *See* Joint Supplemental Response to Respondents' Motion to Stay Administrative Hearing ("Joint Response"). Although Respondents have not expressly withdrawn their stay request, the Joint Response states that they are amenable to a continuance, and we regard the part of their Motion requesting a stay as superseded by the subsequent stipulated Joint Response. *See* Joint Response at 2 n.1.[1]

Rule 3.41(b) authorizes the Commission to delay a hearing date upon a showing of good cause. 16 C.F.R. § 3.41(b). Under the circumstances presented, we find good cause to move the evidentiary hearing. We therefore grant the parties' joint request for a continuance to September 25, 2023, which represents the next available hearing date on which the parties are available.

The Chief Administrative Law Judge has determined that the evidentiary hearing in this proceeding will be conducted virtually. Pursuant to Commission Rule 3.41(a), 16 C.F.R. § 3.41(a), we have determined to make provision for appropriate public access.

Accordingly,

**IT IS HEREBY ORDERED THAT** Respondents' Motion to Stay Administrative Hearing Pending Federal Court Preliminary Injunction Action is **GRANTED IN PART**;

---

[1] Although the stay request has been superseded, we think it is important to address an assertion made by Respondents in seeking the stay. Citing Rule 3.1, 16 C.F.R. § 3.1, Respondents asserted that the Commission is required to prioritize the federal preliminary injunction action over the administrative proceeding. This assertion is unsupported, and Respondents' invocation of Rule 3.1 is misplaced. First, we note that the preliminary injunction court action is collateral to the administrative proceeding and intended only to enjoin the merger while the administrative adjudication moves forward. *See* 15 U.S.C. § 53(b). The determination of the merits—whether the effect of the merger may be substantially to lessen competition—is reserved for the administrative proceeding. 15 U.S.C. §§ 18, 21, 45(b). Moreover, nothing in Rule 3.1 requires the Commission to prioritize the federal case. Rule 3.1 states, "In the event of a scheduling conflict between a proceeding in which the Commission also has sought or is seeking relief under Section 13(b) of the FTC Act, 15 U.S.C. 53(b), and another proceeding, the proceeding in which the Commission also has sought or is seeking relief under Section 13(b) shall take precedence." 16 C.F.R. § 3.1. Respondents assert that this means that the preliminary injunction action must take precedence over the administrative proceeding, but they misconstrue the rule. Rule 3.1 is inapplicable here: it pertains not to a scheduling conflict between a federal court action and an administrative proceeding but to a scheduling conflict between two different administrative proceedings where one of the proceedings also has a related preliminary injunction court action and the other does not. If two such administrative proceedings conflict, Rule 3.1 requires the Commission to prioritize the administrative proceeding with a related preliminary injunction action because that administrative proceeding is accelerated and subject to expedited Commission deadlines. *See* Rules of Practice, 74 Fed. Reg. 20205, 20205-06 (May 1, 2009). More germane is Commission Rule 3.41(f), which provides in relevant part that a pending "collateral federal court action that relates to the administrative adjudication shall not stay the proceeding [u]nless a court of competent jurisdiction, or the Commission for good cause, so directs," 16 C.F.R. § 3.41(f). This rule thus rejects the notion that the Commission's proceedings are subordinate to federal court actions.

**IT IS FURTHER ORDERED THAT** the evidentiary hearing in this proceeding shall commence at 10:00 a.m. on September 25, 2023, and that, unless modified by the Chief Administrative Law Judge, all related pre-hearing deadlines shall be extended by 75 days; and

**IT IS FURTHER ORDERED THAT** public access to the evidentiary hearing in this proceeding, to the extent consistent with the protection of confidential information and for monitoring purposes only, will be provided via telephone or live web streaming.

By the Commission.

April J. Tabor
Secretary

SEAL:
ISSUED: 6/27/2023