Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:     (310) 552-4200
Facsimile:     (310) 552-5900

Matthew B. Summers (SBN 311324)
matthew.summers@kirkland.com
KIRKLAND & ELLIS LLP
555 S. Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500

*Attorneys for Nonparties Sagent M&C, LLC
and Warburg Pincus LLC*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:23-CV-01710-AMO |
| Plaintiff, | **NONPARTIES SAGENT M&C, LLC'S AND WARBURG PINCUS LLC'S JOINT ADMINISTRATIVE MOTION TO SEAL PURSUANT TO LOCAL RULE 79-5(C)** |
| vs. | |
| INTERCONTINENTAL EXCHANGE, INC., | *Declarations of Wendy Lee and Sarahi Constantine Padilla; Proposed Order Filed Concurrently Herewith* |
| and | |
| BLACK KNIGHT, INC., | Judge:     Hon. Araceli Martinez-Olgun |
| | Courtroom:  10, 19th Floor |
| Defendants. | |

1

## I.     INTRODUCTION

2         Pursuant to Local Rule 79-5 and paragraph 2 of the Joint Stipulation and Modified Order

3  Regarding Pre-Hearing Deadlines (ECF No. 163), nonparties Sagent M&C, LLC ("Sagent") and

4  Warburg Pincus LLC ("Warburg" and, together with Sagent, the "Nonparties") respectfully request

5  that the Court seal from public disclosure and permit in camera treatment of Nonparties' sensitive and

6  confidential business information contained in certain documents and deposition testimony[1] on the

7  Exhibits List of Intercontinental Exchange, Inc. ("ICE") and the Exhibit List of the Federal Trade

8  Commission ("FTC"). In camera treatment of the documents and deposition testimony identified in

9  the concurrently filed Proposed Order is necessary to prevent Sagent's and Warburg's competitors

10 from gaining access to information that is secret and material to their respective businesses, and which,

11 if disclosed, would result in serious competitive injury.

12

## II.    LEGAL STANDARD

13        Granting a motion to seal is appropriate where a party shows that "compelling reasons

14 supported by specific factual findings . . . outweigh the general history of access and the public policies

15 favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

16 Where the information, if publicly disclosed, would cause competitive harm sealing is particularly

17 appropriate. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013) ("While

18 protecting the public's interest in access to the courts, we must remain mindful of the parties' right to

19 access those same courts upon terms which will not unduly harm their competitive interest"). That is

20 why the Court has "broad latitude" to grant a motion to seal in order to prevent the disclosure of "many

21 types of information, including, but not limited to, trade secrets or other confidential research,

22 development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307

23 F.3d 1206, 1211 (9th Cir. 2002); *see also Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092,

24 1097 (9th Cir. 2016) (stating that "[w]hat constitutes a 'compelling reason' is 'best left to the sound

25

26 _____

[1] Attached to this Motion are excerpted deposition transcripts for Chandler Reedy (FTC Exhibit
27 PX6068; ICE Exhibits DX654 and DX655) and Matthew Tully (ICE Exhibits DX657 and DX658)
with the testimony Nonparties move to seal highlighted in yellow for the Court's reference and
28 convenience.

discretion of the trial court'") (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)). The justification for sealing is even more acute when it is a third party—that did not put its confidential information at issue—that is seeking to keep its confidential information under seal. *See United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014); *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *4 (N.D. Cal. June 26, 2023).

## III.   ARGUMENT

### A.   There Are Compelling Reasons to Seal and Permit in Camera Treatment of Nonparties' Confidential and Competitively Sensitive Business Information.

The documents and deposition testimony for which Nonparties request in camera treatment contain sensitive and confidential information about Sagent's and Warburg's businesses. As detailed in the Declarations of Wendy Lee, Sagent's Chief Legal Officer, and Sarahi Constantine Padilla, Warburg's Senior Counsel, the documents and testimony contain information at the very core of Sagent's and Warburg's business and financial strategies. Indeed, they contain the very information that allows both Sagent and Warburg to effectively compete in their respective markets—the very information Sagent's and Warburg's competitors would love to obtain. And in the case of Sagent, it is the information one of Sagent's competitors, Black Knight, ***would obtain*** through this proceeding because, unlike Sagent, Black Knight is a party to this proceeding. As illustrated below, courts routinely grant motions to seal documents that contain the confidential and sensitive business and financial information that is at issue here. *See, e.g.*, *Roley v. Google LLC*, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (collecting cases); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 570 (9th Cir. 2008); *Richardson v. Mylan Inc.*, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012).

For example, several of the documents contain detailed financial information, including future financial projections. *See, e.g.*, DX586 (Warburg confidential investment memorandum containing detailed financial analysis and strategy regarding its investment in Sagent); DX588 (email attaching Warburg confidential valuation presentation containing analysis of Sagent financials). The public disclosure of such "detailed financial information" implicates a "significant interest" because of the

competitive harm it could cause. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (stating public disclosure of detailed financials could give competitors "an advantage in contract negotiations"); *see also Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (granting in camera treatment to "long-term financial projections"). Several of the documents and lines of deposition testimony discuss Sagent's and Warburg's confidential business strategy. *See*, *e.g.*, DX654 at 29:24-31:16 (deposition testimony of Warburg's corporate representative about Warburg's equity stake and investment and potential exit strategy vis-à-vis Sagent); DX597 (email strategizing about potential exit opportunities of Sagent). And information about "proprietary business operations," "a company's business model," and a company's "internal policies and strategies" are examples of documents that warrant sealing. *See Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (collecting cases).

In addition to sensitive and confidential information about Sagent's and Warburg's business operations and finances, the documents and testimony also contain information about potential confidential acquisitions subject to Non-Disclosure Agreements and negotiations related thereto. S*ee*, *e.g.*, DX593 (detailing potential acquisitions of mortgage software technology companies and exit opportunities that are subject to NDAs); DX552 (email discussing ongoing negotiations with a potential acquirer of Sagent); DX654 at 67:1-21 (same). Details regarding such confidential contract negotiations, if publicly disclosed, would harm Sagent's and Warburg's competitive interest and thus deserve in camera treatment. *See*, *e.g.*, *Qualcomm*, 2019 WL 95922, at *3; *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019).

Finally, several of the documents and lines of testimony detail Sagent's and Warburg's strategic response to the announcement of ICE's proposed acquisition of Black Knight—a transaction that Sagent's corporate representative called "an existential threat to [Sagent's] business." In addition to revealing information about Warburg's and Sagent's strategies and response to the transaction, these documents also reveal Warburg's and Sagent's evaluation and analysis of one of Sagent's competitors, Black Knight, as well as the existing and prospective market conditions in the mortgage software industry. Documents and testimony detailing Sagent's and Warburg's response to the proposed acquisition, including correspondence related to the proposed acquisition of divestiture assets, DX568,

conversations with Sagent's customers related to the impact of the proposed acquisition, DX610, and correspondence related to future strategic acquisitions to better compete with the combined ICE-Black Knight entity, DX622, satisfy the "compelling reason" standard because disclosure of that information would harm Sagent's and Warburg's "competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *see also Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting motion to seal "confidential business materials," which "could result in improper use by business competitors seeking to replicate [company's] business practices").

**B.    Nonparties' Compelling Reasons for Keeping Their Information Under Seal Outweigh Any Public Interest in the Information.**

Nonparties' request for in camera treatment is the result of its good faith effort to seek protection only for information that is confidential, competitively-sensitive, and cannot be protected from public disclosure through less restrictive means. There is little legitimate public interest in the disclosure of the highly sensitive information that Nonparties seeks to protect—particularly given that the information relates only to Sagent and Warburg, nonparties that "did not voluntarily put it at issue in this litigation." *See United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that "[i]f the Court required the information to be disclosed, it would chill investigations in the future where third party documents are essential"); *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *4 (N.D. Cal. June 26, 2023) (noting the court "also considers that [the nonparty] did not voluntarily put at issue its information").

**IV.    CONCLUSION**

For the foregoing reasons, and those set forth in the accompanying Declarations of Wendy Lee and Sarahi Constantine Padilla, Sagent and Warburg respectfully request that this Court grant their motion to seal the confidential documents and testimony identified in the concurrently filed Proposed Order.

1    DATED:  July 12, 2023                    Respectfully submitted,

2                                             KIRKLAND & ELLIS LLP

3
                                             */s/ Tammy A. Tsoumas*
4                                             _____
                                             Tammy A. Tsoumas (SBN 250487)
5
                                             *Attorney for Nonparties*
6                                             *Sagent M&C, LLC and Warburg Pincus LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT ADMINISTRATIVE MOTION TO SEAL                    CASE NO. 3:23-CV-01710-AMO

# CERTIFICATE OF SERVICE

On July 12, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF.  All copies of documents required to be served by Fed. R. Civ. P. 5(a) and Civ. L.R. 5-1 have been so served.

*/s/ Tammy A. Tsoumas*
Tammy A. Tsoumas

JOINT ADMINISTRATIVE MOTION TO SEAL                    CASE NO. 3:23-CV-01710-AMO