Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:    (310) 552-4200
Facsimile:    (310) 552-5900

Matthew B. Summers (SBN 311324)
matthew.summers@kirkland.com
KIRKLAND & ELLIS LLP
555 S. Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

*Attorneys for Nonparties Sagent M&C, LLC
and Warburg Pincus LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:23-CV-01710-AMO |
| Plaintiff, | **DECLARATION OF SARAHI CONSTANTINE PADILLA** |
| vs. | |
| INTERCONTINENTAL EXCHANGE, INC., | *Joint Administrative Motion to Seal Pursuant to Local Rule 79-5(c); Declaration of Wendy Lee; Proposed Order Filed Concurrently Herewith* |
| and | |
| BLACK KNIGHT, INC., | Judge:       Hon. Araceli Martinez-Olgun |
| | Courtroom:   10, 19th Floor |
| Defendants. | |

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

## DECLARATION OF SARAHI CONSTANTINE PADILLA

I, Sarahi Constantine Padilla, declare as follows:

1.      I am over 18 years of age and the Senior Counsel to Nonparty Warburg Pincus LLC ("Warburg"). Over the course of my employment at Warburg, I have acquired personal knowledge of Warburgt's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information. In addition, I am familiar with and have worked on the matters that are related to the subject of this proceeding

2.      I submit this declaration in support of Warburg's Motion for in Camera Treatment of Certain Materials Pursuant to Local Rule 79-5(c), filed on July 12, 2023, in Federal Trade Comm'n v. Intercontinental Exchange, Inc. and Black Knight, Inc., Case No. 3:23-cv-01710-AMO (the "Motion").

3.      I have personal knowledge of the facts set forth herein, except for those stated on information and belief, and as to those facts I believe them to be true. If called upon to do so, I could and would competently testify to all of the facts recited herein.

4.      The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Warburg's policies and practices as they relate to the treatment of confidential information, the proposed transaction that is the subject of this action, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Warburg. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

5.      As a matter of routine practice and internal policy, Warburg and its employees strictly treat as confidential, inter alia, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv) internal surveys and analyses of customer preferences, spending, revenue, market conditions, business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial forecasts and business plans; (vi) trade secrets; and (vii) other sensitive material that, if publicly disclosed, could potentially enable Warburg's competitors to undermine Warburg's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Warburg in negotiations or

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

other business affairs, violate Warburg's confidentiality obligations to third parties, or otherwise prejudice Warburg's business interests.

6.      In my experience and to the best of my knowledge, Warburg does not disclose internal documents, data, or information of this nature outside of the company, except to authorized third parties when so required or permitted by law or contract.

7.      I have read the attached Motion and am familiar with its contents.

8.      I am informed and believe that public disclosure of documents and testimony identified below would result in a clearly defined, serious injury to Warburg, its business interests, and its competitive advantage.

9.      The documents and testimony for which Warburg seeks in camera treatment in the Motion contain information about how Warburg evaluates and negotiates potential acquisitions and investments, including several specific potential acquisitions that remain subject to a Non-Disclosure Agreement, and Warburg's business and financial strategy regarding potential investments management and sale of its portfolio companies.

10.     In addition, the documents and testimony for which Warburg seeks in camera treatment in the Motion contain information about Warburg's strategy in response to ICE's proposed acquisition of Black Knight.

11.     Warburg expends significant resources to keep the information contained in the documents and testimony for which Warburg seeks in camera treatment in the Motion confidential.

12.     If the information contained in the documents and testimony for which Warburg seeks in camera treatment in the Motion were publicly disclosed, Warburg would be competitively disadvantaged. This is even more acute here where one of the parties to the proceeding is a competitor of Sagent, one of Warburg's portfolio companies.

**Specific Information to Be Sealed**

13.     **PX6068; DX654; DX655: Page 15, Line 24 to Page 17, Line 24**. This text reflects non-public, competitively sensitive information regarding Warburg's business strategy and business model. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's confidential portfolio planning and investment and exit strategies, which Warburg's

competitors could unfairly employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

14.     **PX6068; DX654; DX655: Page 27, Line 25 to Page 28, Line 1; Page 29, Line 24 to Page 30, Line 12; Page 30, Line 18 to Page 31, Line 16.** This text reflects non-public, competitively sensitive information regarding a confidential memorandum and testimony revealing Warburg's business strategy for its acquisition of Sagent and all other Warburg portfolio companies as well as Warburg's equity stake in Sagent. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

15.     **PX6068; DX654; DX655: Page 35, Line 16 ("Sagent Quills report"); Page 36, Line 21 to Page 38, Line 4; Page 38, Lines 7-14.** This text reflects non-public, competitively sensitive information regarding a confidential document and testimony revealing Warburg's analysis and reporting on the performance of its portfolio companies. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's confidential portfolio planning and investment and exit strategies, which Warburg's competitors could unfairly employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

16.     **PX6068; DX654; DX655: Page 39, Line 17 ("Sagent valuation backup"); Page 40, Lines 11-25.** This text reflects non-public, competitively sensitive information regarding a confidential document and testimony revealing Warburg's internal evaluation and analysis of portfolio companies as well as Warburg's equity stake in Sagent. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations and finances, which

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

17.     **PX6068; DX654; DX655: Page 67, Lines 7 ("Sagent") and 9-20 (between "Fortunately Jonathan" and "with ICE"); Page 68, Lines 2-3 (between "to ICE" and "potential buyer"); Page 70, Lines 19-21 (between "Either way" and "buyer exit") and 23-25; Page 71, Lines 3-5; Page 147, Lines 23-25; Page 148, Lines 5; Page 148, Line 18 to Page 149, Line 1; Page 149, Line 3 to Page 152, Line 8; Page 152, Line 13 to Page 153, Line 9; Page 154, Lines 4-9, 11-22; Page 154, Line 24 to Page 157, Line 10; Page 157, Line 12 to Page 158, Line 9; Page 159, Lines 5--24 (starting at "NDA itself"; Page 167, Line 14 to Page 170, Line 3.** This text reflects non-public, competitively sensitive information regarding Warburg's strategy and negotiations for a potential acquisition subject to an NDA. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

18.     **PX6068; DX654; DX655: Page 77, Lines 21-22 (between "Buy A" and "BK"); Page 77, Line 25 to Page 78, Lines 2 (between "ICE" and "versus BK"), 5-9, 11-12, and 22-23 (starting at "ICE Likely"); Page 79, Lines 3-7.** This text reflects non-public, competitively sensitive information regarding a confidential presentation concerning a potential acquisition subject to an NDA, including sensitive and confidential information about Warburg's analysis of potential exit opportunities. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

19.     **PX6068; DX654; DX655: Page 96, Lines 4-14, Lines17-22; Page 98, Lines 1-5 (between "Invoice" and "endgame"); Page 98, Line 23 to Page 99, Line 6; Page 99, Line 9-22; Page 99, Line 25 to Page 100; Line 3; Page 102, Line 8 ($750,000); Page 110, Lines 9-16 (between "Hi" and "improbable"); Page 132, Lines 8 ("Empower") and 13-16 (between "Is there" and "defensive"); Page 227, Line 21 ("$850,000").** This text reflects non-public, competitively sensitive information regarding a confidential document and testimony containing Warburg's analysis of, response to, and business strategy in connection with the ICE-Black Knight transaction and strategic management of its portfolio company. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

20.     **PX6068; DX654; DX655: Page 118, Lines 2-14; Page 119, Lines 8-16 (between "speaking to" and "road").** This text reflects non-public, competitively sensitive information regarding Warburg's business strategy for investments in portfolio companies. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's confidential portfolio planning and investment and exit strategies, which Warburg's competitors could unfairly employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

21.     **PX6068; DX654; DX655: Page 125, Lines 2-4 (between "Please see" and "members") and 6-7; Page 127, Lines 2-7, 9-12 (between "We believe" and "ecosystem"), and 14-15 (starting at "We believe"); Line 20 to Page 128, Line 1 (ending at "market").** This text reflects non-public, competitively sensitive information contained in Sagent's and Warburg's preliminary, non-binding indication of interest for a potential acquisition of Empower, including Warburg's equity stake

in Sagent, Warburg's current and prior investments in the financial technology and mortgage finance sectors, Warburg's internal policies and strategies vis-à-vis its portfolio companies, and Warburg's preliminary valuation of the Empower asset. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

22.    **PX4101 (SAGWP_FTC_00000621 through SAGWP_FTC_00000623 only).** This exhibit is a confidential email that reflects non-public, competitively sensitive information contained in Sagent's and Warburg's preliminary, non-binding indication of interest for a potential acquisition of Empower, including Warburg's equity stake in Sagent, Warburg's current and prior investments in the financial technology and mortgage finance sectors, Warburg's internal policies and strategies vis-à-vis its portfolio companies, and Warburg's preliminary valuation of the Empower asset. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

23.    **PX4275 (SAGWP_FTC_00000657 through SAGWP_FTC_00000659 only).** This exhibit is a confidential email that that reflects non-public, competitively sensitive information contained in Sagent's and Warburg's preliminary, non-binding indication of interest for a potential acquisition of Empower, including Warburg's equity stake in Sagent, Warburg's current and prior investments in the financial technology and mortgage finance sectors, Warburg's internal policies and strategies vis-à-vis its portfolio companies, and Warburg's preliminary valuation of the Empower asset. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

24. **PX4278.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent and Warburg and with consultants hired by Sagent and Warburg to advise Sagent strategically in response to the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Warburg's competitors an unfair advantage in the marketplace by understanding Warburg's approach to analyzing risk and advocacy options. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

25. **DX552.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications revealing Warburg's analysis of a potential ICE-Black Knight transaction as well as Warburg's exit strategy for Sagent. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's confidential portfolio planning, investment and exit strategies, and strategic management of its portfolio companies, which Warburg's competitors could unfairly employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

26. **DX557; DX666.** These exhibits are comprised of confidential information provided by each of Warburg in response to ICE's Request for Production #9. The exhibits contain non-public, sensitive information about the consultants Sagent and Warburg engaged in connection with the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Warburg's competitors an unfair advantage in the marketplace and also put Warburg in breach of its own confidentiality obligations. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg.

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

27.     **DX558.** This exhibit is a confidential email that contains non-public, strategically sensitive information and confidential communications that are internal to Sagent and Warburg and consultants hired by Sagent and Warburg to advise Sagent strategically in response to the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Warburg's competitors an unfair advantage in the marketplace. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

28.     **DX559.** This exhibit is a confidential memorandum that contains non-public, strategically sensitive information and confidential communications with consultants hired by Sagent and Warburg to advise Sagent strategically in response to the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Warburg's competitors an unfair advantage in the marketplace. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

29.     **DX567.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent and Warburg reflecting Sagent's strategy and response to the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

30.     **DX568 (SAGWP_FTC_00000657 through SAGWP_FTC_00000659 only).** This exhibit is a copy of Sagent's and Warburg's preliminary, non-binding indication of interest for a potential acquisition of Empower. It contains non-public, sensitive information internal to Sagent and

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

Warburg, including Warburg's equity stake in Sagent, Warburg's current and prior investments in the financial technology and mortgage finance sectors, Warburg's internal policies and strategies vis-à-vis its portfolio companies, and Warburg's preliminary valuation of the Empower asset. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

31.     **DX586.** This exhibit is a confidential investment memorandum that contains non-public, sensitive information related to Warburg and its purchase of Sagent, including Warburg's investment thesis and strategy for the acquisition, detailed financial information for Sagent, future strategic plans and initiatives, and Warburg's future projections in the relevant markets. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to understand how Warburg values acquisitions and adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

32.     **DX587.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications revealing Warburg's analysis of and reporting on Sagent's financials and performance in the marketplace. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions as well as insight into Warburg's valuation methodology, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

33. **DX588.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications revealing Warburg's analysis of and reporting on Sagent's financials and performance in the marketplace. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations, finances, and approach toward strategic acquisitions as well as insight into Warburg's valuation methodology, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

34. **DX592.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Warburg and concern Warburg's marketplace strategies and potential future business plans, including its exit strategy for Sagent. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's confidential portfolio planning and investment and exit strategies, which Warburg's competitors could unfairly employ to their advantage. For example, potential business partners may not participate in a process if they think they are not the first choice and Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

35. **DX593.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications regarding Warburg's exit strategy for Sagent and potential exits subject to an NDA. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations and portfolio planning and investment and exit strategies, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

36. **DX596.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications revealing Warburg's analysis of, response to, and business strategy in connection with the ICE-Black Knight transaction, including potential strategic acquisitions.

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's confidential portfolio planning and investment strategies and strategic management of its portfolio companies, which Warburg's competitors could unfairly employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

37. **DX599.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications revealing Warburg's analysis of and response to the proposed ICE-Black Knight transaction as well as Warburg's exit strategy for Sagent. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's confidential portfolio planning, investment and exit strategies, and strategic management of its portfolio companies, which Warburg's competitors could unfairly employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

38. **DX600.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications revealing Warburg's internal evaluation and analysis of a potential acquisition as well as Warburg's exit strategy for Sagent. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's confidential portfolio planning and investment and exit strategies, which Warburg's competitors could unfairly employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

39. **DX602.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Warburg and Sagent and concern Warburg's marketplace strategies and potential future business plans. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's confidential portfolio planning and investment strategies, which Warburg's competitors could unfairly employ to their

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

40.     **DX610.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent and Warburg and concern Sagent's customers, the proposed ICE-Black Knight transaction, and Sagent's overall business strategy. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations and strategic management of its portfolio companies, which competitors of Warburg could employ to their advantage. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

41.     **DX618.** This exhibit comprises confidential text messages with Sagent's President and CEO that contain non-public, sensitive information revealing Warburg's analysis of and business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations and strategic management of its portfolio companies, which would give Warburg's competitors an unfair advantage in the marketplace. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

42.     **DX623.** This exhibit comprises confidential text messages with Sagent's President and CEO that contain non-public, sensitive information revealing Warburg's analysis of and business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations and strategic management of its portfolio companies, which would give Warburg's competitors an unfair advantage in the marketplace. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg.

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO

Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

43.    **DX624.** This exhibit comprises confidential text messages with Sagent's President and CEO that contain non-public, sensitive information revealing Warburg's analysis of and business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations and strategic management of its portfolio companies, which would give Warburg's competitors an unfair advantage in the marketplace. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

44.    **DX625.** This exhibit comprises confidential text messages with Sagent's President and CEO that contain non-public, sensitive information revealing Warburg's analysis of and business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Warburg's competitors insight into Warburg's proprietary business operations and strategic management of its portfolio companies, which would give Warburg's competitors an unfair advantage in the marketplace. For example, Warburg's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Warburg. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Warburg.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct

Executed on July 12, 2023, in New York, New York.

*Sarahi Constantine Padilla*
_____
Sarahi Constantine Padilla

DECLARATION OF SARAHI CONSTANTINE PADILLA          CASE NO. 3:23-CV-01710-AMO