1  Tammy A. Tsoumas (SBN 250487)
   tammy.tsoumas@kirkland.com
2  KIRKLAND & ELLIS LLP
   2049 Century Park East
3  Los Angeles, CA 90067
   Telephone:   (310) 552-4200
4  Facsimile:   (310) 552-5900

5  Matthew B. Summers (SBN 311324)
   matthew.summers@kirkland.com
6  KIRKLAND & ELLIS LLP
   555 S. Flower Street, Suite 3700
7  Los Angeles, CA 90071
   Telephone:   (213) 680-8400
8  Facsimile:   (213) 680-8500

9  *Attorneys for Nonparties Sagent M&C, LLC
   and Warburg Pincus LLC*

10

11                    **UNITED STATES DISTRICT COURT**

12                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                           **SAN FRANCISCO DIVISION**

14

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:23-CV-01710-AMO |
| Plaintiff, | **DECLARATION OF WENDY LEE** |
| vs. | *Joint Administrative Motion to Seal Pursuant to Local Rule 79-5(c); Declaration of Sarahi Constantine Padilla; Proposed Order Filed Concurrently Herewith* |
| INTERCONTINENTAL EXCHANGE, INC., and | |
| BLACK KNIGHT, INC., | Judge:     Hon. Araceli Martinez-Olgun |
| | Courtroom: 10, 19th Floor |
| Defendants. | |

**DECLARATION OF WENDY LEE**

I, Wendy Lee, declare as follows:

1. I am over 18 years of age and am the Chief Legal Office to nonparty Sagent M&C, LLC ("Sagent"). Over the course of my employment at Sagent, I have acquired personal knowledge of Sagent's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information. In addition, I am familiar with and have worked on the matters that are related to the subject of this proceeding.

2. I submit this declaration in support of Sagent's Motion for *in Camera* Treatment of Certain Materials Pursuant to Local Rule 79-5(c), filed on July 12, 2023, in *Federal Trade Comm'n v. Intercontinental Exchange, Inc. and Black Knight, Inc.*, Case No. 3:23-cv-01710-AMO (the "Motion").

3. I have personal knowledge of the facts set forth herein, except for those stated on information and belief, and as to those facts I believe them to be true. If called upon to do so, I could and would competently testify to all of the facts recited herein.

4. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Sagent's policies and practices as they relate to the treatment of confidential information, the proposed transaction that is the subject of this action, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Sagent. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

5. As a matter of routine practice and internal policy, Sagent and its employees strictly treat as confidential, inter alia, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv) internal surveys and analyses of customer preferences, spending, revenue, market conditions, business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial forecasts and business plans; (vi) trade secrets; and (vii) other sensitive material that, if publicly disclosed, could potentially enable Sagent's competitors to undermine Sagent's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Sagent in negotiations or

other business affairs, violate Sagent's confidentiality obligations to third parties, or otherwise prejudice Sagent's business interests.

6. In my experience and to the best of my knowledge, Sagent does not disclose internal documents, data, or information of this nature outside of the company, except to authorized third parties when so required or permitted by law or contract.

7. I have read the attached Motion and am familiar with its contents.

8. I am informed and believe that public disclosure of the documents and testimony identified below would result in a clearly defined, serious injury to Sagent, its business interests, and its competitive advantage.

9. Sagent is a software technology company that builds mortgage loan servicing software for banks and lenders on three primary platforms: core mortgage servicing, default management, and customer engagement. Sagent competes directly with Black Knight in the mortgage servicing software platform.

10. The documents and testimony for which Sagent seeks *in camera* treatment in the Motion contain information about how Sagent competes in the mortgage software industry, how Sagent evaluates its competition, how Sagent procures and maintains customers, and how Sagent prices and sells its products.

11. In addition, the documents and testimony for which Sagent seeks *in camera* treatment in the Motion contain information about the identities of Sagent's customers, the identify of Sagent's owners and their ownership interests, Sagent's strategy regarding the development and/or acquisition of additional technology and software, Sagent's strategy in response to Intercontinental Exchange, Inc.'s ("ICE") proposed acquisition of Black Knight, Inc. ("Black Knight"), Sagent's financial performance; Sagent's proprietary software and technology, and Sagent's Board of Directors and Executive Leadership structure.

12. Sagent expends significant resources to keep the information contained in the documents and testimony for which Sagent seeks *in camera* treatment in the Motion confidential.

13. If the information contained in the documents and testimony for which Sagent seeks *in camera* treatment in the Motion were publicly disclosed, Sagent would be competitively disadvantaged. This is even more acute here where one of the parties to the proceeding is a competitor of Sagent.

14. I understand that the Motion to Seal Pursuant to Local Rule 79-5(c) requests that the Court maintain the specific information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice Sagent's competitive position by harming Sagent's relationship with business partners, putting Sagent at unfair disadvantage in future business negotiations, and permitting Sagent's competitors to gain unfair advantage in competition with Sagent.

**Specific Information to be Sealed**

15. **DX657; DX658: Page 23, Lines 7-10; Page 24, Line 20-21 (between "ICE" and "buyer"); Page 25, Line 1; Page 26, Lines 5-7.** This text reflects non-public, competitively sensitive information regarding Warburg's exit strategy for Sagent and potential sales subject to an NDA. Public disclosure of this non-public information would give Sagent's competitors insight into Sagent's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Sagent could employ to their advantage. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

16. **DX657; DX658: Page 32, Line 25 to Page 33, Line 2 (between "Black Knight" and "Russians"); Page 37, Line 17 ("Project End Game"); Page 38, Lines 24-25 ("Project End Game"), Page 39, Lines 3 ("$750,000"), 15 ("97,500"), 16 ("$21,037.50"), and 19 ("Project End Game"); Page 40, Line 7 ("$800,000 to $900,000"); Page 41, Line 24 ("Sagent Advocacy Proposal"); Page 43, Lines 6-8, 11 ("executing this plan"), 17 "executing this plan"); Page 43, Line 24 to Page 44, Lines 1; Page 44, Line 17 ("Research"); Page 44, Line 19 to Page 45, Line 1 (start with "For this"); Page 45, Line 19 to Page 46, Line 5; Page 46, Line 8-11; Page 47, Line 25 ("$100,000"); Page 48, Line 1 ("$97,500"); Page 54, Line 5 ("$100,000"); Page 60, Lines 11-4 and 17-19; Page 70, Line 22 (between "Dan" and "FTC"); Page 70, Line 25 to Page 71, Line 2 (starting at "Went great"); Page**

**78, Lines 6-7, 9-10, 12-13 and 16-18; Page 256, Lines 12 ("Went great") and 17-18 (between "there was" and "deal"); Page 260, Lines 5-7 (between "there was" and "information").** This text reflects non-public, competitively sensitive information regarding a confidential document containing Sagent's analysis of, response to, and/or business strategy in connection with the ICE-Black Knight transaction and divestiture. Public disclosure of this non-public information would give Sagent's competitors insight into Sagent's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Sagent could employ to their advantage. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

17. **DX657; DX658: Page 85, Lines 1-3 and 7-10; Page 86, Lines 1-5.** This text reflects non-public, competitively sensitive information contained in Sagent's and Warburg's preliminary, non-binding indication of interest for a potential acquisition of Empower, including Sagent's equity composition and Sagent's preliminary valuation of the Empower asset. Public disclosure of this non-public information would give Sagent's competitors insight into Sagent's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Sagent could employ to their advantage. For example, Sagent's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

18. **PX6068; DX654; DX655: Page 18, Line 22 to Page 19, Line 2; Page 24, Lines 4-7; Page 117, Lines 20-25.** This text reflects non-public, competitively sensitive information regarding Sagent's Board of Directors and Executive Leadership. Public disclosure of this non-public information would give Sagent's competitors insight into Sagent's corporate structure and business affiliations, which Sagent's competitors could unfairly employ to their advantage. For example, Sagent's competitors could rely on this confidential information to adapt their own business operations to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

19. **PX4101.** This exhibit is a confidential email that reflects non-public, competitively sensitive information contained in Sagent's and Warburg's preliminary, non-binding indication of interest for a potential acquisition of Empower, including Sagent's equity composition and Sagent's preliminary valuation of the Empower asset. Public disclosure of this non-public information would give Sagent's competitors insight into Sagent's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Sagent could employ to their advantage. For example, Sagent's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

20. **PX4235.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent and consultants hired by Sagent and Warburg to advise Sagent strategically in response to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

21. **PX4275.** This exhibit is a confidential email that that reflects non-public, competitively sensitive information contained in Sagent's preliminary, non-binding indication of interest for a potential acquisition of Empower, including Sagent's equity composition and Sagent's preliminary valuation of the Empower asset. Public disclosure of this non-public information would give Sagent's competitors insight into Sagent's proprietary business operations, finances, and approach toward strategic acquisitions, which competitors of Sagent could employ to their advantage. For example, Sagent's competitors could rely on this confidential information to adapt their own business models to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

22. **PX4278.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Warburg and consultants hired by Sagent and Warburg to advise Sagent strategically in response to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

23. **DX553.** This exhibit is a confidential internal document that contains non-public, strategically sensitive internal information and confidential communication about Sagent's overall business strategy, as well as its strategy in response to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

24. **DX554.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent about Sagent's overall business strategy, as well as its strategy in response to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage

in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

25. **DX555.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent, Warburg, and consultants hired by Sagent and Warburg to advise Sagent strategically in response to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

26. **DX556.** This exhibit is a confidential draft document of an interview of Sagent's President and CEO that contains non-public, sensitive information about Sagent's strategy in response to the proposed ICE-Black Knight transaction, and Sagent's analysis of its competition in the marketplace regarding the same. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

27. **DX557; DX666.** These exhibits are comprised of confidential information provided by each of Sagent and Warburg in response to ICE's Request for Production #9. The exhibits contain non-public, sensitive information about the consultants Sagent and Warburg engaged in connection with the proposed ICE-Black Knight transaction. Public disclosure of this non-public information would give Sagent's competitors an unfair advantage in the marketplace. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent.

1  Thus, public disclosure of this non-public information is likely to result in serious competitive injury to
2  Sagent.

3        28.     **DX558.** This exhibit is a confidential email and attachment that contains non-public,
4  strategically sensitive information and confidential communications that are internal to Warburg and
5  consultants hired by Sagent and Warburg to advise Sagent strategically in response to the proposed ICE-
6  Black Knight transaction. Public disclosure of information related to Sagent's strategic response to
7  ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-
8  sensitive and confidential strategy for competing in the mortgage technology space, and would thus give
9  Sagent's competitors and customers an unfair advantage in future negotiations and transactions with
10 Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. For example, Sagent's competitors
11 could rely on this confidential information to adapt their own business models or product offerings to
12 compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in
13 serious competitive injury to Sagent.

14       29.     **DX559.** This exhibit is a confidential memorandum that contains non-public, strategically
15 sensitive information and confidential communications with consultants hired by Sagent and Warburg to
16 advise Sagent strategically in response to the proposed ICE-Black Knight transaction. Public disclosure
17 of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a
18 Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the
19 mortgage technology space, and would thus give Sagent's competitors and customers an unfair
20 advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the
21 space vis-à-vis Sagent. For example, Sagent's competitors could rely on this confidential information to
22 adapt their own business models or product offerings to compete unfairly with Sagen. Thus, public
23 disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

24       30.     **DX564.** This exhibit comprises confidential notes of a meeting held with the Federal
25 Trade Commission ("FTC") that contain non-public, sensitive information that is internal to Sagent
26 reflecting Sagent's strategy and response to the proposed ICE-Black Knight transaction and the FTC's
27 investigations into the same. Public disclosure of information related to Sagent's strategic response to
28 ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-

sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

31. **DX565.** This exhibit comprises confidential notes of a meeting held with the Federal Trade Commission ("FTC") that contain non-public, sensitive information that is internal to Sagent reflecting Sagent's strategy and response to the proposed ICE-Black Knight transaction and the FTC's investigations into the same. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

32. **DX566.** This exhibit comprises confidential notes of a meeting held with the Federal Trade Commission ("FTC") that contain non-public, sensitive information that is internal to Sagent reflecting Sagent's strategy and response to the proposed ICE-Black Knight transaction and the FTC's investigations into the same. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

33. **DX567.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent and Warburg reflecting Sagent's strategy and response to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair

1  advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the
2  space vis-à-vis Sagent. For example, Sagent's competitors could rely on this confidential information to
3  adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public
4  disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

5      34.     **DX568.** This exhibit is a confidential email that that reflects non-public, competitively
6  sensitive information contained in Warburg's and Sagent's preliminary, non-binding indication of
7  interest for a potential acquisition of Empower, including Sagent's equity composition and Sagent's
8  preliminary valuation of the Empower asset. Public disclosure of this non-public information would give
9  Sagent's competitors insight into Sagent's proprietary business operations, finances, and approach
10 toward strategic acquisitions, which competitors of Sagent could employ to their advantage. For
11 example, Sagent's competitors could rely on this confidential information to adapt their own business
12 models to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely
13 to result in serious competitive injury to Sagent.

14      35.     **DX586.** This exhibit is a confidential investment memorandum that contains non-public,
15 sensitive information related to Warburg and its investment in Sagent, including detailed financial
16 information for Sagent. Public disclosure of this non-public information would give Sagent's
17 competitors insight into Sagent's proprietary business operations, finances, and approach toward
18 strategic acquisitions, which competitors of Sagent could employ to their advantage. For example,
19 Sagent's competitors could rely on this confidential information to adapt their own business models or
20 product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public
21 information is likely to result in serious competitive injury to Sagent.

22      36.     **DX587.** This exhibit is a confidential email that contains non-public, sensitive
23 information and confidential communications revealing Warburg's analysis of and reporting on Sagent's
24 financials and performance in the marketplace. Public disclosure of this non-public information would
25 give Sagent's competitors insight into Sagent's proprietary business operations and finances, which
26 competitors of Sagent could employ to their advantage. For example, Sagent's competitors could rely on
27 this confidential information to adapt their own business models or product offerings to compete
28

unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

37.     **DX588.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications revealing Warburg's analysis of and reporting on Sagent's financials and performance in the marketplace. Public disclosure of this non-public information would give Sagent's competitors insight into Sagent's proprietary business operations and finances, which competitors of Sagent could employ to their advantage. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

38.     **DX590.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent and Sagent's Board's activities, including analysis of a Sagent Board member's interview regarding the proposed ICE-Black Knight transaction and Sagent's competition with Black Knight. Public disclosure of this non-public information would give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as strategic advantage in the marketplace vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

39.     **DX595.** This exhibit comprises confidential Sagent Board of Director meeting minutes. It contains non-public, strategic, and sensitive information that is internal to Sagent. It also discusses Sagent's current and future positions in the marketplace and strategic planning. Public disclosure of this non-public information would give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as strategic advantage in the marketplace vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

40.     **DX597.** This exhibit is a confidential email that contains non-public, strategically sensitive information and confidential communications that are internal to Sagent and consultants hired by Sagent and Warburg to advise Sagent strategically in response to the proposed ICE-Black Knight

transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

41. **DX598.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent and Warburg that discuss Sagent's strategic response to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

42. **DX610.** This exhibit is a confidential email that contains non-public, sensitive information and confidential communications that are internal to Sagent and Warburg and concern a meeting between Sagent's President and CEO and its customer about the proposed ICE-Black Knight transaction and Sagent's overall business strategy. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

43. **DX611.** This exhibit is a confidential email that contains non-public, strategically sensitive information and confidential communications that are internal to Sagent and consultants hired

1  by Sagent and Warburg to advise Sagent strategically in response to the proposed ICE-Black Knight
2  transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed
3  acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and
4  confidential strategy for competing in the mortgage technology space, and would thus give Sagent's
5  competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as
6  well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public
7  information is likely to result in serious competitive injury to Sagent.

8   44.   **DX614.** This exhibit comprises confidential text messages of Sagent's President and
9  CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business
10 strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information
11 related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent
12 competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the
13 mortgage technology space, and would thus give Sagent's competitors and customers an unfair
14 advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the
15 space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in
16 serious competitive injury to Sagent.

17  45.   **DX615.** This exhibit comprises confidential text messages of Sagent's President and
18 CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business
19 strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information
20 related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent
21 competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the
22 mortgage technology space, and would thus give Sagent's competitors and customers an unfair
23 advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the
24 space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in
25 serious competitive injury to Sagent.

26  46.   **DX616.** This exhibit comprises confidential text messages of Sagent's President and
27 CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business
28 strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information

related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

47. **DX617.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

48. **DX618.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

49. **DX619.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information

related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

50. **DX620.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

51. **DX621.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

52. **DX622.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction as well as future business opportunities involving existing Sagent investors and customers. Public disclosure of information related

to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

53. **DX623.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

54. **DX624.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

55. **DX625.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business

strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. For example, Sagent's competitors could rely on this confidential information to adapt their own business models or product offerings to compete unfairly with Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

56. **DX626.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction as well as Sagent strategy and negotiations for a potential transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

57. **DX627.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction as well as Sagent strategy and negotiations for a potential transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

58. **DX628.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business

strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

59. **DX629.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

60. **DX630.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

61. **DX631.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information

related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

62. **DX633.** This exhibit comprises confidential text messages of Sagent's President and CEO that contain non-public, sensitive information revealing Sagent's analysis of and/or business strategy with respect to the proposed ICE-Black Knight transaction. Public disclosure of information related to Sagent's strategic response to ICE's proposed acquisition of Black Knight, a Sagent competitor, would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space, and would thus give Sagent's competitors and customers an unfair advantage in future negotiations and transactions with Sagent, as well as a strategic advantage in the space vis-à-vis Sagent. Thus, public disclosure of this non-public information is likely to result in serious competitive injury to Sagent.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct

Executed on July 12, 2023, in Chicago, Illinois.



Wendy Lee