SShawn L. Raymond, *pro hac vice*
sraymond@susmangodfrey.com
Alexander L. Kaplan, *pro hac vice*
akaplan@susmangodfrey.com
Adam Carlis, *pro hac vice*
acarlis@susmangodfrey.com
Michael C. Kelso, *pro hac vice*
mkelso@susmangodfrey.com
Abigail Noebels, *pro hac vice*
anoebels@susmangodfrey.com
Alejandra C. Salinas, *pro hac vice forthcoming*
asalinas@susmangodfrey.com
Krisina J. Zuñiga, *pro hac vice*
kzuniga@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Kalpana Srinivasan, Bar No. 237460
ksrinivasan@susmangodfrey.com
Michael Gervais, Bar No. 330731
mgervais@susmangodfrey.com
Jesse-Justin Cuevas, Bar No. 307611
jcuevas@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Defendant Intercontinental Exchange, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>INTERCONTINENTAL EXCHANGE, INC., and BLACK KNIGHT, INC.,<br><br>Defendants. | Case No. 3:23-cv-01710-AMO<br><br>**DEFENDANT INTERCONTINENTAL EXCHANGE, INC.'S OPPOSITION TO NONPARTIES SAGENT M&C, LLC'S AND WARBURG PINCUS LLC'S JOINT ADMINISTRATIVE MOTION TO SEAL**<br><br>**REDACTED PUBLIC VERSION** |

## I. INTRODUCTION

Sagent M&C, LLC ("Sagent") and Warburg Pincus LLC ("Warburg") seek to seal dozens of non-confidential documents revealing their efforts as a competitor to interfere with the proposed transaction, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is no legitimate basis to seal these documents—many of which are internal text messages—as they are not confidential in any sense. Instead, they demonstrate that Sagent and Warburg executives cultivated and prepared witnesses who would "deliver the right message" to the FTC about concerns with loan origination systems ("LOSs") and product pricing engines ("PPEs"), including at least ▮▮ entities expected to appear live at the upcoming hearing, *e.g.*, DX631; lobbied Congress to encourage the FTC to challenge the transaction, *e.g.*, DX615, DX623, DX624; and expressed their belief that the ▮▮ ▮▮ of the FTC suing to block the merger was ▮▮▮▮▮▮▮▮▮▮▮▮ DX615. The documents reflecting these efforts do not contain trade secrets, competitively sensitive material, or other proprietary information that would warrant sealing. Nor do Sagent or Warburg offer "compelling reasons" to shield these documents, most of which reflect dealings with third parties.

This evidence is relevant to the bias of certain witnesses and undermining any purported concerns by Sagent and Warburg, given that such concerns were motivated by a *competitor's* efforts to advance its own interests, rather than any legitimate concerns about the merger itself. This record makes clear that Sagent and its private equity backer Warburg have sought to make Sagent a more attractive mortgage servicing asset—in a market that is not at issue in the FTC's complaint—by drumming up concerns with LOSs and PPEs in an effort to prevent ICE from buying BK ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Against this backdrop, there is no basis to seal the Sagent and Warburg materials or require that the courtroom be sealed when such materials are presented or referenced. ICE thus respectfully asks the Court to deny Sagent's and Warburg's motion to seal as to the non-confidential documents and excerpts of testimony described on the attached **Exhibit A**.

## II. LEGAL STANDARD

Local Rule 79-5(c)(1) requires a movant seeking to seal court records to show: "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." The movant bears the burden of demonstrating "compelling reasons" to overcome the strong presumption in favor of access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Embarrassment, incrimination," or "exposure to further litigation" are not "compelling reasons." *Roley v. Google LLC*, No. 18-cv-07537, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (citation omitted). Rather, appropriate cases for sealing typically involve trade secrets, competitively sensitive information, or other proprietary business information that would cause the movant competitive harm. *See, e.g.*, *Welle v. Provident Life & Accident Ins. Co.*, No. 12-cv-3016, 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013). Conclusory assertions that a document is confidential, without explanation of "how a competitor would use th[e] information to obtain an unfair advantage," do not suffice. *Hodges v. Apple Inc.*, No. 13-cv-01128, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (citation omitted).

Even if a party articulates compelling reasons to seal, the court "'must then conscientiously balance' that interest against the public's right of access." *Velasco v. Chrysler Grp. LLC*, No. 13-cv-08080, 2017 WL 445241, at *3 (C.D. Cal. Jan. 30, 2017) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)). Where, as here, the records relate to the inner workings of a government investigation and proceeding, rather than an effort to protect sensitive business information, the public's right of access is particularly strong. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978) (noting public interest "in the citizen's desire to keep a watchful eye on the workings of public agencies").

## III. ARGUMENT

### A. No Legitimate Private Interest Warrants Sealing.

Sagent and Warburg argue that disclosure of each of the documents identified in Exhibit A "would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space." *See, e.g.*, Lee Decl. at 5–6. Not so. The documents that Sagent and

Warburg seek to shield from public view are not financial models, strategic plans, proprietary data, technical information, or other competitively sensitive information (*e.g.*, product pricing and customer information)—the types of documents that often warrant sealing treatment. *See* Sagent/Warburg Mot. at 3 (citing *Velasco*, 2017 WL 445241, at *3 (sealing appropriate for "paradigmatic trade secrets," "technical solutions," and "engineering documents")). Far from it. Instead, the documents on Exhibit A consist of the following three categories of non-confidential material:

*Communications about the transaction and the FTC's investigation, and summaries of the same.* Sagent and Warburg seek to seal communications between Sagent CEO Dan Sogorka and the CEO of a different company in the mortgage space (███████████) setting up a call on the day of ███ meeting with the FTC to ███████████ DX629, and suggesting that they ███████████████████████████████ DX630. An employee of ███ who indirectly reports to ███ was ███████████████ ███████████████ The documents also show Sagent suggesting that the FTC contact ███ (which has a board member who also sits on the board of Sagent). ███ kept Sagent apprised of its conversations with the FTC. DX619, DX598. And ███ is now one of the FTC's witnesses. There is likewise no justification for sealing Sagent's and Warburg's summaries of their meetings with the FTC. *See* DX566.

*Texts and emails showing Sagent and Warburg executives engineering evidence to impede the transaction.* Numerous documents on Exhibit A discuss ███████—the code name Sagent and Warburg executives used for their efforts to ██████ ███████████████████████████████████████████████████████ ███ to oppose the transaction. *E.g.*, DX597, DX559, DX557. The texts and emails also state Sagent's and Warburg's unvarnished view that ███████████████. *E.g.*, DX615. None of these texts or emails reveal a Sagent or Warburg business strategy, much less a confidential one.

*Sagent's efforts to manipulate the sales process for Empower.* When Sagent and Warburg learned of the Empower divestiture, ███████████████████████

1 ████████████████████████████████████████████████████████████████ DX568.
2 At the same time, they noted internally that their intention was to ████████████
3 ████████████████████ DX628. When the media did not immediately report ████████
4 ████████████████████████████████████████████████████████████████████████████
5 ████████████████████████████████████ DX618.
6       These tactical, third-party dealings do not reveal proprietary business strategy and are not
7 confidential. Indeed, none of the cases cited by Sagent and Warburg have sealed similar content.
8 And even if Sagent and Warburg had a credible private interest to justify sealing—which they
9 do not—it would be outweighed by the stronger public interest in ensuring transparency. *See*
10 *Nixon*, 435 U.S. at 597–98. The public has a right to know the extent of Sagent's and Warburg's
11 interference with the proposed transaction and involvement in the resulting investigation. For
12 example, the public has a right to know that a competitor and its private equity owner curated
13 and offered evidence to the FTC and choreographed witnesses' (such as ███████████████,
14 both on the FTC's witness list) interactions with the FTC.
15       Finally, Sagent's and Warburg's suggestion that their right to sealing is enhanced because
16 they "did not voluntarily put [their information] at issue in this litigation" (Sagent/Warburg Mot.
17 at 4) is unpersuasive if not ironic. Sagent and Warburg offered information to the FTC and met
18 with the FTC at ████████████████████████████████████████. Indeed, these meetings were
19 so frequent that a Sagent executive commented, ██████████████████████████████████████
20 ███████████████ DX620. Having inserted themselves into these proceedings behind the scenes,
21 they cannot now depict themselves as passive nonparties who should have their non-confidential
22 conduct shielded from public view.
23     **B.**    **Sagent and Warburg Have Not Demonstrated Injury if Sealing Is Denied.**
24       Sagent and Warburg argue that disclosure of the documents in Exhibit A would "result
25 in a clearly defined, serious injury to Sagent," Lee Decl. at 2—harm to Sagent's and Warburg's
26 claimed "competitive standing." Sagent/Warburg Mot. at 4. But a movant must do more than
27 lodge conclusory assertions of harm. *See, e.g.*, Velasco, 2017 WL 445241, at *3. Absent from
28 the submission is any explanation for how revelations about ████████████████████████████

1 ████████████████████████████████████████████████████████ would threaten their
2 proprietary "business and financial strategies." See Sagent/Warburg Mot. at 4 (citing *Bauer Bros.*
3 *LLC v. Nike, Inc.*, No. 09-cv-500, 2012 WL 1899838, at *2, *4 (S.D. Cal. May 24, 2012) (seeking
4 sealing of "sales and retailer data, product development plans, [and] unused prototypes" because
5 the movant explained that this information—unlike the materials on Exhibit A—could be used
6 by competitors to "replicate [the company's] business practices")).

7     **C.**     **Less Restrictive Alternatives Are Available.**

8     Rather than seal the records in Exhibit A in full and require the sealing of the courtroom
9 throughout the evidentiary hearing, personal information such as cell phone numbers or email
10 addresses could be redacted to protect sensitive information while preserving public access. *See,*
11 *e.g.*, *Ponomarenko v. Shapiro*, No. 16-cv-02763, 2017 WL 3605226, at *3 (N.D. Cal. Aug. 21,
12 2017). ICE has no objection to such redactions.

13 **IV.**     **CONCLUSION**

14     "Embarrassment" is not a valid basis to withhold documents from public viewing. *Roley*,
15 2020 WL 13517498, at *1. There are certainly good reasons for Sagent and Warburg executives
16 to be embarrassed by the content of these documents, but that is not a reason to seal them from
17 public view. *E.g.*, DX623, DX624 (disparaging a senior member of Congress after influencing
18 her to send a letter on their behalf). Greed is what motivated the Sagent and Warburg scheme in
19 the hope that preventing the transaction ████████████████████████████████████████
20 ████████████████████████████████████ DX617. These unfortunate facts are
21 inextricably intertwined with this case. For the foregoing reasons, the motion should be denied
22 for those documents and portions of testimony included in Exhibit A.

| | | |
|---|---|---|
| 1 | Dated: July 17, 2023 | SUSMAN GODFREY L.L.P. |
| 2 | | By: */s/ Kalpana Srinivasan* |
| 3 | | Kalpana Srinivasan |

Kalpana Srinivasan, Bar No. 237460
ksrinivasan@susmangodfrey.com
Michael Gervais, Bar No. 330731
mgervais@susmangodfrey.com
Jesse-Justin Cuevas, Bar No. 307611
jcuevas@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Shawn L. Raymond, *pro hac vice*
sraymond@susmangodfrey.com
Alexander L. Kaplan, *pro hac vice*
akaplan@susmangodfrey.com
Adam Carlis, *pro hac vice*
acarlis@susmangodfrey.com
Michael C. Kelso, *pro hac vice*
mkelso@susmangodfrey.com
Abigail Noebels, *pro hac vice*
anoebels@susmangodfrey.com
Alejandra C. Salinas, *pro hac vice forthcoming*
asalinas@susmangodfrey.com
Krisina J. Zuñiga, *pro hac vice*
kzuniga@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Defendant
Intercontinental Exchange, Inc.*

6

Case No. 3:23-cv-01710-AMO
DEFENDANTS' OPPOSITION TO NONPARTIES SAGENT M&C, LLC'S AND WARBURG PINCUS LLC's
JOINT ADMINISTRATIVE MOTION TO SEAL

**Proof of Service**

I, Kalpana Srinivasan, hereby certify that on July 17, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

Dated: July 17, 2023                    By:  */s/ Kalpana Srinivasan*

                                                 Kalpana Srinivasan
                                                 SUSMAN GODFREY L.L.P.

                                                 *Attorney for Defendant*
                                                 *Intercontinental Exchange, Inc.*

7

Case No. 3:23-cv-01710-AMO
DEFENDANTS' OPPOSITION TO NONPARTIES SAGENT M&C, LLC'S AND WARBURG PINCUS LLC's JOINT ADMINISTRATIVE MOTION TO SEAL