Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:   (310) 552-4200
Facsimile:   (310) 552-5900

Matthew B. Summers (SBN 311324)
matthew.summers@kirkland.com
KIRKLAND & ELLIS LLP
555 S. Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500

*Attorneys for Nonparties Sagent M&C, LLC and Warburg Pincus LLC*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>INTERCONTINENTAL EXCHANGE, INC.,<br><br>and<br><br>BLACK KNIGHT, INC.,<br><br>        Defendants. | Case No. 3:23-CV-01710-AMO<br><br>**NONPARTIES SAGENT M&C, LLC'S AND WARBURG PINCUS LLC'S JOINT STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS INFORMATION FILED BY DEFENDANT PROVISIONALLY UNDER SEAL**<br><br>Judge:       Hon. Araceli Martinez-Olgun<br>Courtroom:   10, 19th Floor |

## I.       INTRODUCTION

Pursuant to Local Rule 79-5(f)(3), nonparties Sagent M&C, LLC ("Sagent") and Warburg Pincus LLC ("Warburg" and, together with Sagent, "Nonparties") respectfully submit this statement in support of their request that this Court maintain under seal Nonparties' confidential and sensitive business information contained in Defendant Intercontinental Exchange, Inc.'s ("ICE") Opposition to Nonparties' Joint Administrative Motion to Seal Pursuant to Local Rule 79-5 (the "Opposition") (ECF No. 273). The Opposition—which notably appears to be the only opposition ICE filed in response to the 29 motions to seal filed on July 11 and July 12 in this proceeding—contains Nonparties' confidential and competitively sensitive business information. The Opposition also contains much of the same confidential information that was subject to Nonparties' motion to seal in the parallel administrative proceeding, but oddly enough, unlike here, ICE confirmed in writing that it did not oppose that motion. Nonparties' confidential information should remain redacted on the public record, and the exhibits underlying that information should be kept under seal, including Exhibit A attached to the Opposition.

Nonparties' confidential and competitively sensitive material should remain under seal because public disclosure of such material would result in competitive harm to Sagent, which competes with Black Knight, as well as Warburg, Sagent's private equity sponsor. For the reasons stated below, and those set forth in the Declarations of Wendy Lee and Sarahi Constantine Padilla dated July 12, 2023 (Dkt No. 250-1; 2), which are fully incorporated herein, Nonparties request that the Court maintain Nonparties' confidential business information under seal. At a minimum, pursuant to Local Rule 79-5(g)(2), Nonparties respectfully request that the Court exercise its discretion to keep Nonparties' confidential information under seal unless and until it determines that it must consider such information.

## II.      RELEVANT BACKGROUND

On July 12, 2023, Nonparties filed a Joint Administrative Motion to Seal Pursuant to Local Rule 79-5 (the "Motion") moving to seal confidential and competitively sensitive business information contained in exhibits that ICE and the Federal Trade Commission ("FTC") noticed for possible use in the upcoming evidentiary hearing (Dkt No. 250). In support of the Motion, Nonparties submitted

detailed declarations from Sagent's Chief Legal Officer, Wendy Lee, and Warburg's Senior Counsel, Sarahi Constantine Padilla, that explained on a document-by-document and line-by-line basis the sensitive information contained in the exhibits subject to the Motion and the competitive harm that Nonparties would suffer if their confidential business information were publicly disclosed (Dkt No. 250-1; 2).

In addition to the Motion, 28 other motions to seal were filed in this proceeding on July 11 and July 12. *See*, *generally*, Docket for Case No. 3:23-CV-01710-AMO. The vast majority of those motions to seal were filed by nonparties to this proceeding. The Opposition, in which ICE makes several unnecessary personal attacks on Sagent and Warburg executives, appears to be the ***only*** opposition filed in response to the 29 motions to seal. *See id*.

Notably, in addition to filing the Motion in this proceeding, Nonparties also filed a motion to seal in the parallel administrative proceeding that sought to keep under seal many of the ***same*** exhibits that are the subject of ICE's Opposition. Prior to filing the motion to seal in the administrative proceeding Nonparties met and conferred with ICE's counsel, who confirmed in writing that ICE did ***not intend to oppose*** the motion to seal. *See* Ex. 1, Jun. 26, 2023 Email from R. Warren. True to its word, ICE never opposed Nonparties' request to seal many of the same documents and testimony in the administrative proceeding that ICE now vigorously opposes in this proceeding.

### III.   LEGAL STANDARD

Granting a motion to seal is appropriate where a party shows that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Where the information, if publicly disclosed, would cause competitive harm sealing is particularly appropriate. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013) ("While protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest"). That is why the Court has "broad latitude" to grant a motion to seal in order to prevent the disclosure of "many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen.*

*Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis original); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (stating that "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court'") (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

## IV.   ARGUMENT

### A.   Nonparties' Confidential Information Should Remain Under Seal.

As demonstrated in the Motion and the Declarations concurrently filed therewith, the redacted information in the Opposition and the exhibits underlying that information would, if publicly disclosed, result in severe competitive harm to Sagent and Warburg. The Opposition seemingly purports to argue that because this information relates to Nonparties' response to ICE's proposed acquisition of Black Knight, a transaction that involves one of Sagent's competitors, it cannot be confidential. That argument is unsupported by the law and, in fact, supports keeping Nonparties' information under seal.

"Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened." *Scherer v. FCA US, LLC*, 2022 WL 11381676, at *2 (S.D. Cal. Oct. 19, 2022); *see also In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"). That is why courts "must remain mindful of the parties' right to access [the] courts upon terms which will not unduly harm their competitive interest." *Apple*, 727 F. 3d at 1228-29.

It is hard to envision something more harmful to Nonparties' competitive standing and interest than the disclosure of their detailed, internal strategy in response to a proposed acquisition of one of Sagent's competitors, Black Knight. As explained in the Declaration of Wendy Lee, public disclosure of confidential information about Sagent's response to the proposed ICE-Black Knight transaction "would reveal Sagent's highly-sensitive and confidential strategy for competing in the mortgage technology space" and thus give competitors a "strategic advantage in the space vis-à-vis Sagent." *See, e.g.*, ECF No. 250-2 (Decl. of W. Lee) at ¶¶ 20, 28, 40. And as explained in the Declaration of Sarahi Constantine Padilla, public disclosure of confidential information about Warburg's response to

the proposed ICE-Black Knight transaction "would give Warburg's competitors insight into Warburg's confidential portfolio planning, investment and exit strategies, and strategic management of its portfolio companies." *See*, *e.g.*, ECF No. 250-1 (Decl. of S. Padilla) at ¶¶ 25, 37, 41. ICE's conclusory arguments that this information is not confidential cannot overcome these sworn Declarations from senior executives at Sagent and Warburg.

ICE contends that "most" of the communications for which Nonparties seek to seal "reflect non-confidential dealings with third parties." ECF No. 274 at 2:13; *see also* ECF No. 273 at 1:15. Even if true, which it is not,[1] it is irrelevant. That Sagent's customers and Board Members shared Nonparties' legitimate concerns about the effects of the ICE-Black Knight transactions does not make communications between these parties discussing possible strategic moves the parties could make to better compete against the combined ICE-Black Knight entity non-confidential or not competitively harmful if disclosed. And ICE's assertion that Nonparties seek to seal the "myriad of other interactions Sagent and Warburg had with third parties and the FTC," ECF No. 273 at 4:28-5:1, is not true. Nonparties did not seek to seal *any* of its communications with the FTC or other governmental entities discussing the proposed ICE-Black Knight transaction or Nonparties' legitimate concerns related thereto. ICE's argument that Nonparties' showing of compelling reasons to seal are outweighed because the "public has a right to know the extent of Sagent's and Warburg's interference with the proposed transaction and involvement in the resulting investigation," ECF No. 273 at 4:10-11, fails to account for the fact that all of Nonparties' communications with the FTC, and deposition testimony related thereto, will be part of the public hearing.

Finally, public disclosure of certain portions of Nonparties' non-binding letter of interest to purchase Black Knight's Empower asset,[2] and Nonparties' internal communications regarding their strategy for the same, would cause competitive harm because they detail Nonparties' strategy related

---

[1] Even ICE admits that "many" of the documents for which Nonparties moved to seal are "internal." *See* ECF No. 273 at 1:5-6.

[2] As demonstrated in the Proposed Order filed concurrently with the Motion, Nonparties are only moving to seal the portions of the non-binding letter of interest that contain competitively-sensitive information. ECF No. 250-3 (Proposed Order) at 1–2; nn. 1–3.

to potential acquisitions of mortgage software technology. *See*, *e.g.*, ECF No. No. 250-2 (Decl. of W. Lee) at ¶¶ 17, 19, 21, 35; ECF No. 250-1 (Decl. of S. Padilla) at ¶¶ 21–23, 30. As demonstrated in the documents produced to ICE in the administrative proceeding and the deposition testimony of Nonparties' corporate witnesses, strategic acquisitions are a core part of Nonparties' respective businesses and competitive strategy. And regardless of ICE's unsupported arguments regarding Nonparties' motivations for sending the letter of interest—arguments that are contradicted by the sworn testimony of Nonparties' corporate representatives—the issue before the Court is not why Nonparties sent the confidential communications, but whether compelling reasons exist to maintain the confidential communications under seal. There are because, as noted above, Nonparties narrowly tailored their motion to only those portions of the letter of interest that contain confidential information. *See* ECF No. 250-3 (Proposed Order) at 1–2; nn. 1–3. Nonparties did not move to seal, for example, the cover email transmitting the letter of interest to the entity handling the sale. *See id*.

It is telling that ICE singled out for opposition Nonparties' Motion among the dozens of other motions to seal filed in this proceeding, especially given ICE confirmed in writing that it would not oppose Nonparties' motion to seal many of these same documents in the administrative proceeding. The courts should not be used to "gratify private spite" between competitors, and courts should not allow their proceedings to be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F. 3d at 1097 (internal quotations omitted). After agreeing not to oppose Nonparties' motion to seal in the administrative proceeding, and having not challenged a single other motion to seal in this proceeding, it seems unfortunately clear that ICE's Opposition is just an effort to personally attack the character of a Black Knight competitor, all because Nonparties raised their reasonable and legitimate concerns about the potential negative effects of the proposed transaction.

V.   **CONCLUSION**

For the foregoing reasons, and those set forth in the Motion and the Declarations of Wendy Lee and Sarahi Constantine Padilla incorporated fully herein, Sagent and Warburg respectfully request that this Court keep their confidential and sensitive business information under seal.

| | | |
|---|---|---|
| 1 | DATED: July 24, 2023 | Respectfully submitted, |
| 2 | | KIRKLAND & ELLIS LLP |
| 4 | | /s/ Tammy A. Tsoumas |
| | | Tammy A. Tsoumas (SBN 250487) |
| 5 | | *Attorney for Third Parties* |
| 6 | | *Sagent M&C, LLC and Warburg Pincus LLC* |

**CERTIFICATE OF SERVICE**

On July 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and Civ. L.R. 5-1 have been so served.

                */s/ Tammy A. Tsoumas*
                Tammy A. Tsoumas