STEVEN ALBERTSON (*pro hac vice*)
FENWICK & WEST LLP
733 10th Street, NW
Suite 400
Washington, D.C. 20001
Telephone:     (202) 970-3000
salbertson@fenwick.com

ERICA R. SUTTER (CSB No. 309182)
FENWICK & WEST LLP
902 Broadway, Suite 18
New York, NY  10010
Telephone:     (212) 430-2600
esutter@fenwick.com

*Attorneys for Non-Party PollyEx, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 3:23-CV-01710-AMO |
| Plaintiff, | **NON-PARTY POLLYEX, INC.'S SUPPLEMENTAL ADMINISTRATIVE MOTION SEEKING *IN CAMERA* TREATMENT OF CERTAIN EXHIBITS PURSUANT TO LOCAL RULE 7-11** |
| v. | |
| INTERCONTINENTAL EXCHANGE, INC., and BLACK KNIGHT, INC., | |
| Defendants. | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Pursuant to Civil Local Rule 7-11 and the Amended Scheduling Order in this case (ECF No. 278), Non-Party PollyEx, Inc. ("Polly"), respectfully requests that the Court seal from public disclosure and permit *in camera* treatment of Polly's highly confidential documents that have been identified by Defendants Intercontinental Exchange, Inc. ("ICE") and Black Knight, Inc. ("Black Knight" and, together with ICE, "Defendants") as exhibits.

On July 12, 2023, Polly submitted a Motion Seeking *In Camera* Treatment of Certain Exhibits, Deposition Testimony, and Live Testimony Pursuant to Local Rule 7-11 (ECF No. 235) ("Polly's First Motion") in accordance with the Scheduling Order that was effective in this case at that time (ECF No. 118, as amended by ECF No. 163). On July 14, 2023, following Polly's submission, counsel for ICE informed Polly that Defendants, intended to offer as evidence 10 additional documents designated by Polly as "Confidential" and subject to the Protective Order in this case (ECF No. 137)[1] ("Defendants' Second Notice Letter"). None of these documents were previously identified by Defendants in their previous notification letter dated July 7, 2023 ("Defendants' First Notice Letter"), although four documents were identified in a similar notice letter from Plaintiff Federal Trade Commission and therefore included in Polly's First Motion.

The present request is consistent with Polly's First Motion, Polly's Statement in Support of Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 132), Polly's Statement in Support of Defendants' Joint Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Local Rule 79-5(f) (ECF No. 156), and documents filed in support thereof.

The additional material that Polly seeks to maintain under seal (the "Supplemental Exhibits") is identified below:

---

[1] The materials at issue in this Motion were designated by Polly as "Confidential" subject to the Protective Order Governing Confidential Materials under Commission Rule 3.31(d) in *In the Matter of Intercontinental Exchange, Inc. and Black Knight, Inc.*, before the United States of America Federal Trade Commission Office of Administrative Law Judges, Docket No. 9413 (the "Administrative Proceeding"), and are therefore "Confidential" under the Protective Order in this action as well. *See* ECF No. 137 at 2.3

| Materials to be Sealed | Party Seeking Admission | Basis for Sealing and *In Camera* Treatment |
|---|---|---|
| DX 696 | Defendants | This is confidential and competitively sensitive correspondence including details of Polly's relationship with a key Polly partner, dated September 7, 2020.  Other than its recipient partner, Polly has not shared this information outside of the company, and it is kept confidential within the company.  Disclosure of this information could disrupt and impair Polly's relationships with this and its other partners and its customers, and provide an unfair advantage to Polly's competitors. |
| DX 697 | Defendants | This is confidential and competitively sensitive correspondence including details of relationship and strategic plans with a key Polly partner, dated September 21, 2020.  Polly does not share information regarding such strategic actions and plans widely within Polly, and its distribution outside the company is limited to the receiving Polly partner.  Disclosure of this correspondence could seriously impair Polly's business relationships with its partners going forward. |
| DX 698 | Defendants | This is a non-final draft investment bank presentation which is subject to a non-disclosure agreement and contains and utilizes confidential details of Polly's business strategy, revenues, forecasted growth, key customers, product operation details, internal market and competitive assessments, dated November 17, 2021.  Polly has not shared this information outside of the company, and it is kept confidential within the company.  Disclosure of this confidential presentation would provide Polly's competitors with an unfair advantage, and could impair Polly's ability to attract investment. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

NON-PARTY POLLYEX, INC.'S
SUPPLEMENTAL ADMINISTRATIVE
MOTION SEEKING *IN CAMERA*
TREATMENT

3

Case No.: 3:23-CV-01710-AMO

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Materials to be Sealed | Party Seeking Admission | Basis for Sealing and *In Camera* Treatment |
|---|---|---|
| DX 699 | Defendants | This is confidential and competitively sensitive email correspondence dated September 29, 2021 involving Polly's funding and corporate strategy, and its relationship with a key strategic partner.  Other than its recipient partner, Polly has not shared this information outside of the company, and it is kept confidential within the company.  Public disclosure of this sensitive negotiation could disrupt and impair Polly's ability to attract investment, and its relationships with other partners. |
| DX 702 | Defendants | This is competitively sensitive correspondence related to Polly's strategic relationship with one of its key partners, and sensitive information related to Polly's fundraising, including confidential and competitively sensitive information related to Polly's business model, sales, revenues, technology, and strategy, dated November 2, 2021.  Other than its recipient partner, Polly has not shared this information outside of the company, and it is kept confidential within the company.  Public disclosure of this sensitive negotiation could disrupt and impair Polly's ability to attract investment, and its relationships with other partners. |
| DX704 | Defendants | This is Polly's Board of Director materials containing confidential and competitively sensitive details regarding product plans and strategy, customer and business operations strategy and tactics, sales details and projections, customer relationships, intellectual property and personnel issues, and sensitive funding and corporate structure details, dated July 21, 2021.  Polly has not shared this information outside of the company, and it is kept confidential within the company.  Disclosure of this confidential presentation would provide Polly's competitors with an unfair advantage, and could impair Polly's ability to attract investment. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   Like the materials identified in Polly's First Motion, the above-identified Supplemental

2   Exhibits similarly include or pertain to Polly's confidential business strategies and communications

3   made in confidence.  For the same reasons discussed in Polly's First Motion, as well as those in the

4   Declaration of Steven Albertson (attached hereto as Exhibit A) ("Albertson Decl.") and the

5   Declaration of Ryan Hoffman in Support of Non-Party PollyEx, Inc.'s Motion for *In Camera*

6   Treatment of Certain Exhibits (Albertson Decl., Attach. A) ("Hoffman ALJ Decl."), the

7   Supplemental Exhibits should remain sealed in this matter.[2]  *See, e.g.*, *Phillips ex rel. Estates of*

8   *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (explaining that courts have "broad

9   latitude . . . to prevent disclosure of materials for many types of information, including, but not

10  limited to, trade secrets or other confidential research, development, or commercial information.").

11  The Supplemental Exhibits reveal highly confidential information pertaining to Polly's

12  business plans or are sensitive communications made in confidence only between Polly and the

13  receiving party.  *See* Albertson Decl. at ¶ 3; Hoffman ALJ Decl. ¶¶ 10, 12, 16, 18, 21, 23.

14  Disclosure of the information in the Supplemental Exhibits would cause Polly irreparable harm,

15  including harm to Polly's competitive standing.  *See* Albertson Decl. at ¶ 3; Hoffman ALJ Decl. at

16  Hoffman ALJ Decl. ¶¶ 10, 12, 16, 18, 21, 23.  Accordingly, any public interest in disclosure of the

17  limited confidential information is outweighed by the prejudice caused to Polly.  *See Ctr. for Auto*

18  *Safety v. Chrysler Group LLC*, 809 F.3d 1092 at 1097, (9th Cir. 2016).  Courts in this district

19  routinely seal such third-party confidential information.  *See, e.g.*, *FTC v. Meta Platforms, Inc.*, No.

20  22-CV-04325-EJD (N.D. Cal. Dec. 5, 2022) (ECF No. 418); *Plexxikon Inc. v. Novartis Pharm*

21  *Corp.*, No. 17-CV-04405-HSG, 2022 WL 1131725 (N.D Cal. Mar. 31, 2022); *see also United*

22  *States v. Bazaarvoice, Inc.*, No. 13-CV-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan.

23  21, 2014) (sealing third-party material that contained "competitive information that could cause

24

25  [2] Defendants also notified Polly that they intend to introduce into evidence DX 701, DX 703, DX
    706, and DX 707.  These exhibits correspond to PX 3181, PX 3100, PX 3148, and PX 3159,
26  respectively.  Albertson Decl. at ¶¶ 10, 12, 14-15.  These exhibits were previously discussed in
    Polly's First Motion and the accompanying declaration of Ryan Hoffman.  Polly therefore does not
27  address them again in this Motion but maintains its request that these materials remain under seal
    for the reasons discussed in Polly's First Motion.

28  NON-PARTY POLLYEX, INC.'S
    SUPPLEMENTAL ADMINISTRATIVE
    MOTION SEEKING *IN CAMERA*
    TREATMENT

Case No.: 3:3-CV-01710-AMO

damage to the third parties if made public" and "third parties did not voluntarily put it at issue in this litigation").  Additionally, there are no less restrictive alternatives to sealing the information contained in the Supplemental Exhibits.

For the foregoing reasons, Polly respectfully requests that the Court seal the Supplemental Exhibits.

Dated: August 4, 2023                          FENWICK & WEST LLP


                                               By: /s/ *Erica R. Sutter*
                                                   Erica R. Sutter

                                                   Steven Albertson (*pro hac vice*)
                                                   FENWICK & WEST LLP
                                                   733 10th Street, NW
                                                   Suite 400
                                                   Washington, D.C. 20001
                                                   salbertson@fenwick.com
                                                   (202) 970-3000

                                                   Erica R. Sutter (CSB No. 309182)
                                                   FENWICK & WEST LLP
                                                   902 Broadway, Suite 18
                                                   New York, NY 10010
                                                   esutter@fenwick.com
                                                   (212) 430-2600

                                                   *Attorney for Non-Party*
                                                   *PollyEx, Inc.*

**PROOF OF SERVICE**

I, Erica R. Sutter, hereby certify that on August 4, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

Dated: August 4, 2023

By: */s/ Erica R. Sutter*
      Erica R. Sutter

NON-PARTY POLLYEX, INC.'S
SUPPLEMENTAL ADMINISTRATIVE
MOTION SEEKING *IN CAMERA*
TREATMENT

Case No.: 3:23-CV-01710-AMO

7